United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

Woody Anglade
Counsel for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BE&K ENGINEERING COMPANY (SUBSIDIARY OF BE & K, INC.), <br><br> Defendants. | CIVIL ACTION NO. <br><br> COMPLAINT <br> JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Juan Perez who was adversely affected by such practices. As alleged with greater particularity in Paragraph 7 below, the Commission alleges that Defendant, BE & K Engineering Company (Subsidiary of BE & K, Inc.), discriminated against Mr. Perez, based on his age, then age fifty-four (54), when he was terminated from his Senior Process Engineer position, despite Defendant recently hiring a significantly younger and less qualified Engineer. As a result of the alleged discrimination, Mr. Perez suffered income and backpay losses.

1

## JURISDICTION AND VENUE

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware.

## PARTIES

3.Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.At all relevant times, Defendant, BE & K Engineering Company, (Subsidiary of BE & K, Inc.) (the "Employer" or "BE & K"), has continuously been doing business in the State of Delaware and the City of Newark, and has continuously had at least 20 employees.

5.At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.    Since at least 2003, the Defendant Employer has engaged in unlawful employment practices by unlawfully subjecting Juan Perez to disparate treatment based upon his age, then age fifty-four (54), in violation of Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b). The unlawful employment practices include, but are not limited to, the following:

(a)    In or about February 1993, Mr. Perez began working for Defendant as a Lead Engineer. At that time, he had earned his Bachelor's Degree in Engineering in 1975 and had extensive years of experience as an Engineer. Later that year, he began working for a Refining Company as a Senior Process Engineer. In 1997, he went to work for another Refining Company as a Senior Process Engineer.

(b)    In or about 1999, Mr. Perez returned to Defendant, BE & K, and began working as a Senior Process Engineer.

(c)    At all relevant times during his employment with Defendant, Mr. Perez received good performance evaluations and never received any disciplinary actions.

(d)    In January 2003, Mr. Perez was informed by his Manager that the work load was slow, and the work outlook "looked pessimistic." However, Juan Perez continued to work as

requested.

(e)     In July 2003, Mr. Perez noticed that Defendant hired a less qualified and significantly younger recent college graduate, age twenty-two (22), to a less Senior Engineer 2 position. Defendant told the young college graduate upon his hire, that BE & K was looking to hire younger Engineers.

(f)     On or about November 21, 2003, Mr. Perez was laid off. He was fifty-four (54) years old at the time. Defendant subsequently discharged four (4) other Engineers, all ranging in age from 41-64.

(g)     Juan Perez immediately questioned his termination and the hiring of the younger and less qualified college graduate with his Manager, given that Mr. Perez was told that the workload was slow and he could have been retained. The Manager responded that Defendant "needed to start hiring younger people to rejuvenate the workforce."

(h)     At the time of Mr. Perez's termination, he had almost thirty (30) years of experience as an Engineer and was widely respected by his colleagues for his work.

(8)     The effect of the practices complained of in paragraph 7(a)-(h) above have been to deprive Juan Perez of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

(9)     The unlawful employment practices complained of in paragraphs 7(a)-(h) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors,

assigns and all persons in active concert or participation with it, from engaging in discrimination based on age, and any other employment practices which discriminate based on age and because of protected activity.

B.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make Juan Perez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place reinstatement of Juan Perez, or frontpay, in lieu thereof, if reinstatement is not feasible.

D.  Order Defendant Employer to pay Juan Perez liquidated damages for its willful conduct described in paragraph 7(a)-(h) above, in amounts to be determined at trial.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Jacqueline H. McNair (1908)*
JACQUELINE H. MCNAIR
Regional Attorney

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*/s/ Woody Anglade*
WOODY ANGLADE
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2814 (PHONE)
(215) 440-2848 (FAX)

COLM F. CONNOLLY
United States Attorney

_____
RUDOLPH CONTRERAS
Chief, Civil Division
Assistant United States Attorney
1007 Orange Street
Suite 700
Post Office Box 2046
Wilmington, DE 19899-2046
(302) 573-6277