IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | C.A. No. 1:05-cv-00697-SLR |
| BE&K ENGINEERING COMPANY (SUBSIDIARY OF BE & K, INC.), | ) ) ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

### ANSWER TO COMPLAINT

Defendant, by and through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### NATURE OF THE ACTION

This allegation states a legal conclusion as to which no response is required. By way of further answer, the allegation is denied as stated.

### JURISDICTION AND VENUE

1. This allegation states a legal conclusion as to which no response is required.

2. This allegation states a legal conclusion as to which no response is required. By way of further answer, denied.

### PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

## CONCILIATION

6. Admitted insofar that both parties engaged in a voluntary conciliation program prior to the initiation of this lawsuit.

## STATEMENT OF CLAIMS

7. Denied.

(a) Defendant is without sufficient information to form a belief as to the truth or falsity of this allegation.

(b) Admitted that Mr. Perez began his employment with Defendant in March, 2000.

(c) Denied. By way of further answer, Mr. Perez received ratings of "average" on his performance evaluations.

(d) Admitted insofar as Defendant experienced an economic downturn in early 2003 and that Mr. Perez remained employed during this time.

(e) Admitted that a new employee was hired for the position of Engineer II. By way of further answer, the position of Engineer II required different qualifications and experience than the position held by Mr. Perez, Senior Engineer. Otherwise denied.

(f) Admitted insofar as Plaintiff was laid off on or about November 21, 2003. By way of further answer, other employees over age 40 were also laid off in or around this time.

(g) Denied.

(h) Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

8. Denied.

9. This allegation states a legal conclusion as to which no response is required. Insofar as a response is required, the allegation is denied.

## PRAYER FOR RELIEF

10. Admitted that Plaintiff has requested the Court to provide the various types of relief listed in Plaintiff's Prayer for Relief

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

11. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

12. Plaintiff's claims are barred in whole or in part by his failure to exhaust all available statutory, administrative, or contractual remedies and/or other applicable federal or state statutes of limitation, jurisdiction, and/or administrative requirements.

### Third Affirmative Defense

13. Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

### Fourth Affirmative Defense

14. Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

### Fifth Affirmative Defense

15. Plaintiff has waived or is estopped from asserting his claims.

### Sixth Affirmative Defense

16. Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

### Seventh Affirmative Defense

17. Defendant is insulated from liability for alleged discrimination to the extent that such claims are raised in this case because Defendant adopted and enforced an anti-discrimination policy, and Defendants neither knew nor had any reason to know of the alleged acts or omissions complained of in this case.

### Eighth Affirmative Defense

18. Plaintiff's discrimination claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ [signature]*
Teresa A. Cheek, Esquire (No. 2657)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendant

Dated: November 2, 2005

# CERTIFICATE OF SERVICE

I hereby certify that on **November 2, 2005**, I electronically filed a true and correct copy of **Answer to Complaint** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Colm F. Connolly, United States Attorney
>Rudolph Contreras, Chief, Civil Division
>Assistant United States Attorney
>1007 Orange Street
>Suite 700
>Wilmington, DE  19899-2046

I further certify that on **November 2, 2005**, I served **Answer to Complaint** of the following non-registered participants in the manner indicated below:

### By First Class Mail

>Woody Anglade
>Trial Attorney
>Equal Employment Opportunity Commission
>Philadelphia District Office
>21 South 5th Street, Suite 400
>Philadelphia, PA 19106

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Teresa A. Cheek, Esquire (No. 2657)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email:  mdibianca@ycst.com
Attorneys for Defendant

Dated:  November 2, 2005