any Editorial Assistant position was unsupported and discriminatory. Pearson's reasons were, in fact, judgments an employer can lawfully make, no matter how arbitrary, hypercritical and upsetting they may be to the applicant.

### III. CONCLUSION

For the reasons set forth more fully above, I DENY Ms. Cummings's motion for summary judgment and her 3-To-All motion, and I GRANT the Defendants' motion for summary judgment.

DOUGLAS P. WOODLOCK

UNITED STATES DISTRICT JUDGE

1 of 1 DOCUMENT

EDWARD ELWELL, Appellant v. PP&L, INC., formerly PENNSYLVANIA POWER AND LIGHT, INC.

No. 01-4512

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

47 Fed. Appx. 183; 2002 U.S. App. LEXIS 20701

September 13, 2002, Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2002, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Eastern District of Pennsylvania. (D. C. Civil No. 99-cv-2716). District Judge: The Honorable Franklin S. VanAntwerpen.

**DISPOSITION:** Judgment of the district court affirmed.

**COUNSEL:** For Edward Elwell, Appellant: Frank P. Murphy, Murphy, Woodward & Haskins, Norristown, PA.

For PP&L INC, Appellee: Andrew K. Williams, Pennsylvania Power & Light Company, Allentown, PA. Michael J. Ossip, Morgan, Lewis & Bockius, Philadelphia, PA. Ian M. Ballard, Jr., Morgan, Lewis & Bockius, Philadelphia, PA.

**JUDGES:** Before: ALITO and FUENTES, Circuit Judges and OBERDORFER *, District Judge.

> * The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

**OPINIONBY:** Julio M. Fuentes

**OPINION:**

[*184] OPINION OF THE COURT

FUENTES, Circuit Judge.

Plaintiff Edward Elwell appeals the District Court's grant of the motion for reconsideration of its motion for summary judgment brought by his employer, Defendant PP & L, Inc., and the denial of his motion for reconsideration of his motion for summary [**2] judgment. Because we agree with the District Court that Plaintiff failed to raise a genuine issue of material fact with respect to his age discrimination claims, we affirm.

I. Facts and Procedural Background

The factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. Elwell asserted age discrimination and retaliation claims against the Defendant pursuant to the Age Discrimination and Employment Act, *29 U.S.C. § 621* et seq. (ADEA) and the Pennsylvania Human Relations Act, *Pa. Stat. Ann. tit. 43, § 955(a)*. In his Complaint, Elwell alleged that, beginning in 1995, when his position of Area Operations Manager was eliminated, and continuing until the filing of his Complaint, the Defendant subjected him to an ongoing pattern of discriminatory decision-making by demoting him and subsequently failing to hire and/or promote him to positions for which he was qualified. Elwell alleged that, as a result, his salary was reduced and was susceptible to further reduction. Additionally, Elwell asserted that he suffered adverse employment actions in retaliation [**3] for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Defendant moved for summary judgment as to all counts of Elwell's complaint.

Initially, the District Court denied Defendant's motion for summary judgment. Subsequently, Defendant filed a motion for reconsideration of its motion for summary judgment, which the District Court granted in part and denied in part. The court ruled that only the last three positions for which Elwell applied could be considered. These positions were the Power Delivery Regional Work Manager, Supervising Engineer, and the Service Order Fulfillment [*185] (SOF) Team Leader positions. The court held that Elwell failed to establish a prima facie claim as to the Power Delivery Regional Work Manager

position because the candidate selected for this position was but one year younger than Elwell. As to the Supervising Engineer and SOF Team Leader positions, the court held that Elwell did not present evidence which successfully rebutted the nondiscriminatory reasons advanced by the Defendant for the selection of other candidates for these positions. Because it held that Elwell failed to establish that any acts of discrimination occurred [**4] within the 300 day time window preceding his filing of a charge of discrimination with the EEOC, the court ruled that Elwell's claims arising out of employment decisions made prior to the 300 day period could not be brought under a continuing violations theory and were therefore time-barred. The court rejected Elwell's claim of retaliation based on his employer's failure to hire him for a Project Manager position, ruling that Elwell presented a triable issue only as to whether he had received a less favorable evaluation due to his filing an EEOC charge.

