# EXHIBIT 1

B 276

EEOC 0000000558

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER
☐ FEPA  04040398X
☐ EEOC  ~~17CA400390~~

**Delaware Department of Labor**
(State, or local Agency, if any)
and EEOC  17C-2004-00390

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms) Juan Obed Perez | **HOME TELEPHONE NO.** (Include Area Code) (302) 633-9409 |
| **STREET ADDRESS** 2615 Heritage Farm Drive   **CITY, STATE AND ZIP CODE** Wilmington DE 19808 | **COUNTY** NCC |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one, list below.)

| | | |
|---|---|---|
| **NAME** B E & K Engineering | **NO. OF EMPLOYEES OR MEMBERS** 250 | **TELEPHONE NUMBER** (Incl. Area Code) (302) 452-9022 |
| **STREET ADDRESS** 242 Chapman Road, Newark, DE 19702 | | |
| **NAME** | | **TELEPHONE NUMBER** (Include Area Code) |
| **STREET ADDRESS**   **CITY, STATE AND ZIP CODE** | | |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☒ AGE
☐ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 3/1/1999
LATEST 11/21/2003
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s):

I am a male individual over 40 who began working with the Respondent on 3/99 as a Senior Process Engineer. Since the beginning of my employment, I received good performance reviews. On or about 1/03, Pete Howe, Manager informed me that the work load was slow and things looked pessimistic. I continued to work as instructed, however I noticed that the company began hiring a college graduate in 3/03 and contractual person in or about 11/03. In a conversation with Mr. Howe, I addressed the issue of BE&K hiring a recent college graduate when there was hardly any work for me. I was told that Respondent needs to start hiring younger people to rejuvenate the working force, although it was emphasized that I was laid off because of the lack of work.

Respondent ultimately laid me off on 11/21/03 with expectations for my return to work if the workload increased, as a result I have not been retained or contacted.

I believe that I have been discriminated against in violation of the Age Discrimination in Employment Act (ADEA) based on my age (over 40) because: 1. Respondent made statements regarding the need for younger workers; 2. Respondent laid me off because of slow work while hiring other younger workers in my group; 3. Respondent has not contacted me regarding my return to work since my lay-off; 4. I believe that my lay-off was due to salary considerations in regards to age not because of a reduction in the work force. As a result, Respondent hired younger workers with lower salaries.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**SIGNATURE OF COMPLAINANT**

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*(signature)*  04/02/04
Date   Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date   (Day, month, and year)

EEOC FORM 5
REV 6/92
PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

B 277

EEOC 0000000559

# EXHIBIT 2

B 278

EEOC 0000000560

Interview: Chris Gittridge

Spoke with Mr. Gittridege. He resides at 7 Wenark Drive Apt 10., Newark, De.19713. His home telephone number is (302) 45509929. He had been employed since July 2003. He reports to Mr. Howe. He is a Process Engineer. He was hired out of college.

I asked him during his interview if he was asked if Respondent was looking to hire younger people. He said be believes that he was told that Respondent wanted to hire younger people. He cannot remember the exact words but remember it being said.

I asked him what type of projects he works on. He said that he is working on a project to develop technology for titanium dioxide.

I asked him if this is considered a small project is said yes. I asked him if he has worked on a large projects since he has been employed with Respondent, he said no.

I had no further questions, I thanked him for his time .

B 279

EEOC 0000000561

# EXHIBIT 3

B 280

EEOC 0000000562



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 451-5800
TDD: (215) 451-5814
FAX: (215) 451-5804/5767

Juan Obed Perez
2615 Heritage Farm Drive
Wilmington, DE 19808

Charging Party,

Charge Number: 170-2004-00390

BE&K Engineering
242 Chapman Road
Newark, DE 19702

Respondent.

## DETERMINATION

Under the authority vested in me by the procedural regulations of the Equal Employment Opportunity Commission (EEOC), I issue the following determination as to the merits of the above cited charge filed under Age Discrimination in Employment Act (ADEA). The timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party was hired by the Respondent in March 1999 as a Senior Process Engineer. In or around January 2003, the Manager of the Process Department informed Charging Party that the work load was slow and things did not look good. Charging Party alleged that in or around November 2003, he noticed that the Respondent hired a college graduate. Charging Party addressed the hiring of the college graduate with his Manager and was told that Respondent needed to hire younger people to rejuvenate the workforce even though it was emphasized that work was slow. On November 21, 2003 Charging Party was informed that he was laid off. Charging Party alleges that it was because of his age (54).

