UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | (KAJ) |
| BE&K ENGINEERING COMPANY (Subsidiary of BE&K, Inc.), | ) ) ) | |
| Defendant. | ) | |

_____

PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

Jacqueline H. McNair
Regional Attorney
Judith O'Boyle
Supervisory Trial Attorney


_____/S/_____
Woody Anglade
Trial Attorney
Equal Employment Opportunity
Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA  19106
(215) 440-2814


COLM F. CONNOLLY
United States Attorney


Douglas McCann
Civil Chief
Delaware Bar I.D. No. 2901
The Nemours Bldg.
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

Dated:  October 24, 2006

i

## TABLE OF CONTENTS

TABLE OF CITATIONS..................................................................................................iii

SUMMARY OF ARGUMENT...........................................................................................iv

ORDER OF COURT......................................................................................................v

PLAINTIFF EEOC'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE...........1

I.      NATURE AND STAGE OF THE PROCEEDING...............................................................1

II.     ARGUMENT.......................................................................................................2

        A.      The Technical Deficiencies Alleged with Respect to the Swamy Letter Have Been Promptly    Cured    and    Therefore    the    Letter    Should    Not    Be Stricken................................................................................................2

        B.      While a Draft of the Perez Affidavit Was Inadvertently Electronically Filed, the Properly Executed Perez Affidavit Was Served Upon the Court and Defendant...........4

        C.      The Swamy Letter Satisfies the Substantive Requirements of Rule 56.............5

        D.      The Perez Affidavit Is Not a Sham Affidavit Because It Clarifies Perez's Prior Deposition Testimony.............................................................................9

                1.      Perez Paragraph 6 Does Not Contradict Perez's Prior Deposition Testimony....9

                2.      The Last Sentence of Paragraph 8 and the First Sentence of Paragraph 11 in Perez's Affidavit Should Not Be Stricken Because an Alleged Minor Discrepancy Does Not Warrant the Applicable Portions to be Stricken..........11

                3.      Paragraph 11 of Perez's Affidavit Does Not Contradict His Deposition Testimony....................................................................................12

III.    CONCLUSION.....................................................................................................14

CERTIFICATE OF SERVICE.....................................................................................15

TABLE OF CITATIONS

**Federal Cases**

Baer v. Chase, 392 F.3d 609 (3d Cir. 2004) ................................................................. 11, 12

Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002) ........................................................ 9

Bee v. Loyal 719, United Auto Workers, 744 F. Supp. 835 (N.D. Ill. 1990) ...................... 2

Blanchard v. Ross, No. 97-19956, 1998 U.S. Bankr. WL 643095 (E.D. Pa. Sept. 11, 1998) .... 2

Brokenbaugh v. Exel Logistics North America, Inc., 174 Fed. Appx. 39, 43 (3d Cir. 2006) ...... 3

Brooks v. Barnhart, 78 Fed. Appx. 52, 59 (10th Cir. 2003) .................................................. 7

Chambless v. Masters, 571 F. Supp. 1430 (S.D.N.Y. 1983) ................................................. 5

Clark v. Resistoflex Co., a Div. of Unidynamics Corp., 854 F.2d 762, 766-767 (5th Cir. 1988) .... 9

Christiana Marine Service Corp. v. Seaboard Shipping Corp., No. 96-8705, 1997 U.S. Dist. WL 587292,
    at *3 fn. 2 (E.D. Pa. Sept. 10, 1997) ........................................................................... 5

Cronin v. Martindale Andres & Co., 159 F.Supp.2d 1 (E.D. Pa. 2001) ............................... 13

Deary v. Evans, 570 F.Supp. 189, 194 n. 6 (D.V.I. 1983) .................................................. 5

Farrell v. Planters Lifesavers Co., 206 F.3d 271 (3d Cir. 2000) ..................................... 11, 13

Gossett v. Oklahoma, 245 F.3d 1172, 1179 (10th Cir. 2001) .............................................. 7

Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991) ................................................ 9

Kraemer v. Franklin and Marshall College, 909 F. Supp. 268, 270 (E.D. Pa. 1995) ........... 8

Liberty Curtin Concerned Parents v. Keystone Central School Dist., 81 F.R.D. 590, 604 (M.D. Pa 1978) .... 4

Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911-12 (2d Cir. 1997) ............................. 7

