## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                             )
                     Plaintiff, )    CIVIL ACTION NO. 05-697
                                             )    (KAJ)
     v. )
                                               )
BE&K ENGINEERING COMPANY )
(Subsidiary of BE&K, Inc.), )
                                               )
                   Defendant )
                                               )

## APPENDIX TO PLAINTIFF, EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S
## MOTION TO STRIKE

> Jacqueline H. McNair
> Regional Attorney
> Judith O'Boyle,
> Supervisory Trial Attorney
>
> Woody Anglade
> Trial Attorney
> Equal Employment Opportunity
> Commission
> Philadelphia District Office
> 21 S.5th Steret, Suite 400
> Philadelphia, PA 19106
> (215) 440-2814
>
> COLM F. CONNOLLY
> United States Attorney
>
> Douglas McCann
> Civil Chief
> Delaware Bar I.D. No. 2901
> The Nemours Bldg.
> 1007 Orange Street, Suite 700
> P.O. Box 2046
> Wilmington, DE 19899-2046
> (302) 573-6277

Dated: October 24, 2006

## TABLE OF CONTENTS

Exhibit 1 Complaint
(B 30-36 of Plaintiff's Appendix in Opposition to Defendant's Summary Judgment Motion)

Exhibit 2 Narayan Swamy Letter
(B 285 of Plaintiff's Appendix in Opposition to Defendant's Summary Judgment Motion)

Exhibit 3 Juan Obed Perez Affidavit
(B 286-288 of Plaintiff's Appendix in Opposition to Defendant's Summary Judgment Motion)

Exhibit 4 Woody Anglade Affidavit in Opposition to Defendant's Motion to Strike

Exhibit 5 Naryan Swamy Supplemental Declaration

Exhibit 6 EEOC October 10, 2006 Electronic Filing of Perez Affidavit

Exhibit 7 Selected Portion of Juan Obed Perez's Deposition Testimony
(B 102-103, 109 of Plaintiff's Appendix in Opposition to Defendant's Motion for Summary Judgment)

Exhibit 8 Testimony from John Trexler's Deposition
(B 272 of Plaintiff's Appendix in Opposition to Defendant's Motion for Summary Judgment)

Exhibit 9 Westlaw Cases

# EXHIBIT 1

United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

Woody Anglade
Counsel for Plaintiff

2005 SEP 23  AH 11: 21

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.     0 5   6 9 7 |
| v. | ) ) ) | |
| BE&K ENGINEERING COMPANY (SUBSIDIARY OF BE & K, INC.), | ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendants. | ) ) ) | |

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful

employment practices on the basis of age, and to provide appropriate relief to Juan Perez who was

adversely affected by such practices. As alleged with greater particularity in Paragraph 7 below, the

Commission alleges that Defendant, BE & K Engineering Company (Subsidiary of BE & K, Inc.),

discriminated against Mr. Perez, based on his age, then age fifty-four (54), when he was terminated

from his Senior Process Engineer position, despite Defendant recently hiring a significantly younger

and less qualified Engineer. As a result of the alleged discrimination, Mr. Perez suffered income and

backpay losses.

**B 30**

1

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant, BE & K Engineering Company, (Subsidiary of BE & K, Inc.) (the "Employer" or "BE & K"), has continuously been doing business in the State of Delaware and the City of Newark, and has continuously had at least 20 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

2

B 31

CONCILIATION

6.      Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7.      Since at least 2003, the Defendant Employer has engaged in unlawful employment practices by unlawfully subjecting Juan Perez to disparate treatment based upon his age, then age fifty-four (54), in violation of Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b). The unlawful employment practices include, but are not limited to, the following:

(a)      In or about February 1993, Mr. Perez began working for Defendant as a Lead Engineer.  At that time, he had earned his Bachelor's Degree in Engineering in 1975 and had extensive years of experience as an Engineer.  Later that year, he began working for a Refining Company as a Senior Process Engineer.  In 1997, he went to work for another Refining Company as a Senior Process Engineer.

(b)      In or about 1999, Mr. Perez returned to Defendant, BE & K, and began working as a Senior Process Engineer.

(c)      At all relevant times during his employment with Defendant, Mr. Perez received good performance evaluations and never received any disciplinary actions.

(d)      In January 2003, Mr. Perez was informed by his Manager that the work load was slow, and the work outlook "looked pessimistic."  However, Juan Perez continued to work as

3

B 32

requested.

(e)    In July 2003, Mr. Perez noticed that Defendant hired a less qualified and significantly younger recent college graduate, age twenty-two (22), to a less Senior Engineer 2 position. Defendant told the young college graduate upon his hire, that BE & K was looking to hire younger Engineers.