Thereafter, Elwell filed a motion for reconsideration, which the court denied in its entirety. In doing so, the court reversed its earlier holding that Elwell's claim of discrimination arising out of Defendant's failure to hire him for the Audit Team Leader position was untimely. The court held that Elwell's claim pertaining to this position was timely because a "mailbox rule" applied, and therefore the date that the charge was received by the EEOC was not determinative. The court nevertheless dismissed Elwell's claim on the basis that Elwell failed to show that he was qualified for the Audit Team Leader position and, therefore, failed [**5] to establish a prima facie case of age discrimination arising out the selection of another candidate for the position. The court further held that, even if Elwell established a prima facie case, no reasonable finder of fact could find that he was denied the position based on age discrimination.

The court also revisited Elwell's claim of age discrimination with respect to Defendant's decision not to hire him for the Power Delivery Regional Work Manager position. The court held that, even assuming that Elwell could make out a prima facie case, i.e., even though the candidate chosen for the job was merely one year younger than him, he did not present evidence from which a reasonable trier of fact could conclude that age discrimination motivated the hiring decision. The court declined to revisit its holding with respect to the Supervising Engineer position. After revisiting its analysis of why Elwell failed to establish a triable issue arising out of another candidate's selection for the SOF Team Leader position, the District Court reiterated its previous ruling dismissing this claim.

After a bench trial on Elwell's retaliation claim which survived summary judgment, Judge Rueter entered [**6] judgment in favor of Defendant. Elwell does not challenge this judgment on appeal. Elwell appeals the District Court's rulings that he could not sustain his age discrimination claims on the merits with respect to three of the positions for which he applied and was rejected, namely the Audit Team Leader, Supervising Engineer, and SOF Team Leader positions.

II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over this matter under *28 U.S.C. § 1331* and pendent jurisdiction over Appellant's state law claims pursuant to *28 U.S.C. § 1367*. We have appellate jurisdiction under *28 U.S.C. § 1291*.

[*186] "The standard of review for a denial of a motion for reconsideration varies with the nature of the underlying judicial decision." *Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)*. Because this court is addressing the District Court's rulings on Defendant's motion for summary judgment, this Court has plenary review. See *id. 807 F.2d at 349*.

III. Discussion

Elwell asserts that the District Court erred in holding that he did not establish a prima facie case with [**7] respect to the Audit Team Leader position and in holding that, even assuming that he did, he failed to rebut the nondiscriminatory reasons advanced by Defendant with regard to its hiring decision for this position as well as the Supervising Engineer and SOF Team Leader positions. Elwell asserts that the District Court usurped the role of the jury by improperly making credibility determinations regarding the age discrimination evidence submitted by the parties. In response, Defendant asserts that, because Appellant failed to present evidence in support of his age discrimination claims, the judgment of the District Court should not be disturbed and this appeal should be denied.

The parties essentially agree as to the controlling legal standards. In order to establish a prima facie ADEA case, a plaintiff must show that "(1) he is over 40, (2) he is qualified for the position in question, (3) he suffered an adverse employment decision, and (4) he was replaced by a sufficiently younger person to create an inference of age discrimination." *Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir. 1995)*. If the plaintiff is able to establish a prima facie case, a presumption of [**8] age discrimination arises, which the employer must rebut by providing a legitimate non-discriminatory reason for the adverse employment action. See *id. 45 F.3d 724* "To defeat a summary judgment motion based on a defendant's proffer of a nondiscriminatory reason, a plaintiff who has made a prima facie showing of discrimination need only point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence." *Id. 45 F.3d 724*

A. Audit Team Leader

The District Court held that, even assuming Elwell could establish a prima facie case of age discrimination arising out of the selection of a younger candidate for the Audit Team Leader position, this claim necessarily failed because Elwell did not present evidence which would lead a reasonable jury to conclude that the reasons advanced by the Defendant were pretextual. Elwell asserts that, in arriving at its conclusion, the District Court improperly weighed the evidence by reasoning that Defendant's "subjective evidence" was more worthy of credence than the "objective evidence" he introduced. Appellant's Br. at 11.

In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000), [**9] the Supreme Court held that a juror could "infer the ultimate fact of discrimination from the falsity of the employer's explanation" absent the introduction of "additional, independent evidence of discrimination." *Reeves*, 530 U.S. at 147-49. The Court explained that:

> [A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.
>
> This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although [*187] the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent [**10] evidence that no discrimination had occurred.