Respondent denies the allegation and contends that Charging Party was laid off in November 2003 as part of a series of reductions resulting from a downturn in business. According to the Respondent the Delaware office had continued to lose business. The Manager of the Process Department made the decision that Charging Party would be laid off because the Process Department was no longer performing the larger projects that allowed Respondent to utilize engineers such as Charging Party. In an interview the

B 281

EEOC 0000000563

Process Department Manager stated that Charging Party was more proficient working on larger projects than smaller ones. However, Respondent further stated that it had reached out to hire entry level people through local colleges and the In-Roads program that is designed to provide entry level opportunities to minority engineering students. Respondent also contends that Charging Party had the opportunity to resolve the issue through the employee dispute program but elected not to.

The evidence supports Charging Party's allegation that he was laid off because of his age. Specifically the record shows that Charging Party was one of five (5) engineers laid off with the youngest being 41 and the oldest being 64. The record further shows that although there was a downturn in business for the last several years, in 2003, Respondent still hired an Engineer II who was 23 years old. In an interview with the Process Manager, he denied making the statement that Respondent needed to start hiring younger people to rejuvenate the workforce. However, he agreed that he did tell the Charging Party that Respondent was looking for a diverse work group. During an interview with the Engineer II hired out of college, he stated that he remembered being told that Respondent was interested in hiring younger Engineers.

Based on this analysis, I have determined that the evidence establishes a violation of the ADEA. The evidence clearly shows that the Charging Party's age was a factor considered by the Respondent when it laid him off.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. In this regard conciliation of this matter has now begun. Please be advised that any reasonable offer to resolve this matter will be considered. The Commission can seek an amount inclusive of full backpay (total wage loss) with interest, plus liquidated damages, benefits, and actual monetary cost incurred by the Charging Party. Again the Commission is postured to consider any reasonable offer during this period. Accordingly enclosed is a Conciliation proposal. Please respond by August 24, 2005. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved person and the Commission

On Behalf of the Commission,

8/4/05
DATE

Marie M. Tomasso
District Director

B 282

# EXHIBIT 4

B 283

EEOC 0000000565

# FAX TRANSMISSION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
The Bourse/21 S. Fifth Street
Philadelphia, PA 19106-2515
(215) 440-2645
Fax: 215.440.2604

| | | | |
|---|---|---|---|
| **To:** | Nicholas Bouler, Deputy General Counsel | **Date:** | September 13, 2005 |
| **Fax #:** | (205) 972-6698 | **Pages:** | 1 |
| **From:** | Joseph Danese, Investigator | | |
| **Subject:** | Perez v. BE&K (170-2004-00390) | | |

Mr. Bouler, Charging Party has declined your counteroffer of $7,500.00. Please see attached "Notice of Conciliation Failure" letter.

B 284

EEOC 0000000566

Narayan Swamy
7 Tally Road
Hamilton, NJ 08619
6/27/2006

### To whom it may concern

I joined BE&K in their Newark, Delaware office in October 1994 worked as a Senior Process Engineer. My official title was "Design Specialist". I left BE&K in September 1996 to join Fluor Daniel at their Marlton, NJ office since it was closer to my home. I had very good performance reviews during this period and the Process Manager from DuPont, with whom I worked on the PTFE project during this time, sent an e- mail statement at the time of my departure, praising my technical and process knowledge.

When the Fluor Daniel office in New Jersaey closed in 2000, I rejoined BE&K in their Newark, Delaware office in March 2000 and woked as a Senior Process Engineer. In May 2002, I was told by Mr. Howe, the Process Engineering Manager that my job was being terminated effective immediately. During this period, I had good reviews which pointed out my superior technical knowledge and competence. I was also complemented by the Project Manager for my performance. When I asked Mr. Howe the reason for my termination, I was told that there were too many senior Process Engineers and there was not enough work for them. I was 61 ½ years old at the time of my termination. At the time of my termination, I was working on the design of relief valves for some DuPont projects.

Soon after my termination, BE&K employed 2 or three junior process engineers. I believe that my termination was related to my age. I also believe that this decision was made by the Office Manager and Mr. Howe simply carried out this decision.