Liotta v. National Forge Co., 629 F.2d 903, 907 (3d Cir. 1980), cert. denied 451 U.S. 970 (1981) .... 5

Litton Industries, Inc. v. Lehman Brothers, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds,
    967 F.2d 742 (2d Cir. 1992) ........................................................................................ 8

Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972) ............... 5

Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 579 (2d Cir. 1969) ................... 5

Pfiel v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985), cert. denied, 475 U.S. 1107 (1986) ..... 2

Powell v. GAF Corp., 760 F.Supp. 469, 471 (W.D. Pa. 1990) ............................................ 9

Roberts v. Hochstetler, 592 F. Supp. 703, 707 (D.C. Ind. 1983) ........................................ 5

Seeber v. Williams Companies, Inc., No. 04-451, 2006 U.S. Dist. WL 2524249, at *6-7 (N.D. Okla. Aug. 28, 2006) 8

Sewell v. Dever, 581 Supp. 556, 558 (W.D. Pa. 1984) ....................................................... 5

Tukesbrey v. Midwest Transit, Inc., 822 F. Supp. 1192, 1198 (W.D. Pa. 1993) ............... 2, 4

United States v. Johns-Manville Corp., 245 F. Supp. 74 (E.D. Pa. 1965) .......................... 5

United States v. 225 Cartons, More or Less of an Article or Drug, 871 F.2d 409, 414 fn. 4 (3d Cir. 1989) .... 3

Walker v. Faith Technologies, Inc., 344 F.Supp.2d 1261, 1274 (D. Kan. 2004) ................. 8

Wilkins v. Packerware Corp., No. 04-4024, 2006 U.S. Dist. WL 2805674 (D. Kan. Sept. 29, 2006) .... 7

**Federal Statutes**

28 U.S.C. § 1746 ................................................................................................................ 2, 3

28 U.S.C. § 1746(2) ............................................................................................................... 2

29 U.S.C. § 623(a)(1) ............................................................................................................. 1

**Other Authorities**

Federal Rule of Civil Procedure 56(e) .............................................................................. 2, 5

Federal Rule of Evidence 701 ................................................................................................. 6

## SUMMARY OF ARGUMENT

Defendant's motion to strike should be denied because Defendant has promptly cured any alleged defects pertaining to the Narayan Swamy letter and Juan Perez affidavit.

1.    Upon first learning of Defendant alleging that the dated June 27, 2006 Swamy letter did not satisfy the technical requirements of Fed. R. Civ. P. 56(f), the Equal Employment Opportunity Commission ("EEOC" or "Commission") promptly had Mr. Swamy submit a Supplemental Declaration affirming the contents of his letter under the penalty of perjury.

2.    The Commission inadvertently electronically filed a draft of the Perez affidavit, as opposed to the properly executed version.   However, the EEOC had mailed copies of the properly executed Perez affidavit to the Court's Chambers and Defendant on September 28, 2006.   After confirming with the Court and Defendant on October 10, 2006 that they did indeed receive the correct Perez affidavit, the EEOC electronically filed a copy of the properly executed Perez affidavit on the docket report.

3.    The Swamy letter is not based on unsupported and conclusory allegations.   The content of the text of his letter is based upon his own personal knowledge.

4.    The Perez affidavit does not make contradictory and inconsistent statements to intentionally create an issue of fact.   The affidavit merely clarifies the record and his previous deposition testimony.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 05-697 |
| v. | ) | (KAJ) |
| | ) | |
| BE&K ENGINEERING COMPANY (Subsidiary of BE&K, Inc.), | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

### ORDER OF COURT

AND NOW, this _____ day of _____, 2006, upon consideration of the Defendant's Motion to Strike and the Plaintiff EEOC's Response in Opposition thereto,

IT IS HEREBY ordered, adjudged and decreed that Defendant's said motion is DENIED in its entirety.

_____
KENT A. JORDAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | (KAJ) |
| BE&K ENGINEERING COMPANY (Subsidiary of BE&K, Inc.), | ) ) ) | |
| Defendant. | ) | |

_____

**PLAINTIFF EEOC'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Plaintiff EEOC opposes Defendant BE&K Engineering Company's Motion to Strike because the Commission can establish that the Swamy letter and the Perez affidavit meet the technical and substantive requirements set forth in Rule 56.