(f)    On or about November 21, 2003, Mr. Perez was laid off. He was fifty-four (54) years old at the time. Defendant subsequently discharged four (4) other Engineers, all ranging in age from 41-64.

(g)    Juan Perez immediately questioned his termination and the hiring of the younger and less qualified college graduate with his Manager, given that Mr. Perez was told that the workload was slow and he could have been retained. The Manager responded that Defendant "needed to start hiring younger people to rejuvenate the workforce."

(h)    At the time of Mr. Perez's termination, he had almost thirty (30) years of experience as an Engineer and was widely respected by his colleagues for his work.

(8)    The effect of the practices complained of in paragraph 7(a)-(h) above have been to deprive Juan Perez of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

(9)    The unlawful employment practices complained of in paragraphs 7(a)-(h) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors,

4

B 33

assigns and all persons in active concert or participation with it, from engaging in discrimination based on age, and any other employment practices which discriminate based on age and because of protected activity.

B.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make Juan Perez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place reinstatement of Juan Perez, or frontpay, in lieu thereof, if reinstatement is not feasible.

D.    Order Defendant Employer to pay Juan Perez liquidated damages for its willful conduct described in paragraph 7(a)-(h) above, in amounts to be determined at trial.

E.    Grant such further relief as the Court deems necessary and proper in the public interest.

F.    Award the Commission its costs of this action.

5

B 34

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

WOODY ANGLADE
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2814 (PHONE)
(215) 440-2848 (FAX)

6

B 35

COLM F. CONNOLLY
United States Attorney

RUDOLPH CONTRERAS
Chief, Civil Division
Assistant United States Attorney
1007 Orange Street
Suite 700
Post Office Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

7

B 36

**EXHIBIT 2**

Narayan Swamy
7 Tally Road
Hamilton, NJ 08619
6/27/2006

**To whom it may concern**

I joined BE&K in their Newark, Delaware office in October 1994 worked as a Senior Process Engineer. My official title was "Design Specialist". I left BE&K in September 1996 to join Fluor Daniel at their Marlton, NJ office since it was closer to my home. I had very good performance reviews during this period and the Process Manager from DuPont, with whom I worked on the PTFE project during this time, sent an e-mail statement at the time of my departure, praising my technical and process knowledge.

When the Fluor Daniel office in New Jersaey closed in 2000, I rejoined BE&K in their Newark, Delaware office in March 2000 and woked as a Senior Process Engineer. In May 2002, I was told by Mr. Howe, the Process Engineering Manager that my job was being terminated effective immediately. During this period, I had good reviews which pointed out my superior technical knowledge and competence. I was also complemented by the Project Manager for my performance. When I asked Mr. Howe the reason for my termination, I was told that there were too many senior Process Engineers and there was not enough work for them. I was 61 ½ years old at the time of my termination. At the time of my termination, I was working on the design of relief valves for some DuPont projects.

Soon after my termination, BE&K employed 2 or three junior process engineers. I believe that my termination was related to my age. I also believe that this decision was made by the Office Manager and Mr. Howe simply carried out this decision.

*Narayan Swamy*

(Narayan Swamy)

B 285

EEOC 0000000567

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                    )
            Plaintiff, )
                                    )       CIVIL ACTION NO. 05-697
      v. )                                  (SLR)
                                    )
BE&K ENGINEERING COMPANY, )
(Subsidiary of BE&K, Inc.) )
                                    )
            Defendant. )

## AFFADVIT OF JUAN OBED PEREZ

I, Juan Obed Perez, do hereby depose and state as follows:

1.      I am presently employed at Jacobs Engineering Group, Inc. ("Jacobs") as a Lead Process

Engineer in Mount Laurel, New Jersey. I started working for Jacobs in August 2006.

2.      Previous to working for Jacobs, I worked for Allied Resources Technical Consultants

("Allied") as a Contract Employee from August 2004 to August 2006. Allied had assigned me to

work as a Senior Process Engineer at the Delaware City Refinery in Delaware. This Delaware

City Refinery used to be owned by Motiva. It was then purchased by Premcor and is now owned

by Valero. Many industry people still refer to it as the Delaware City Refinery. I worked at this

Delaware City Refinery (Valero) during my entire tenure with Allied.

3.      Prior to being employed by Allied, I was employed by BE&K Engineering Company in

Newark, Delaware ("BE&K") as a Senior Process Engineer from approximately February 2000 to

November 2003. This was the second time I began working for BE&K. On or about November

21, 2003, my supervisor Pete Howe told me that I was laid off because of lack of work.