*Id.* 530 U.S. at 148 (emphasis in original). This is consistent with our earlier holding in *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994), where we explained that:

> because the factfinder may infer from the combination of the plaintiff's prima facie case and its own rejection of the employer's proffered non-discriminatory reasons that the employer unlawfully discriminated against the plaintiff and was merely trying to conceal its illegal act with the articulated reasons, a plaintiff who has made out a prima facie case may defeat a motion for summary judgment by either (i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. Thus, if the plaintiff has pointed to evidence sufficiently to discredit the defendant's proffered reasons, to survive summary judgment the plaintiff need not also come forward with additional evidence of discrimination beyond his or her prima facie case.

*Fuentes*, 32 F.3d at 764 [**11] (emphasis in original) (citations omitted). Defendant came forward with the deposition testimony of Martin Urban, who was one of three employees of the Defendant who interviewed Elwell for the Audit Team Leader position in February of 1997 and was the person who made the decision to not hire Elwell. Urban testified that he decided that Elwell was not the best candidate for the Audit Team Leader position because a score of 3.0 was required for the position and he had interviewed him for a position entailing similar responsibilities in a different area of the company in August of 1996, at which time Elwell received a consensus score of 2.43 from the three interviewers. In order to show that this reason was but a pretext for discrimination, Elwell came forward with a "Synchrony Feedback" evaluation of Elwell from August of 1996, in which he received a score of 4.2 for his performance on his then current job. The District Court correctly reasoned that, because there was no evidence (1) that either Elwell's score of 2.43 in the earlier interview for the similar position or the requirement of a score of 3.0 were incorrect; or (2) that the level of proficiency required to score 4.2 on the [**12] Synchrony Feedback evaluation was sufficient to qualify for the Audit Team Leader position; or (3) that Elwell's qualifications for his then current job implied he was sufficiently qualified for a higher level position, a reasonable jury could neither discredit Defendant's reasons as pretextual nor find that age discrimination was more likely than not a determinative factor in Defendant's decision not to promote Elwell. The District Court properly rejected Elwell's argument that it usurped the role of the jury by weighing the Synchrony Evaluation against the consensus score. As the District Court explained,

credibility determinations are indeed the province of the trier of fact. On a motion for summary judgment, the court must accept as true all reasonable inference that favor the nonmoving party. [*188] However, we may only consider reasonable inferences; we may not improperly consider those inferences that are unreasonable. We have drawn all reasonable inferences in favor of Plaintiff.

It remains our function, however, to determine whether there is sufficient evidence for a claim to reach the trier of fact.

App. at 60-61 (citing 9A Charles Alan Wright & Arthur R. Miller, [**13] Federal Practice and Procedure § 2528 (2d ed. 1995), at 294) (emphasis in original). Accordingly, we affirm the District Court's dismissal of Elwell's claim for age discrimination arising out of the selection of a younger candidate for the Audit Team Leader position.

B. Supervising Engineer

Similarly, Elwell's claim of discrimination arising out of Defendant's choice of another candidate for the Supervising Engineer position, which Elwell applied for and was rejected from without having the opportunity to interview, fails due to his failure to rebut the reasons advanced by the Defendant for its hiring choice. Elwell asserted that Douglas Krall, the PP & L employee with hiring authority with respect to this position, could not have known that he lacked the skills the position required because he was never given the opportunity to present his qualifications at an interview. Moreover, Elwell asserts that the job posting for which he tailored the materials he submitted did not indicate that the position required "technical knowledge of energy scheduling and reconciliation, the tariff structure within the Pennsylvania, New Jersey and Maryland (PJM) power grid, factors that lead to power [**14] flow disruptions, and coordination and drafting of contracts with alternative electric suppliers." App. at 232, Krall Decl.

The District Court properly rejected this argument on the basis that Elwell failed to introduce evidence that age discrimination more likely motivated the hiring choice and failed to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence[.]'" *Fuentes, 32 F.3d at 765* (emphasis in original) (citations omitted). Because Elwell did not show that the reasons advanced for the hiring of a candidate possessing the skills sought were a pretext for age discrimination, he failed to carry his burden under the McDonnell Douglas framework and dismissal of his claim regarding the Supervising Engineer position was appropriate.