*Narayan Swamy*
(Narayan Swamy)

B 285

EEOC 0000000567

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | (SLR) |
| BE&K ENGINEERING COMPANY, (Subsidiary of BE&K, Inc.) | ) ) ) ) | |
| Defendant. | ) ) | |

## AFFADVIT OF JUAN OBED PEREZ

I, Juan Obed Perez, do hereby depose and state as follows:

1. I am presently employed at Jacobs Engineering Group, Inc. ("Jacobs") as a Lead Process Engineer in Mount Laurel, New Jersey. I started working for Jacobs in August 2006.

2. Previous to working for Jacobs, I worked for Allied Resources Technical Consultants ("Allied") as a Contract Employee from August 2004 to August 2006. Allied had assigned me to work as a Senior Process Engineer at the Delaware City Refinery in Delaware. This Delaware City Refinery used to be owned by Motiva. It was then purchased by Premcor and is now owned by Valero. Many industry people still refer to it as the Delaware City Refinery. I worked at this Delaware City Refinery (Valero) during my entire tenure with Allied.

3. Prior to being employed by Allied, I was employed by BE&K Engineering Company in Newark, Delaware ("BE&K") as a Senior Process Engineer from approximately February 2000 to November 2003. This was the second time I began working for BE&K. On or about November 21, 2003, my supervisor Pete Howe told me that I was laid off because of lack of work.

4. While working for BE&K, I worked on a number of projects. One of the projects I worked on was the Motiva CCR Vent Scrubber project in 2002. The work was done at the Motiva Delaware City Refinery in Delaware. This is the same refinery where I performed work

B 286

1

work for Valero as an Allied Contract Employee from approximately August 2004 to August 2006. I was the Lead Process Engineer for BE&K on the 2002 CCR Vent Scrubber.

5. This was BE&K's first contract with Motiva. I helped BE&K secure this contract as a result of the contacts I made at Motiva when I had previously worked there earlier in my career.

6. I went over the budget hours for the 2002 Motiva project because I was not consulted on the number of hours needed to complete the work, which is typically done at BE&K. Further, BE&K under budgeted the hours for that project because this was their first contract with Motiva. BE&K wanted to ensure that they got repeat business from the client.

7. No one from Motiva ever told me that they were dissatisfied with my performance on the Motiva 2002 project. Again, I started working at the Delaware City Refinery (Valero) as a Contract Employee in August 2004. This is the same Motiva Refinery that I have mentioned throughout my affidavit. Many of the Motiva people that I worked with in 2002 as an employee for BE&K still worked for that Refinery during my tenure as a Contract Employee for Allied. In fact, these same people gave Jacobs Engineering a positive reference about me which ultimately led to my successful hire with Jacobs.

8. As a BE&K employee, I also worked on a project for Tosco in 2003. I performed the work at the Tosco (Conoco Phillips) Refinery in Linden, New Jersey. Conoco Phillips is now the owner of that Refinery. Many industry officials still refer to the Conoco Phillips Refinery as Tosco. Once the project was over, I returned to BE&K's office in Newark, Delaware for my next assignment in August 2003.

9. At no point upon my return to the office after the Tosco project ended to the time that I was terminated on November 21, 2003, did anyone from either BE&K, including Deke Lincoln and Howe, or Tosco, including Kevin Morris or Mike Berylant, told me that they were dissatisfied with my performance on that project.

10. Tosco also gave my present employer Jacobs a positive reference about my work. In fact, I am presently assigned to a job at the Tosco (Conoco Phillips) refinery in Linden, New Jersey as a Process Lead Engineer.

11. After I returned to the BE&K Newark, Delaware office once the Tosco project ended in August 2003, BE&K Process Department Manager Pete Howe told me that I would be working on the Motiva Flare Network Modeling project. The purpose of this project was to ensure that flare system at the Motiva Delaware City refinery in Delaware City, Delaware was capable of handling the current and future pressure relief loads in the refinery. I was qualified to do that work and had done it previously in my career. Howe actually handed me a large binder of materials to help assist me with the project. However, I never heard from Howe again about the project and did no work for it.

12. As a result of my education, experience and skill, I could do any of the tasks performed by the other BE&K Process Engineers in the Process Department. This includes relief device and process hazard review work, all of which I had done before while employed by BE&K.

13. I recall also working on a Dupont Relief Device project in 2002 for less than a year. The Dupont client liason was Dan Dayton. I do not recall anyone ever telling me that Dayton wanted me removed from that project for alleged poor performance.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
JUAN OBED PEREZ

Subscribed and sworn before me
this _____ day of September 2006

_____
Notary Public

My Commission expires:

B 288