**I.      NATURE AND STAGE OF THE PROCEEDING**

On or about September 23, 2005, Plaintiff EEOC filed a Complaint against Defendant BE&K Engineering Company ("Defendant" or "BE&K") alleging that Defendant laid off Juan Obed Perez, then age 54, on the basis of his age in violation of the Section 4(a)(1) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). (See Exhibit 1). On September 5, 2006, Defendant moved for summary judgment arguing that BE&K did not discriminate against Mr. Perez based on his age.

The Commission electronically filed a response in opposition to Defendant's summary judgment motion on September 27, 2006. As part of the EEOC's opposition, the Commission submitted a dated June 27, 2006 letter from former Defendant employee Narayan Swamy (See Exhibit 2), and an affidavit from Juan Perez (See Exhibit 3). Copies of Plaintiff's opposition, including the Swamy letter and Perez affidavit were mailed to Defense Counsel and the Court's Chambers on September 28, 2006. (See Exhibit 4).

1

On October 4, 2006, Defendant filed the instant Motion to Strike arguing that the Swamy letter and Perez affidavit do not comply with the basic requirements of Rule 56(e), and therefore both must be stricken from the record in their entirety, and not considered in opposition to the pending motion for summary judgment.

In Plaintiff's Opposition to the Motion for Strike, the Commission submits that both documents satisfy the technical and substantive requirements of Rule 56 and therefore should not be stricken from the record. Accordingly, for reasons set forth in detail below, the Commission requests that the Court deny Defendant's Motion to Strike in its entirety.

## II. <u>ARGUMENT</u>

### A. The Technical Deficiencies Alleged with Respect to the Swamy Letter Have Been Promptly Cured and Therefore the Letter Should Not Be Stricken.

Federal Rule of Civil Procedure 56(e) requires that affidavits and other materials submitted in support or opposition to a motion for summary judgment be sworn or certified. Matters which are not sworn or certified should be stricken. <u>See</u> <u>Tukesbrey v. Midwest Transit, Inc.</u>, 822 F. Supp. 1192, 1198 (W.D. Pa. 1993); <u>Blanchard v. Ross</u>, No. 97-19956, 1998 U.S. Bankr. WL 643095 (E.D. Pa. Sept. 11, 1998); <u>Bee v. Loyal 719, United Auto Workers</u>, 744 F. Supp. 835 (N.D. Ill. 1990). Nonetheless, 28 U.S.C. § 1746 provides that unsworn written declarations which substantially conform to a statutorily prescribed form and are dated and signed by the maker have the same force and effect as sworn declarations. <u>Tukesbrey</u>, 822 F. Supp. at 1998; <u>Blanchard</u>, 1998 U.S. Bankr. WL 643095 at *2; <u>Pfiel v. Rogers</u>, 757 F.2d 850, 859 (7th Cir. 1985), <u>cert</u>. <u>denied</u>, 475 U.S. 1107 (1986) ("[a]ffidavits are admissible in summary judgment proceedings if they are made under penalties of perjury …"). The form provided in the statute is:

> I declare (or certify, verify, or state) under penalty or perjury that the foregoing is true and correct. Executed on (date).
>
> (signature). 28 U.S.C. § 1746(2).

2

In Brokenbaugh v. Exel Logistics North America, Inc., 174 Fed. Appx. 39, 43 (3d Cir. 2006), plaintiff argued that the affidavit submitted by defendant was defective because it failed to include the jurat, acknowledgement, notarization or any other indication that the person swore or affirmed the text of the affidavit before a person authorized to administer oaths. In response, defendant pointed out that it resolved the issue by submitting a Supplemental Declaration that contained the same information as the affidavit in a form that complied with 28 U.S.C. § 1746, and thus was considered a valid affidavit for purposes of Rule 56. See also United States v. 225 Cartons, More or Less of an Article or Drug, 871 F.2d 409, 414 fn. 4 (3d Cir. 1989) (these declarations were filed under penalty of perjury pursuant to 28 U.S.C. § 1746 (1982) and thus satisfy the affidavit requirement of Rule 56).

Here, upon learning that Defendant objected to Mr. Swamy's dated June 27, 2006 letter as not satisfying the technical requirements of an affidavit submitted pursuant to Rule 56, the Commission immediately contacted Mr. Swamy and had him execute a Supplemental Declaration affirming the contents of his dated June 27, 2006 letter. (Exhibits 4 & 5). Therefore, the Commission has promptly cured this alleged defect and the Swamy letter should be deemed a valid affidavit.