4.      While working for BE&K, I worked on a number of projects. One of the projects I

worked on was the Motiva CCR Vent Scrubber project in 2002. The work was done at the

Motiva Delaware City Refinery in Delaware. This is the same refinery where I performed work

B 286

1

work for Valero as an Allied Contract Employee from approximately August 2004 to August 2006. I was the Lead Process Engineer for BE&K on the 2002 CCR Vent Scrubber.

5.    This was BE&K's first contract with Motiva. I helped BE&K secure this contract as a result of the contacts I made at Motiva when I had previously worked there earlier in my career.

6.    I went over the budget hours for the 2002 Motiva project because I was not consulted on the number of hours needed to complete the work, which is typically done at BE&K. Further, BE&K under budgeted the hours for that project because this was their first contract with Motiva. BE&K wanted to ensure that they got repeat business from the client.

7.    No one from Motiva ever told me that they were dissatisfied with my performance on the Motiva 2002 project. Again, I started working at the Delaware City Refinery (Valero) as a Contract Employee in August 2004. This is the same Motiva Refinery that I have mentioned throughout my affidavit. Many of the Motiva people that I worked with in 2002 as an employee for BE&K still worked for that Refinery during my tenure as a Contract Employee for Allied. In fact, these same people gave Jacobs Engineering a positive reference about me which ultimately led to my successful hire with Jacobs.

8.    As a BE&K employee, I also worked on a project for Tosco in 2003. I performed the work at the Tosco (Conoco Phillips) Refinery in Linden, New Jersey. Conoco Phillips is now the owner of that Refinery. Many industry officials still refer to the Conoco Phillips Refinery as Tosco. Once the project was over, I returned to BE&K's office in Newark, Delaware for my next assignment in August 2003.

9.    At no point upon my return to the office after the Tosco project ended to the time that I was terminated on November 21, 2003, did anyone from either BE&K, including Deke Lincoln and Howe, or Tosco, including Kevin Morris or Mike Berylant, told me that they were dissatisfied with my performance on that project.

2

B 287

10.    Tosco also gave my present employer Jacobs a positive reference about my work.  In fact, I am presently assigned to a job at the Tosco (Conoco Phillips) refinery in Linden, New Jersey as a Process Lead Engineer.

11.    After I returned to the BE&K Newark, Delaware office once the Tosco project ended in August 2003, BE&K Process Department Manager Pete Howe told me that I would be working on the Motiva Flare Network Modeling project.  The purpose of this project was to ensure that flare system at the Motiva Delaware City refinery in Delaware City, Delaware was capable of handling the current and future pressure relief loads in the refinery.  I was qualified to do that work and had done it previously in my career. Howe actually handed me a large binder of materials to help assist me with the project.  However, I never heard from Howe again about the project and did no work for it.

12.    As a result of my education, experience and skill, I could do any of the tasks performed by the other BE&K Process Engineers in the Process Department.  This includes relief device and process hazard review work, all of which I had done before while employed by BE&K.

13.    I recall also working on a Dupont Relief Device project in 2002 for less than a year.  The Dupont client liason was Dan Dayton.  I do not recall anyone ever telling me that Dayton wanted me removed from that project for alleged poor performance.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/25/2006

JUAN OBED PEREZ

Subscribed and sworn before me
this 25 day of September 2006

Notary Public

My Commission expires:                                    B 288

LINETTE MORGAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 10, 2010

3

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )
                Plaintiff,            )
                                      )       CIVIL ACTION NO. 05-697
        v.                            )       (KAJ)
                                      )
BE&K ENGINEERING COMPANY,             )
(Subsidiary of BE&K, Inc.)            )
                                      )
                Defendant.            )

## AFFADVIT OF WOODY ANGLADE

I, Woody Anglade, do hereby depose and state as follows:

1.      I am currently employed as a Trial Attorney with the U.S. Equal Employment
Opportunity Commission ("EEOC" or "Commission") in its Philadelphia District Office.  I make this
affidavit in support of Plaintiff EEOC's Opposition to Defendant's Motion to Strike.  Except as otherwise
stated, I am providing this affidavit based upon my personal knowledge and on information obtained in
the course of my employment.

2.      On September 23, 2005, the Commission filed a complaint against BE&K Engineering
Company ("BE&K" or "Defendant") in the District of Delaware.  The Commission alleged that
Defendant terminated Charging Party Juan Obed Perez on the basis of his age in violation of the Age
Discrimination in Employment Act ("ADEA)".  (See Exhibit i Complaint).

3.      On September 5, 2006, BE&K filed a motion for summary judgment seeking to dismiss
all of the Commission's claims.  The Commission electronically filed a response in opposition to
Defendant's summary judgment motion on September 27, 2006.  As part of the EEOC's opposition, the
Commission submitted a dated June 27, 2006 letter from former Defendant employee Narayan Swamy
(See Exhibit ii Naryan Swamy letter), and an affidavit from Juan Perez (See Exhibit iii Juan Obed Perez

1

affidavit). Copies of Plaintiff's opposition papers and appendix, including the Swamy letter and Perez affidavit were mailed to the Court's Chambers and Defense Counsel on September 28, 2006.