C. SOF Team Leader Position

Finally, the Court addresses Elwell's contention that the District Court erred in dismissing his claim of age discrimination arising out of his nonselection for the SOF Team Leader position. Assuming, without deciding, that nonselection [**15] for this project leadership role amounted to an "adverse employment action," Elwell's claim fails as it boils down to his assertion that the candidate selected proved to be a disappointing choice and that he could have done a better job. Michael Sobeck, Defendant's employee who made the hiring decision with respect to this position, asserted that he did not choose Elwell for the job because his staff recommended against his selection due to a lack of confidence in Elwell's leadership and management skills and because Elwell had expressed doubts about the team's ability to complete the project. While Elwell asserted that he was the logical choice for the position, he did not present evidence from which a reasonable jury could find that he was discriminated against because [*189] of his age. We observe that Elwell's case is further weakened by the fact that Sobeck was fifty years old at the time he made his hiring choice. See App. at 207; *Dungee v. Northeast Foods, Inc., 940 F. Supp. 682, 688 n.3 (D. N.J. 1996)* (citing cases that hold that a plaintiff's ability to raise an inference of discrimination is hampered when the decision maker is a member of the plaintiff's protected class). [**16]

IV. Conclusion

After carefully considering the arguments discussed above and all other arguments advanced by the Appellant in support of his assertion that the District Court erred in dismissing his claims on summary judgment, we affirm the District Court's decision.

By the Court,

/s/ Julio M. Fuentes

Circuit Judge

LEXSEE

STANLEY S. FELDMAN and JACQUELINE FELDMAN, Plaintiffs-Appellants, - v. - LOOMS, a Division of Levcor International, Inc., Defendant-Appellee.

No. 98-9680

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

1999 U.S. App. LEXIS 25092

October 4, 1999, Decided

**NOTICE:** [*1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1999 U.S. App. LEXIS 35238.

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of New York (Rakoff, Judge).

**DISPOSITION:** AFFIRMED.

**COUNSEL:** Appearing for Appellant: Leonard N. Flamm, Law Offices of Leonard N. Flamm (Norman Mednick, on the brief), New York, New York.

Appearing for Appellee: Avrom R. Vann, Vann & Slavin, PC, New York, New York.

**JUDGES:** Present: HONORABLE RALPH K. WINTER, Chief Judge, HONORABLE AMALYA L. KEARSE, Circuit Judge, HONORABLE NORMAN A. MORDUE, District Judge. *

* The Honorable Norman A. Mordue, of the United States District Court for the Northern District of New York, sitting by designation.

**OPINION:**

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Stanley and Jacqueline Feldman appeal from Judge Rakoff's adverse grant of summary judgment. Appellants contend that their employment was terminated in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § § 621 [*2] -634 and in violation of the New York City Human Rights Law ("HRL"), Administrative Code § § 8-107.1(a), 8-502. We disagree and affirm.

In April 1996, Robert A. Levinson, the president and chairman of Levcor International, Inc. ("Levcor"), hired appellant Stanley S. Feldman ("Stanley") to be the president of Looms, a Levcor division. Also in April 1996, Levinson hired Stanley's wife, appellant Jacqueline Feldman ("Jacqueline"), to be Stanley's administrative assistant. Appellants were both 66 years old when they were hired by Levinson, who was then 70 years old.

Levinson met with appellants on a number of occasions during the course of their employment to discuss, among other things, ways to "improve" production, pricing, and profits. In October 1997, Levinson said during a meeting that employees Owen Zibrak (a 46-year-old) and Burt Larit (a 52-year-old) "will be the future of the company" and that Zibrak and Larit "have twenty years on [the appellants]". Levinson terminated appellants' employment in May 1998 for allegedly poor performance. Stanley was "immediately replaced" upon termination by Zibrak.

We review a grant of summary judgment de novo, drawing all factual inferences [*3] and resolving all ambiguities in favor of the non-moving party. See McCullough v. Wyandanch Union Free Sch. Dist., 187 F.3d 272, 1999 WL 592250, at *3 (2d Cir. 1999) (citing Harvis Trien & Beck, P.C. v. Federal Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998)).