Furthermore, Defendant cannot claim that it has been prejudiced by the delay in curing the alleged defect. Counsel for Plaintiff electronically filed the EEOC's response in opposition to Defendant's summary judgment motion on September 27, 2006. Plaintiff's Counsel then left the country on September 28, 2006 to begin a previously scheduled vacation. Prior to leaving, Plaintiff's Counsel advised Defense Counsel that he would be out of the country on vacation starting on September 28, 2006 and that he would not be returning to his EEOC Philadelphia District office until October 10, 2006. (See Exhibit 4).

On Tuesday, October 10, 2006, Counsel for Plaintiff returned to his office for the first time since filing the EEOC opposition to summary judgment. He learned that Defendant had sent him an October 2, 2006 e-mail indicating that the Swamy letter and Perez affidavit did not comply with the requirements of Rule 56(e). Then, Plaintiff's Counsel discovered that Defendant had filed a motion to strike on October

4, 2006. The motion argued, among other things, that the Swamy letter was not sworn or certified, and that the Perez affidavit was unsigned, undated and not sworn. Plaintiff's Counsel immediately contacted Narayan Swamy and instructed him to execute a notarized Supplemental Declaration affirming the contents of his June 27, 2006 letter. (See Exhibits 4 & 5).

Therefore, there is no prejudice to Defendant since the alleged defects have been promptly corrected. See Tukesbrey, 822 F. Supp. at 1198 (motion to strike denied where although plaintiff initially submitted an unsworn affidavit which was not accompanied by the required subscription, the defect was promptly cured and defendant was not prejudiced by the delay); see also Liberty Curtin Concerned Parents v. Keystone Central School Dist., 81 F.R.D. 590, 604 (M.D. Pa 1978) (defendants' motion to strike denied where the submission of additional affidavits in support of a motion for summary judgment which states that the information contained therein was based on the personal knowledge of the declarants was sufficient to cure any defects which existed in the averment portion of the original affidavits).

**B.     While a Draft of the Perez Affidavit Was Inadvertently Electronically Filed, the Properly Executed Perez Affidavit Was Served Upon the Court and Defendant.**

As previously mentioned, the Commission electronically filed a response in opposition to Defendant's summary judgment motion on September 27, 2006. As part of the EEOC's opposition, the Commission submitted an affidavit from Juan Perez. (See Exhibit 3). Copies of Plaintiff's opposition, including the Perez affidavit were mailed to Defense Counsel and the Court's Chambers on September 28, 2006. (See Exhibit 4).

On October 10, 2006, Counsel for Plaintiff learned for the first time that a draft of the Perez affidavit was inadvertently electronically filed as opposed to the properly executed one. However, Plaintiff was able to confirm that the Court and Defendant did receive the properly executed Perez affidavit as part of the courtesy copies which were sent after the motion was electronically filed. (See Exhibit 4).

That same day on October 10, 2006, Plaintiff electronically filed the properly executed Perez affidavit which was already in the possession of the Court and Defendant. (See Exhibits 4 & 6). Since

4

Defendant already received a copy of the properly executed Perez affidavit, Defendant's motion to strike should be denied.

### C.    The Swamy Letter Satisfies the Substantive Requirements of Rule 56.

The Swamy letter is a validly executed affidavit because it is based on Mr. Swamy's personal knowledge, and therefore satisfies the substantive requirement of Rule 56.   Federal Rule of Civil Procedure 56(e) provides that an affidavit in support of or opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).   Conclusory allegations are not sufficient to raise material issues of fact.   See Roberts v. Hochstetler, 592 F. Supp. 703, 707 (D.C. Ind. 1983); Liotta v. National Forge Co., 629 F.2d 903, 907 (3d Cir. 1980), cert. denied, 451 U.S. 970 (1981); Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972).   Therefore supporting affidavits must be made on personal knowledge to avoid a motion to strike.  See Sewell v. Dever, 581 Supp. 556, 558 (W.D. Pa. 1984).