4.      I left the country on September 28, 2006 to begin a previously scheduled vacation. Prior to my leaving, I had informed BE&K Defense Counsel Margaret DiBianchi that I would be out of the country on vacation starting on September 28, 2006 and that I would not be returning to my office until October 10, 2006. I also advised Defense Counsel that I would have no access to e-mail during my vacation.

5.      The EEOC Philadelphia District Office was closed on Monday, October 9, 2006 for the Columbus Day Holiday.

6.      On Tuesday, October 10, 2006, I returned to my office for the first time since filing the EEOC opposition in response to Defendant's summary judgment motion. Upon my return, I discovered that Defense Counsel sent me an e-mail on October 2, 2006 indicating that the Swamy letter and Perez affidavit did not comply with the requirements of Rule 56(e). (See Exhibit iv Defendant October 2, 2006 e-mail). Then I learned that on October 4, 2006, Defendant filed the pending motion to strike arguing, among other things, that the Swamy was not sworn and certified, and that the Perez affidavit was unsigned, undated and not sworn.

7.      I immediately checked the Perez affidavit on the docket report and discovered that I must have inadvertently electronically filed a draft of the affidavit, which was not executed by Mr. Perez. However, the copies which were mailed to the Court's Chambers and Defense Counsel on September 28, 2006 did include the properly executed Perez affidavit.

8.      That same day on October 10, 2006, I confirmed with the Court's Chambers and Defense Counsel that they did receive the properly executed Perez affidavit with the courtesy copies which were mailed to them. I then electronically filed the properly executed Perez affidavit. (See Exhibit v October 10, 2006 filing).

9.     I then contacted Narayan Swamy to have him cure the alleged defects of the letter he provided me in late June 2006. Mr. Swamy has since forwarded a notarized Supplemental Declaration which affirm the contents of his June 27, 2006 letter. (See Exhibit vi Swamy Supplemental Declaration).

I declare under penalty of perjury that the foregoing is true and correct.

Date: _10-24-06_

_Woody Anglade_
WOODY ANGLADE
U.S. EEOC Trial Attorney

Subscribed and sworn before me
this 24th day of October 2006

_Joan D. Gmitter_
Notary Public

My Commission expires:

Commonwealth of Pennsylvania
NOTARIAL SEAL
JOAN D. GMITTER, Notary Public
City of Philadelphia, County of Philadelphia
My Commission Expires January 24, 2010

**EXHIBIT i**

United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

Woody Anglade
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.    0 5    6 9 7 |
| BE&K ENGINEERING COMPANY (SUBSIDIARY OF BE & K, INC.), | ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendants. | ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful

employment practices on the basis of age, and to provide appropriate relief to Juan Perez who was

adversely affected by such practices. As alleged with greater particularity in Paragraph 7 below, the

Commission alleges that Defendant, BE & K Engineering Company (Subsidiary of BE & K, Inc.),

discriminated against Mr. Perez, based on his age, then age fifty-four (54), when he was terminated

from his Senior Process Engineer position, despite Defendant recently hiring a significantly younger

and less qualified Engineer. As a result of the alleged discrimination, Mr. Perez suffered income and

backpay losses.

**B 30**

1

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, BE & K Engineering Company, (Subsidiary of BE & K, Inc.) (the "Employer" or "BE & K"), has continuously been doing business in the State of Delaware and the City of Newark, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

2

B 31

CONCILIATION

6.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7.    Since at least 2003, the Defendant Employer has engaged in unlawful employment practices by unlawfully subjecting Juan Perez to disparate treatment based upon his age, then age fifty-four (54), in violation of Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b).  The unlawful employment practices include, but are not limited to, the following:

(a)    In or about February 1993, Mr. Perez began working for Defendant as a Lead Engineer.  At that time, he had earned his Bachelor's Degree in Engineering in 1975 and had extensive years of experience as an Engineer.  Later that year, he began working for a Refining Company as a Senior Process Engineer.  In 1997, he went to work for another Refining Company as a Senior Process Engineer.

(b)    In or about 1999, Mr. Perez returned to Defendant, BE & K, and began working as a Senior Process Engineer.

(c)    At all relevant times during his employment with Defendant, Mr. Perez received good performance evaluations and never received any disciplinary actions.

(d)    In January 2003, Mr. Perez was informed by his Manager that the work load was slow, and the work outlook "looked pessimistic."  However, Juan Perez continued to work as

3

B 32

requested.