To prevail on an ADEA claim, a plaintiff must first establish a prima facie case by showing: (i) "membership

in a protected class"; (ii) "qualification for the position"; (iii) "an adverse employment action"; and (iv) "circumstances that give at least minimal support to an inference of discrimination." Fagan v. New York State Elec. & Gas Corp., 186 F.3d 127, 1999 WL 557016, at *4 (2d Cir. 1999) (citing Stratton v. Department for the Aging for the City of New York, 132 F.3d 869, 879 (2d Cir. 1997); Fisher v. Vassar College, 114 F.3d 1332, 1336-37 (2d Cir. 1997) (en banc), cert. denied, 522 U.S. 1075, 118 S. Ct. 851, 139 L. Ed. 2d 752 (1998)).

If a plaintiff establishes a prima facie case, the employer must then offer a legitimate, nondiscriminatory reason for its [*4] employment decision. See Stratton, 132 F.3d at 879; Fisher, 114 F.3d at 1335-36. If the employer does so, the presumption of discrimination is rebutted and it "simply drops out of the picture," St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993), and the "ultimate issue" is whether the plaintiff has proved that the adverse employment action was motivated at least in part by age discrimination, Stratton, 132 F.3d at 878; Fields v. New York State Office of Mental Retardation & Developmental Disabilities, 115 F.3d 116, 119 (2d Cir. 1997).

The parties dispute whether appellants have established a prima facie case. We need not reach that issue because, even assuming that appellants have made out a prima facie case, they fail to raise a triable issue of fact as to whether appellee terminated them because of their age. See Fagan, 1999 WL 557016, at *4 ("where minimal requirements of prima facie case are not in dispute, question on summary judgment becomes whether plaintiff has raised a triable issue of fact on ultimate question of age discrimination") [*5] (citing Scaria v. Rubin, 117 F.3d 652, 654 (2d Cir. 1997)).

Appellee has clearly articulated a legitimate, nondiscriminatory reason for termination, namely that appellants' performance was unsatisfactory, and has supported this contention with ample evidence in the record. Appellants make essentially three arguments in support of their contention that a genuine issue of material fact remains for trial: that their termination was tied to their age based on Levinson's October 1997 comments; that Stanley was replaced by a younger employee; and that Levinson's alleged dissatisfaction with appellants' performance was pretextual. None suffices.

The October 1997 comments do not reflect discriminatory animus or show that age was a motivating or substantial factor in the decision to terminate appellants' employment. See Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997). First, as observed by the district court, the comments are "literally true" based on "any reasonable actuarial assumption." "The ADEA does not make all discussion of age taboo." Id. Second, the comments were made by Levinson, the very person who hired appellants. Third, the comments [*6] were made some seven months prior to the termination. We agree with the district court that these comments are, at best, "stray remarks" and that appellants have shown no nexus between the remarks and the decision to terminate their employment seven months later. See Danzer v. Norden Sys., 151 F.3d 50, 56 (2d Cir. 1998) (stray remark by employer without more does not constitute sufficient evidence to make out case of employment discrimination); Woroski v. Nashua Corp., 31 F.3d 105, 108-110 & n.2 (2d Cir. 1994) (granting summary judgment to employer despite age-related comments made by employer).

The fact that Stanley (but not Jacqueline) was replaced by a younger employee also does not suffice to prove that the adverse employment action here was motivated by age discrimination. Stanley cannot defeat summary judgment "merely by showing that he was replaced by [a younger employee]." Fagan, 1999 WL 557016, at *6 (citing Hollander v. American Cyanamid Co., 172 F.3d 192, 199 n.3, 204 (2d Cir. 1999)). "Typically, younger workers will replace older ones; this is an unremarkable phenomenon that does not, in and of itself, [*7] prove discrimination." Futrell v. J.I. Case, 38 F.3d 342, 348 (7th Cir. 1994).

Finally, appellants argue that appellee's stated reason for terminating their employment -- poor performance -- was a pretext for age discrimination. However, to survive summary judgment, appellants had to show "not only pretext, but also either use of a pretext that itself implies a discriminatory stereotype, or use of a pretext to hide age discrimination." Hollander, 172 F.3d at 200; see also Fisher, 114 F.3d at 1333 ("Plaintiff may prevail only if an employer's proffered reasons are shown to be a pretext for discrimination, either because the pretext finding itself points to discrimination or because other evidence in the record points in that direction . . . .").