However, the Court will disregard only the inadmissible portions of a challenged affidavit and consider the admissible parts.   See Deary v. Evans, 570 F.Supp. 189, 194 n. 6 (D.V.I. 1983); see also United States v. Johns-Manville Corp., 245 F. Supp. 74 (E.D. Pa. 1965) (where affidavits contain material facts which are intermingled with conclusions of law, the court may disregard conclusions of law and consider the rest of such affidavits).   It follows that a motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection.   A motion asserting only a general challenge to an affidavit will be ineffective.  See Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 579 (2d Cir. 1969); see also Christiana Marine Service Corp. v. Seaboard Shipping Corp., No. 96-8705, 1997 U.S. Dist. WL 587292, at *3 fn. 2 (E.D. Pa. Sept. 10, 1997); see also Roberts, 592 F. Supp. at 706 (if the affidavits contain inadmissible allegations, the court must disregard those allegations and consider only the admissible portion in determining whether to grant or deny the summary judgment motion); see also Chambless v. Masters, 571 F. Supp. 1430 (S.D.N.Y. 1983) (fact that affidavits in support of motion for

summary judgment contained assertions that were legal conclusions and about which affiants had no personal knowledge was not sufficient reason to strike them; court would ignore or refrain from using those parts of the affidavits which were defective.).

Defendant mentions nothing about striking the first two paragraphs of the Swamy letter. For instance, Defendant does not specifically argue the following portion of Swamy's letter should be stricken, "[i]n May 2002, I was told by Mr. Howe, the Process Engineering Manager that my job was being terminated effective immediately … [w]hen I asked Mr. Howe the reason for my termination, I was told that there were too many senior Process Engineers and there was not enough work for them. I was 61 ½ years old at the time of my termination…" (See Exhibit 5). Consequently, paragraphs one and two should not be stricken because Defendant has not argued that they are substantively deficient.

Therefore, it appears that Defendant only seeks to specifically strike the last paragraph of the Swamy letter which reads:

> Soon after my termination, BE&K employed 2 or three junior
> process engineers. I believe that my termination [from BE&K]
> was related to my age. I also believe that this decision was
>  made by the Office Manager and Mr. Howe simply carried
>  out this decision.
> (See Exhibit 5).

Defendant argues that the Swamy letter cannot be considered an affidavit because it allegedly recites Mr. Swamy's beliefs about the circumstances surrounding his termination, and that the letter does not provide the factual basis for the stated beliefs. Largely, Defendant takes issue with Mr. Swamy statements that BE&K hired 2 or 3 junior engineers soon after his termination, and that his termination was somehow related to his age.

However, Swamy's comments are admissible pursuant to Federal Rules of Evidence 701. Under Rule 701, the testimony of a lay witness "in the form of opinions or inferences" is admissible if those opinions or inferences "are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue..." Courts generally hold admissible under Rule 701 evidence in the form of lay opinion testimony in discrimination cases when

given by a person whose position with the defendant entity provides the opportunity to personally observe and experience the defendant's policies and practices.  See Gossett v. Oklahoma, 245 F.3d 1172, 1179 (10th Cir. 2001); Brooks v. Barnhart, 78 Fed. Appx. 52, 59 (10th Cir. 2003); Wilkins v. Packerware Corp., No. 04-4024, 2006 U.S. Dist. WL 2805674, at *15 (D. Kan. Sept. 29, 2006).

In the present case, Mr. Swamy's affidavit is based on his personal knowledge and his position as a former senior process engineer at BE&K who was later terminated by Howe.  Swamy maintains that Howe told him that he was being let go because there were too many senior process engineers and not enough work for them.  Swamy then submits that he is aware that 2 or 3 junior process engineers were hired soon after he was discharged.  (See Exhibit 5).

Swamy's position as a senior process engineer managed by Howe provided him with the opportunity to observe first hand for a considerable period BE&K's policies and practices with respect to its treatment of older workers in the process department.  He based his opinions on his interaction with Howe and other Defendant officials, what he perceived happened to him, and relevant information he recalled which is already in the record.  For instance, Swamy must be referring to the hiring of Jennifer Lin and Christopher Guttridge with respect to the hiring of the junior process engineers shortly after his termination.  His opinion is based on facts that he could recall within his own observation and recollection.