(e)    In July 2003, Mr. Perez noticed that Defendant hired a less qualified and significantly younger recent college graduate, age twenty-two (22), to a less Senior Engineer 2 position. Defendant told the young college graduate upon his hire, that BE & K was looking to hire younger Engineers.

(f)    On or about November 21, 2003, Mr. Perez was laid off. He was fifty-four (54) years old at the time. Defendant subsequently discharged four (4) other Engineers, all ranging in age from 41-64.

(g)    Juan Perez immediately questioned his termination and the hiring of the younger and less qualified college graduate with his Manager, given that Mr. Perez was told that the workload was slow and he could have been retained. The Manager responded that Defendant "needed to start hiring younger people to rejuvenate the workforce."

(h)    At the time of Mr. Perez's termination, he had almost thirty (30) years of experience as an Engineer and was widely respected by his colleagues for his work.

(8)    The effect of the practices complained of in paragraph 7(a)-(h) above have been to deprive Juan Perez of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

(9)    The unlawful employment practices complained of in paragraphs 7(a)-(h) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors,

4

B 33

assigns and all persons in active concert or participation with it, from engaging in discrimination based on age, and any other employment practices which discriminate based on age and because of protected activity.

    B.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Employer to make Juan Perez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place reinstatement of Juan Perez, or frontpay, in lieu thereof, if reinstatement is not feasible.

    D.    Order Defendant Employer to pay Juan Perez liquidated damages for its willful conduct described in paragraph 7(a)-(h) above, in amounts to be determined at trial.

    E.    Grant such further relief as the Court deems necessary and proper in the public interest.

    F.    Award the Commission its costs of this action.

5

B 34

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

WOODY ANGLADE
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2814 (PHONE)
(215) 440-2848 (FAX)

6

B 35

COLM F. CONNOLLY
United States Attorney

RUDOLPH CONTRERAS
Chief, Civil Division
Assistant United States Attorney
1007 Orange Street
Suite 700
Post Office Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

7

B 36

**EXHIBIT ii**

Narayan Swamy
7 Tally Road
Hamilton, NJ 08619
6/27/2006

<u>**To whom it may concern**</u>

I joined BE&K in their Newark, Delaware office in October 1994 worked as a Senior
Process Engineer. My official title was "Design Specialist". I left BE&K in September
1996 to join Fluor Daniel at their Marlton, NJ office since it was closer to my home.
I had very good performance reviews during this period and the Process Manager
from DuPont, with whom I worked on the PTFE project during this time, sent an e- mail
statement at the time of my departure, praising my technical and process knowledge.

When the Fluor Daniel office in New Jersaey closed in 2000, I rejoined BE&K in their
Newark, Delaware office in March 2000 and woked as a Senior Process Engineer. In
May 2002, I was told by Mr. Howe, the Process Engineering Manager that my job
was being terminated effective immediately. During this period, I had good reviews
which pointed out my superior technical knowledge and competence. I was also
complemented by the Project Manager for my performance. When I asked Mr. Howe
the reason for my termination, I was told that there were too many senior Process
Engineers and there was not enough work for them. I was 61 ½ years old at the time of
my termination. At the time of my termination, I was working on the design of relief
valves for some DuPont projects.

Soon after my termination, BE&K employed 2 or three junior process engineers. I believe
that my termination was related to my age. I also believe that this decision was made by
the Office Manager and Mr. Howe simply carried out this decision.

(Narayan Swamy)

B 285

EEOC 0000000567

**EXHIBIT iii**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | (SLR) |
| BE&K ENGINEERING COMPANY, (Subsidiary of BE&K, Inc.) | ) ) ) | |
| Defendant. | ) ) | |

## AFFADVIT OF JUAN OBED PEREZ

I, Juan Obed Perez, do hereby depose and state as follows:

1.      I am presently employed at Jacobs Engineering Group, Inc. ("Jacobs") as a Lead Process Engineer in Mount Laurel, New Jersey. I started working for Jacobs in August 2006.

2.      Previous to working for Jacobs, I worked for Allied Resources Technical Consultants ("Allied") as a Contract Employee from August 2004 to August 2006. Allied had assigned me to work as a Senior Process Engineer at the Delaware City Refinery in Delaware. This Delaware City Refinery used to be owned by Motiva. It was then purchased by Premcor and is now owned by Valero. Many industry people still refer to it as the Delaware City Refinery. I worked at this Delaware City Refinery (Valero) during my entire tenure with Allied.

3.      Prior to being employed by Allied, I was employed by BE&K Engineering Company in Newark, Delaware ("BE&K") as a Senior Process Engineer from approximately February 2000 to November 2003. This was the second time I began working for BE&K. On or about November 21, 2003, my supervisor Pete Howe told me that I was laid off because of lack of work.