Assuming poor performance was used by appellee as a pretext for the company's true reason for terminating appellants' employment, "the pretext in and of itself does not suggest age discrimination." Hollander, 172 F.3d at 201. Indeed there is no evidence that would permit a rational factfinder to infer that the terminations were "actually motivated, in whole or in part, by [*8] discrimination on the basis of age." Grady v. Affiliated Central, Inc., 130 F.3d 553, 561 (2d Cir. 1997). The evidence in this case "strongly suggests that invidious discrimination was unlikely," id. at 560, because: (i) the person who decided to terminate appellants' employment was the same person who hired them; (ii) the decision to terminate was made a short time after appellants were hired; and (iii) the decision to terminate was made by someone older than both the appellants.

We therefore affirm.

DB02:5498752.1

064649.1001

LEXSEE

IVAN E. IRIZARRY, CARLOS A. BASALDUA and EFRAIN PARDO, Plaintiffs, -against- LUIS FORTUNO, as Secretary of THE DEPARTMENT OF ECONOMIC DEVELOPMENT and COMMERCE, JAIME MORGAN-STUBBE, as Administrator and CEO of the ECONOMIC DEVELOPMENT ADMINISTRATION and THE PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY OF THE COMMON-WEALTH OF PUERTO RICO, Defendants.

96 Civ. 3617 (HB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1997 U.S. Dist. LEXIS 7005

May 15, 1997, Decided
May 19, 1997, FILED

**DISPOSITION:** [*1] Defendants' motion for summary judgment GRANTED with respect to plaintiffs' ADEA claims. Supplemental jurisdiction declined and plaintiffs' state law claims dismissed.

**COUNSEL:** Appearances:

Kevin E. Rockitter, Melville, New York, For plaintiffs.

Robert C. Sentner, Kermitt J. Brooks, Stacey B. Slater, Nixon, Hargrave, Devans & Doyle, LLP, New York, New York, For defendants.

**JUDGES:** Harold Baer, Jr., U.S.D.J.

**OPINIONBY:** Harold Baer, Jr.

**OPINION:**

OPINION AND ORDER

**Hon. Harold Baer, Jr., District Judge:**

This age discrimination case arose following the resignation of one and discharge of two of the plaintiffs. Defendants have moved for summary judgment. Plaintiffs' ADEA claims must be dismissed because plaintiffs failed to establish a genuine issue of material fact with respect to the pretext concept. Supplemental jurisdiction is declined and plaintiff's state law claims are also dismissed.

I. Background

Plaintiffs Irizarry, Basaldua and Pardo (together "Plaintiffs") were all employed by the Economic Development Administration ("EDA") n1, an agency of the Commonwealth of Puerto Rico that is responsible for the promotion of the Puerto Rican economy, from 1993 until 1995. Plaintiffs [*2] were appointed to the following senior positions by the then-administrator of the EDA Charles Myatt: Irizarry as the Deputy Administrator of the COB, Pardo as Director of Administration for the COB, and Basaldua as Director of the Office of Publicity. n2 Each of the plaintiffs reported to and worked directly with the Administrator. Plaintiffs were "confidential" employees; that is, unlike civil service employees who may be discharged only for cause, they may be discharged at will.

n1 EDA is comprised of its headquarters in San Juan, Puerto Rico and regional offices in the United States, Europe and Japan. Plaintiffs worked in the New York City office of EDA, called the Continental Operations Branch (the "COB").

n2 The only position senior to Irizarry's and Pardo's was that of Administrator.

In November 1994, the Governor of Puerto Rico appointed defendant Morgan-Stubbe as the new Administrator of the EDA. Plaintiff alleges that shortly thereafter, Morgan-Stubbe held a staff meeting and stated that he was [*3] known as "The Terminator" at his previous job,

Page 1

and that he wanted to "rejuvenate" and "reinvigorate" the COB. Seven months later, in June 1995, Morgan-Stubbe asked for Irizarry's resignation and discharged Pardo and Basaldua. n3 At that time they were 65, 62, and 54 years of age, respectively. Plaintiffs filed a claim with the Equal Employment Opportunity Commission ("EEOC") and this lawsuit ensued. n4

n3 Although Irizarry resigned, because he did so at Morgan-Stubbe's behest, I refer to all three plaintiffs as "discharged" or "terminated."

n4 In addition to their age discrimination claims, plaintiffs also allege that defendants' acts violated New York Exec. Law § 296. Plaintiff Irizarry also alleges a breach of contract claim that arises out of a consulting agreement entered into by him and the defendants after his resignation. Because I decline supplemental jurisdiction, I do not address these claims.