As a result, paragraph 3 of Perez's Supplemental Declaration is admissible under Rule 701.  See Gossett, 245 F.3d at 1180 (affidavit admissible under Rule 701 in gender discrimination case, where affidavit demonstrated how the position of the witness as an instructor in the Nursing School and on the Admissions Committee, provided her with the opportunity to observe firsthand for several years the School's policies and practices with respect to its treatment of male students.); see also Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911-12 (2d Cir. 1997) (long-time employee was permitted to testify that he believed age discrimination was involved in the plaintiff's termination; the witness was in a position to have acquired personal knowledge of the facts that formed the basis of his opinion and had established a

solid foundation of his intimate involvement with defendant's operation and his opinion was thus based on observations about defendant's decision-making process); see also Kraemer v. Franklin and Marshall College, 909 F. Supp. 268, 270 (E.D. Pa. 1995) (plaintiff shown that she has sufficient first-hand knowledge of the facts that would allow her to testify to her opinion in age discrimination case); see also Seeber v. Williams Companies, Inc., No. 04-451, 2006 U.S. Dist. WL 2524249, at *6-7 (N.D. Okla. Aug. 28, 2006) (motion to strike affidavit denied in discrimination case where the court found that even though many of the statements in plaintiff's affidavit are her opinions, the affidavit is admissible because plaintiff's opinions about her co-workers and her perceptions about events in the office reflect her personal knowledge to the extent they are based on her experiences at defendant); see also Walker v. Faith Technologies, Inc., 344 F.Supp.2d 1261, 1274 (D. Kan. 2004) (affidavits deemed admissible in Title VII case where they described in some detail the affiants' observations and experiences while working for defendant and their predecessors for several years).

Furthermore, it does not matter that Mr. Swamy stated he believed his termination had to do with his age. Using language such as "I believe" does not show that Swamy is engaging in conjecture. See Litton Industries, Inc. v. Lehman Brothers, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992) (mere fact that summary-judgment affidavit used phrases such as "cannot believe" did not in and of itself warrant finding that affidavit was based on rank speculation, the affidavit which indicated that statements were based upon affiant's personal knowledge met personal knowledge requirement for summary judgment.). Contrary to Defendant's arguments, Swamy's beliefs about the circumstances of his termination being related to his age are based on facts within his personal knowledge. He indicates that Howe advised him he was terminated because there were too many senior process engineers, and not enough work for them. (See Exhibit 5). Then Swamy notes that Defendant hired at least 2 junior process engineers soon after his termination. (See Exhibit 5). Swamy has provided the facts to justify his beliefs. Such opinion testimony is admissible and therefore paragraph 3 of Swamy's letter should not be stricken.

8

**D.     The Perez Affidavit Is Not a Sham Affidavit Because It Clarifies Perez's Prior Deposition Testimony.**

The Perez affidavit is a valid and substantively sound affidavit.  It does not contradict his prior deposition testimony.  When without a satisfactory explanation, a non-movant's affidavit contradicts earlier deposition testimony, the district court may disregard the affidavit in determining whether a genuine issue of material fact exists.  Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991).  Yet, Courts do recognize situations in which sworn testimony can quite properly be corrected by a subsequent affidavit.  Where the witness was confused at the earlier deposition or for some other reason misspoke, the subsequent correcting or clarifying affidavit may be sufficient to create a material dispute of fact.  See Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002); see also Powell v. GAF Corp., 760 F.Supp. 469, 471 (W.D. Pa. 1990).

Further, a party may provide additional information via affidavit when the opposing counsel failed to sufficiently question the party about a topic.  See Clark v. Resistoflex Co., A Div. of Unidynamics Corp., 854 F.2d 762, 766-767 (5th Cir. 1988) (summary judgment based on fact issue raised by subsequent affidavit was appropriate when attorney only asked one question on subject at deposition and thus affidavit supplemented deposition testimony).  Perez's affidavit was submitted because Defendant failed to adequately question Mr. Perez about certain topics which show that the facts are in dispute.  As a result, the affidavit should not be stricken because it clarifies Mr. Perez's deposition testimony and the record to show that there are genuine issues of material fact in dispute.

**1.     Perez Paragraph 6 Does Not Contradict Perez's Prior Deposition Testimony.**

Defendant seeks to strike paragraphs 6, 8 and 11 of Perez's affidavit.  These requests should be denied in its entirety.  Paragraph 6 of Perez's affidavit states the following:

> 6.     I went over the budget hours for the 2002 Motiva project because I was not consulted on the number of hours needed to complete the work, which is typically done at BE&K.  Further, BE&K under budgeted the hours for that project because this

9

was their first contract with Motiva. BE&K wanted
to ensure that they got repeat business from the client.