4.      While working for BE&K, I worked on a number of projects. One of the projects I worked on was the Motiva CCR Vent Scrubber project in 2002. The work was done at the Motiva Delaware City Refinery in Delaware. This is the same refinery where I performed work

1

B 286

work for Valero as an Allied Contract Employee from approximately August 2004 to August 2006. I was the Lead Process Engineer for BE&K on the 2002 CCR Vent Scrubber.

5. This was BE&K's first contract with Motiva. I helped BE&K secure this contract as a result of the contacts I made at Motiva when I had previously worked there earlier in my career.

6. I went over the budget hours for the 2002 Motiva project because I was not consulted on the number of hours needed to complete the work, which is typically done at BE&K. Further, BE&K under budgeted the hours for that project because this was their first contract with Motiva. BE&K wanted to ensure that they got repeat business from the client.

7. No one from Motiva ever told me that they were dissatisfied with my performance on the Motiva 2002 project. Again, I started working at the Delaware City Refinery (Valero) as a Contract Employee in August 2004. This is the same Motiva Refinery that I have mentioned throughout my affidavit. Many of the Motiva people that I worked with in 2002 as an employee for BE&K still worked for that Refinery during my tenure as a Contract Employee for Allied. In fact, these same people gave Jacobs Engineering a positive reference about me which ultimately led to my successful hire with Jacobs.

8. As a BE&K employee, I also worked on a project for Tosco in 2003. I performed the work at the Tosco (Conoco Phillips) Refinery in Linden, New Jersey. Conoco Phillips is now the owner of that Refinery. Many industry officials still refer to the Conoco Phillips Refinery as Tosco. Once the project was over, I returned to BE&K's office in Newark, Delaware for my next assignment in August 2003.

9. At no point upon my return to the office after the Tosco project ended to the time that I was terminated on November 21, 2003, did anyone from either BE&K, including Deke Lincoln and Howe, or Tosco, including Kevin Morris or Mike Berylant, told me that they were dissatisfied with my performance on that project.

2                    B 287

10.     Tosco also gave my present employer Jacobs a positive reference about my work. In fact, I am presently assigned to a job at the Tosco (Conoco Phillips) refinery in Linden, New Jersey as a Process Lead Engineer.

11.     After I returned to the BE&K Newark, Delaware office once the Tosco project ended in August 2003, BE&K Process Department Manager Pete Howe told me that I would be working on the Motiva Flare Network Modeling project. The purpose of this project was to ensure that flare system at the Motiva Delaware City refinery in Delaware City, Delaware was capable of handling the current and future pressure relief loads in the refinery. I was qualified to do that work and had done it previously in my career. Howe actually handed me a large binder of materials to help assist me with the project. However, I never heard from Howe again about the project and did no work for it.

12.     As a result of my education, experience and skill, I could do any of the tasks performed by the other BE&K Process Engineers in the Process Department. This includes relief device and process hazard review work, all of which I had done before while employed by BE&K.

13.     I recall also working on a Dupont Relief Device project in 2002 for less than a year. The Dupont client liason was Dan Dayton. I do not recall anyone ever telling me that Dayton wanted me removed from that project for alleged poor performance.

     I declare under penalty of perjury that the foregoing is true and correct.


Date: 9/25/2006

JUAN OBED PEREZ


Subscribed and sworn before me
this 25 day of September 2006


Notary Public

My Commission expires:                                    B 288

LISETTE MORGAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 10, 2010

3

**EXHIBIT iv**

From:       "DiBianca, Margaret" <mdibianca@ycst.com>
To:         "WOODY ANGLADE" <WOODY.ANGLADE@EEOC.GOV>
Date:       10/2/2006 10:27:01 AM
Subject:    BE&K Reply Brief

Woody,

I am writing in reference to pages B285-B288 of EEOC's Appendix to its
Brief filed September 27, 2006. B285 contains a signed letter by Naryan
Swamy. This letter is not admissible for purposes of FRCP 56(c), which
provides that the court may consider "the pleadings, depositions,
answers to interrogatories, and admissions on file, together with the
affidavits. . . " Mr. Swamy's unnotarized letter does not qualify,
therefore, for consideration.

Similarly, there is an unsigned, undated, and unnotarized statement
titled "Affadvit [sic] of Juan Obed Perez," found at B286-B288. This
document is also inadmissible pursuant to FRCP 56(c).

Defendant requests that EEOC withdrawal these pages from its submission.
Defendant will file a Motion to Strike should EEOC not agree to this
request. Please advise of the EEOC's position in this matter.