II. Discussion

A. Summary Judgment

The Court is mindful that in discrimination cases where [*4] intent is genuinely at issue, the district court "must be cautious about granting summary judgment to an employer." Gallo v. Prudential Residential Services, 22 F.3d 1219, 1224 (2d Cir. 1994); see Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 40 (2d Cir. 1994). Indeed, "the trial court's task at the summary judgment motion stage . . . is carefully limited to discerning whether there are any genuine issue of material fact to be tried, not to deciding them." Gallo, 22 F.3d at 1224. With that in mind, I address the parties' arguments.

B. The Age Discrimination in Employment Act ("ADEA")

The framework within which we analyze a cause of action under the ADEA, 29 U.S.C. § 621 et seq., is like that in any Title VII case. A plaintiff must first prove a prima facie case of age discrimination by showing that "(1) he was within the protected age group, (2) that he was qualified for the position, (3) that he was discharged, and (4) the discharge occurred under circumstances giving rise to an inference of age discrimination." Viola v. Philips Medical Systems of North America, 42 F.3d 712, 715-16 (2d Cir. 1994) (quoting Woroski v. Nashua Corp., 31 F.3d 105, 108 [*5] (2d Cir. 1994)) (internal quotation marks omitted). Once the plaintiff establishes a prima facie case, the burden of going forward shifts to the defendant to articulate legitimate, non-discriminatory business reasons for the plaintiff's discharge. Fisher v. Vassar College, 70 F.3d 1420, 1433 (2d Cir. 1995) (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981)). If defendant carries this burden of production, "then the plaintiff then assumes the burden 'to show that [the employer's] stated reason for [the plaintiff's] rejection was in fact pretext.'" Id. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817)) (alteration in the original). In order to meet this burden, plaintiff must establish "'both that the reason was false, and that discrimination was the real reason.'" Id. (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993)).

Plaintiffs' evidence, "little as it is, is more than speculative," and thus establishes a prima facie case of age discrimination. Viola v. Philips Medical Systems of North America, 42 F.3d 712, [*6] 716-17 (2d Cir. 1994). Irizarry and Pardo were highly experienced employees who were terminated when they were more than 60 years old and replaced by significantly younger men. Basaldua was also experienced, within the protected age group, and discharged. This evidence is sufficient to satisfy plaintiffs' de minimis burden to establish a prima facie case. See Littman v. Firestone Tire & Rubber Co., 709 F. Supp. 461, 465 (S.D.N.Y. 1989).

Similarly, defendants have presented sufficient evidence to sustain their burden that plaintiffs were discharged for legitimate non-discriminatory business reasons. Morgan-Stubbe's affidavit states that he discharged Irizarry and Pardo because, as a new Administrator who planned to overhaul of the EDA, he required close advisors that shared his vision for such reorganization, not those appointed by his predecessor. Morgan-Stubbe Aff. PP 12-13. Also, Morgan-Stubbe explains that after he conducted an analysis of the EDA's performance, including that of the COB, he found that it could operate more efficiently, which included the elimination of Basaldua's position and the absorption of his former activities by EDA employees at headquarters in Puerto [*7] Rico. Id. at PP 11, 14. This explanation and evidentiary support is sufficient to rebut plaintiff's prima facie case of discrimination. See Viola v. Philips Medical Systems, 42 F.3d 712, 717 (2d Cir. 1994).

As noted, the burden shifts to plaintiff to "establish a genuine issue of material fact . . . as to whether the employer's reasons for [discharging plaintiffs] is false and as to whether it is more likely that a discriminatory reason motivated the employer to make [that] decision." Gallo, 22 F.3d at 1225 (citation omitted). Here, plaintiffs have failed utterly to sustain that burden. Plaintiffs make much of the fact that they were replaced by younger people. n5 However, simply because the plaintiff was replaced by someone not in the protected age group is "insufficient to establish his claim [for age discrimina-

Page 2