Defendant claims that Mr. Perez's affidavit has directly contradicted his deposition testimony.
To the contrary, paragraph 6 of the affidavit simply clarifies what Perez had said during his deposition
testimony. Perez testified to the following with respect to the 2002 Motiva project during his deposition:

> "BE&K wanted this project very, very much because was going to
> be the first one, the very first one, and they wanted to prove them
> self for future, future projects. And for this particular project,
> being a lump sum, meaning that BE&K was going to do it for a
> set cost, set amount of hours, they bid on it. **And the way the
> whole estimate that was done in terms of the man-hours
> required was not done as the regular way.** Somebody in
> management, could be the project manager, with maybe other
> experienced people, they came up with the amount of engineering
> hours." (See Exhibit 7 at p. 216: 8-19).[1]

Perez then testified that:

> "[s]o they did negotiations with B and -- with Motiva. We were told,
> and I'm not the only person, there were other people, that they bid,
> tried to bid the lowest and they did the one below what normally
> they had done the project to get in. They thought that, and the philosophy
> is that then by doing other projects they would recover. None of the
> disciplines that got involved with that project as far as mine and as
> far as the project engineer that was handling the project, they told us,
> '[y]ou're going to work in this project, this is the amount of hours that
> are allocated.' We didn't have any, anything to say about the hours. And
> I was not the only that was kind of complaining about what it has been
> done, not what BE&K did in a way, but we know BE&K bid it pretty low."
> (See Exhibit 7 at p. 217: 1-16).

Here, the above cited deposition testimony is consistent with Perez's affidavit. The deposition
testimony shows that this was Defendant's first project with Motiva, and process engineers such as Perez
were not consulted about the hours needed for the project as what is typically done. Further, the
deposition testimony shows that Defendant bid low on the first Motiva project because BE&K believed
they would be able to recover from the initial low bid to attain future projects.

Just because Perez did not use the words "underbudget" during his deposition does not mean that
he now has contradicted his deposition testimony. References to Defendant under budgeting the hours,

---

[1] Exhibit 7 consists of various pages of Juan Perez's deposition testimony.

10

giving "strict hours," or bidding low on the initial project with the hope of getting later work all reflect the same intent with respect to the first Motiva project. The bottom line was that Defendant purposefully did not consult Perez about the number of hours needed to complete the project as is typically done because Defendant bid low to ensure repeat business from Motiva in the future. Therefore, Perez had fewer hours to complete his work which resulted in him going over the budgeted hours. Perez's affidavit simply clarifies his deposition testimony to show why he went over hours for the first Motiva project. There clearly is no contradiction.

Even present BE&K process department manager John Trexler testified that sole process engineers working on a project are typically consulted about the number of hours needed for a project before it is constructed. (See Exhibit 8). Therefore, there is additional evidence in the record to support Mr. Perez's explanation. See Baer v. Chase, 392 F.3d 609, 626 (3d Cir. 2004) (summary judgment reversed where plaintiff's ability to point to evidence in the record that corroborates his later affidavit alleviates the concern that he merely filed an erroneous certification out of desperation to avoid summary judgment).

Lastly, while Defendant argues that Perez at no time testified that the engineer on a project was consulted as a matter of course on the hours needed to complete the project, it is clear that Defendant at no time asked Perez the specific question of whether an engineer is consulted as a matter of course on the hours required to complete a project. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 284 (3d Cir. 2000) (disagreeing with the District Court where employee's statement in certification in opposition to motion for summary judgment, that supervisor's demeanor changed after employee rejected his advance, did not contradict employee's deposition testimony in which she made no reference to such alleged conduct, and statement thus was admissible in Title VII retaliation and quid pro quo sexual harassment action, where employee was not asked in deposition about how supervisor responded to alleged rejection). Defendant has submitted no testimony showing that its attorney clearly and ambiguously asked Perez

whether the engineers are consulted as a matter of course on the hours needed to complete a project. Consequently, there is no contradiction here and paragraph 6 of Perez's affidavit should not be stricken.