Sincerely,

Molly DiBianca

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR
OTHER PROTECTED INFORMATION. IF YOU BELIEVE YOU ARE NOT AN INTENDED
RECIPIENT (EVEN IF THIS MESSAGE WAS SENT TO YOUR E-MAIL ADDRESS), YOU
MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU BELIEVE YOU RECEIVED THIS
MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE
THIS MESSAGE. THANK YOU FOR YOUR COOPERATION.

**EXHIBIT v**

**WOODY ANGLADE - Activity in Case 1:05-cv-00697-KAJ Equal Employment Opportunity Commission v. BE&K Engineering Company "Appendix"**

| | |
|---|---|
| **From:** | <ded_nefreply@ded.uscourts.gov> |
| **To:** | <ded_ecf@ded.uscourts.gov> |
| **Date:** | 10/10/2006 5:18 PM |
| **Subject:** | Activity in Case 1:05-cv-00697-KAJ Equal Employment Opportunity Commission v. BE&K Engineering Company "Appendix" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Anglade, Woody entered on 10/10/2006 at 5:14 PM EDT and filed on 10/10/2006

| | |
|---|---|
| **Case Name:** | Equal Employment Opportunity Commission v. BE&K Engineering Company |
| **Case Number:** | 1:05-cv-697 |
| **Filer:** | Equal Employment Opportunity Commission |
| **Document Number:** | 56 |

**Docket Text:**
APPENDIX re [51] Appendix, *Signed Affidavit of Juan Perez B 286-288* by Equal Employment Opportunity Commission. (Anglade, Woody)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/10/2006] [FileNumber=285410-0
] [722891b4079afa894d9b70be40c3eefe0ba75b28fc56b5bfb239c8b2f5c4c67e831
655bfa83cef01dd1c29f8a8cb8beb7e882853dafa9a21b259d3ab64797fc0]]

**1:05-cv-697 Notice will be electronically mailed to:**

Woody Anglade    woody.anglade@eeoc.gov

Margaret M. DiBianca    mdibianca@ycst.com, bagostini@ycst.com; dcoles@ycst.com; rruggieri@ycst.com; kgeppert@ycst.com; employmentcmecf@ycst.com

Douglas Edward McCann    douglas.mccann@usdoj.gov, marie.steel@usdoj.gov; usade.ecf@usdoj.gov

**1:05-cv-697 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | (SLR) |
| BE&K ENGINEERING COMPANY, (Subsidiary of BE&K, Inc.) | ) ) ) | |
| Defendant. | ) ) | |

### AFFADVIT OF JUAN OBED PEREZ

I, Juan Obed Perez, do hereby depose and state as follows:

1.     I am presently employed at Jacobs Engineering Group, Inc. ("Jacobs") as a Lead Process Engineer in Mount Laurel, New Jersey. I started working for Jacobs in August 2006.

2.     Previous to working for Jacobs, I worked for Allied Resources Technical Consultants ("Allied") as a Contract Employee from August 2004 to August 2006. Allied had assigned me to work as a Senior Process Engineer at the Delaware City Refinery in Delaware. This Delaware City Refinery used to be owned by Motiva. It was then purchased by Premcor and is now owned by Valero. Many industry people still refer to it as the Delaware City Refinery. I worked at this Delaware City Refinery (Valero) during my entire tenure with Allied.

3.     Prior to being employed by Allied, I was employed by BE&K Engineering Company in Newark, Delaware ("BE&K") as a Senior Process Engineer from approximately February 2000 to November 2003. This was the second time I began working for BE&K. On or about November 21, 2003, my supervisor Pete Howe told me that I was laid off because of lack of work.

4.     While working for BE&K, I worked on a number of projects. One of the projects I worked on was the Motiva CCR Vent Scrubber project in 2002. The work was done at the Motiva Delaware City Refinery in Delaware. This is the same refinery where I performed work

1

work for Valero as an Allied Contract Employee from approximately August 2004 to August 2006. I was the Lead Process Engineer for BE&K on the 2002 CCR Vent Scrubber.

5.     This was BE&K's first contract with Motiva. I helped BE&K secure this contract as a result of the contacts I made at Motiva when I had previously worked there earlier in my career.

6.     I went over the budget hours for the 2002 Motiva project because I was not consulted on the number of hours needed to complete the work, which is typically done at BE&K. Further, BE&K under budgeted the hours for that project because this was their first contract with Motiva. BE&K wanted to ensure that they got repeat business from the client.

7.     No one from Motiva ever told me that they were dissatisfied with my performance on the Motiva 2002 project. Again, I started working at the Delaware City Refinery (Valero) as a Contract Employee in August 2004. This is the same Motiva Refinery that I have mentioned throughout my affidavit. Many of the Motiva people that I worked with in 2002 as an employee for BE&K still worked for that Refinery during my tenure as a Contract Employee for Allied. In fact, these same people gave Jacobs Engineering a positive reference about me which ultimately led to my successful hire with Jacobs.