      **2.**      **The Last Sentence of Paragraph 8 and the First Sentence of Paragraph 11 in Perez's Affidavit Should Not Be Stricken Because An Alleged Minor Discrepancy Does Not Warrant the Applicable Portions to be Stricken.**

Perez's affidavit states that he left the Tosco job site in August 2003. According to Defendant, this statement contradicts Perez's deposition testimony where he indicated that he returned to the BE&K Newark, Delaware office after the Tosco job ended in May 2003. However, this is a harmless and insignificant discrepancy, which cannot possibly lead to an exclusion of evidence. Mr. Perez testified at his deposition, the best he could recall about the time period when he stopped working at Tosco was May 2003:

> Q:     When did you stop working on site at Tosco?
> A:     Just likely before -- well, maybe around May. Right now that's what I recall, May.
> Q:     Okay.
> A:     May 2003.
> (See Exhibit 7 at 232:2-6.)

Perez stated that May 2003 was the best he could recall. He did not testify that he definitively left Tosco in May 2003. Besides, the months of May and August are only approximately three months apart. This is a harmless and insignificant discrepancy which cannot possibly lead to an exclusion of evidence. See Baer, 392 F.3d at 624 (merely because there is a discrepancy between deposition testimony and the deponent's later affidavit a district court is not required in all cases to disregard the affidavit).

      **3.**      **Paragraph 11 of Perez's Affidavit Does Not Contradict His Deposition Testimony.**

Defendant mistakenly seeks to rely on the sham affidavit doctrine to justify striking paragraph 11 of Perez's affidavit. Defendant takes issue with the fact that Perez stated in his affidavit that BE&K process department manager Peter Howe told him that he would be working on a Motiva Flare Networking Modeling project. (See Exhibit 3). Defendant argues that Perez never mentioned the existence of this potential project during his deposition. Yet, Defendant never asked Perez about this particular project.

Defendant argues that Perez was questioned at length during his deposition about the various projects he was assigned, and at no time made any mention of a Motiva Flare Network Modeling Project. However, Defendant's brief does not cite to any deposition testimony showing that Perez was specifically asked about any potential projects Howe stated he would assign Perez. Further, Defendant's brief also does not cite to any testimony showing that Perez was asked about any conversations between him and Howe relating to any upcoming projects during this time period. Moreover, Defendant never specifically asked Mr. Perez about that particular project. Perez cannot be expected to provide answers to questions he was never asked. See Farrell, 206 F.3d at 284 (where employee's statement in certification in opposition to motion for summary judgment, that supervisor's demeanor changed after employee rejected his advance, did not contradict employee's deposition testimony in which she made no reference to such alleged conduct, where employee was not asked in deposition about how supervisor responded to alleged rejection); see also Cronin v. Martindale Andres & Co., 159 F.Supp.2d 1, 9-10 (E.D. Pa. 2001) (rule that a party may not inject an issue of fact into the record by disputing with an affidavit their own earlier testimony given under oath does not apply where the earlier testimony is either ambiguous or confusing). Perez mentioned this Motiva project in his affidavit to clarify the record. Therefore, paragraph 11 should not be stricken.

III.    <u>**CONCLUSION**</u>

Based on the foregoing articulated arguments in response to Defendant's Motion to Strike, Plaintiff EEOC requests that this Court promptly deny Defendant's Motion.

<div style="margin-left:40%">

Jacqueline H. McNair
Regional Attorney
Judith O'Boyle
Supervisory Trial Attorney


_____/S/_____
Woody Anglade
Trial Attorney
Equal Employment Opportunity
Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA  19106
(215) 440-2814


COLM F. CONNOLLY
United States Attorney


Douglas McCann
Civil Chief
Delaware Bar I.D. No. 2901
The Nemours Bldg.
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

</div>

Dated:  October 24, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | (KAJ) |
| BE&K ENGINEERING COMPANY (Subsidiary of BE&K, Inc.), | ) ) ) | |
| Defendant. | ) | |

_____

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff EEOC's Brief in Opposition to Defendant's Motion to Strike was electronically filed the 24th day of October 2006. I further certify that a true and correct copy of Plaintiff EEOC's supporting documents to the Motion were filed electronically on the 24th day of October 2006 and sent to the following:

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
(Attorney for Defendant)

Dated: October 24, 2006

_____/s/_____
Woody Anglade
Trial Attorney
U.S. EEOC

15