8.     As a BE&K employee, I also worked on a project for Tosco in 2003. I performed the work at the Tosco (Conoco Phillips) Refinery in Linden, New Jersey. Conoco Phillips is now the owner of that Refinery. Many industry officials still refer to the Conoco Phillips Refinery as Tosco. Once the project was over, I returned to BE&K's office in Newark, Delaware for my next assignment in August 2003.

9.     At no point upon my return to the office after the Tosco project ended to the time that I was terminated on November 21, 2003, did anyone from either BE&K, including Deke Lincoln and Howe, or Tosco, including Kevin Morris or Mike Berylant, told me that they were dissatisfied with my performance on that project.

2                    B 287

10.    Tosco also gave my present employer Jacobs a positive reference about my work. In fact, I am presently assigned to a job at the Tosco (Conoco Phillips) refinery in Linden, New Jersey as a Process Lead Engineer.

11.    After I returned to the BE&K Newark, Delaware office once the Tosco project ended in August 2003, BE&K Process Department Manager Pete Howe told me that I would be working on the Motiva Flare Network Modeling project. The purpose of this project was to ensure that flare system at the Motiva Delaware City refinery in Delaware City, Delaware was capable of handling the current and future pressure relief loads in the refinery. I was qualified to do that work and had done it previously in my career. Howe actually handed me a large binder of materials to help assist me with the project. However, I never heard from Howe again about the project and did no work for it.

12.    As a result of my education, experience and skill, I could do any of the tasks performed by the other BE&K Process Engineers in the Process Department. This includes relief device and process hazard review work, all of which I had done before while employed by BE&K.

13.    I recall also working on a Dupont Relief Device project in 2002 for less than a year. The Dupont client liason was Dan Dayton. I do not recall anyone ever telling me that Dayton wanted me removed from that project for alleged poor performance.

I declare under penalty of perjury that the foregoing is true and correct.


Date: 9/25/2006                                         _____
                                                        JUAN OBED PEREZ


Subscribed and sworn before me
this 25th day of September 2006

_____
Notary Public

My Commission expires:                                  B 288

LISETTE MORGAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 10, 2010

3

**EXHIBIT vi**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | (KAH) |
| BE&K ENGINEERING COMPANY, (Subsidiary of BE&K, Inc.) | ) ) ) | |
| Defendant. | ) ) | |

### SUPPLEMENTAL DECLARATION OF NARAYAN SWAMY

I, Narayan Swamy, do hereby depose and state as follows:

1.    I provided the letter dated June 27, 2006, attached as Exhibit 1, to Equal Employment Opportunity Commission Trial Attorney Woody Anglade in late June 2006.

2.    Mr. Anglade recently contacted me and asked me to submit this Supplemental Declaration concerning my letter.

3.    I affirm that the text of my June 27, 2006 letter is based on my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Date: *10/18/06*

NARAYAN SWAMY

Subscribed and sworn before me
this *18* day of October 2006

Notary Public

My Commission expires:

Charles J. San Germano
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 1/15/2008

1

# EXHIBIT 1

Narayan Swamy
7 Tally Road
Hamilton, NJ 08619
6/27/2006

<u>To whom it may concern</u>

I joined BE&K in their Newark, Delaware office in October 1994 worked as a Senior
Process Engineer. My official title was "Design Specialist". I left BE&K in September
1996 to join Fluor Daniel at their Marlton, NJ office since it was closer to my home.
I had very good performance reviews during this period and the Process Manager
from DuPont, with whom I worked on the PTFE project during this time, sent an e- mail
statement at the time of my departure, praising my technical and process knowledge.

When the Fluor Daniel office in New Jersaey closed in 2000, I rejoined BE&K in their
Newark, Delaware office in March 2000 and woked as a Senior Process Engineer. In
May 2002, I was told by Mr. Howe, the Process Engineering Manager that my job
was being terminated effective immediately. During this period, I had good reviews
which pointed out my superior technical knowledge and competence. I was also
complemented by the Project Manager for my performance. When I asked Mr. Howe
the reason for my termination, I was told that there were too many senior Process
Engineers and there was not enough work for them. I was 61 ½ years old at the time of
my termination. At the time of my termination, I was working on the design of relief
valves for some DuPont projects.

Soon after my termination, BE&K employed 2 or three junior process engineers. I believe
that my termination was related to my age. I also believe that this decision was made by
the Office Manager and Mr. Howe simply carried out this decision.

(Narayan Swamy)

B 285

EEOC 0000000567