UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT          )
OPPORTUNITY COMMISSION,   )
                         )
                Plaintiff,    )    C.A. No. 05-697-KAJ
        v.               )
                         )
BE&K ENGINEERING COMPANY  )
(subsidiary of BE&K, Inc.),    )
                Defendant.    )


## BE&K ENGINEERING COMPANY'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO STRIKE

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Teresa A. Cheek (Bar I.D. 2657)
Margaret M. DiBianca (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676; 571-5008
Facsimile: (302) 576-3286; 576-3476
E-mail: tcheek@ycst.com; mdibianca@ycst.com
Attorneys for Defendant

DATED:  November 6, 2006

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

ARGUMENT ...............................................................................................................1

I.      RULE 56 DOES NOT PROVIDE FOR THE ABILITY TO CURE
        DEFECTIVE AFFIDAVITS ............................................................................. 1

II.     THE SWAMY LETTER SHOULD BE STRICKEN IN ITS ENTIRETY ........... 2

        A.      The Swamy Declaration Does Not Cure the Fatal Technical Defects
                of the Swamy Letter .............................................................................. 3

        B.      The Swamy Declaration Does Not Cure the Substantive Deficiencies
                of the Swamy Letter .............................................................................. 5

                1.      The Swamy Declaration Does Not Affect the Swamy
                        Letter, Which Was Based on the Unsupported "Beliefs"
                        of Mr. Swamy ...............................................................................6

                2.      Admission of the Swamy Letter Would Substantially
                        Prejudice Defendant......................................................................8

                3.      The Rules of Civil Procedure, Not the Rules of Evidence
                        Govern the Present Analysis........................................................10

III.    THE PEREZ AFFIDAVIT IS A SHAM AFFIDAVIT AND MUST BE
        STRICKEN FROM THE RECORD.................................................................. 12

        A.      EEOC Has Failed to Proffer Any Evidence that Would Show
                that Perez Was Confused at His Deposition or that the Information
                Contained in the Declaration Has Only Recently Become Available. ..... 13

                1.      Perez Was Well Represented by Counsel During His
                        Deposition, at Which Time He Would Have Known
                        of the Newly Presented Information. ...........................................14

                2.      The Transcript Gives No Indication that Perez Was
                        Confused, Nor Does the EEOC Now Assert Such Confusion. .....15

                3.      EEOC Cannot "Clarify the Record" by Creating New Facts........16

        B.      EEOC Should Have Used Documents Already in the Record as Evidence
                that the Motiva Flare Project Did Actually Exist .................................... 18

CONCLUSION ........................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

Adickes v. S.H. Kress & Co.,
  398 U.S. 144 (1970)............................................................... 5

Andrews v. Abbott Labs.,
  C.A. No. 00-901-GMS,
  2002 U.S. Dist. LEXIS 6832 (D. Del. Apr. 18, 2002)................................. 5

Barclay v. AMTRACK,
  435 F. Supp. 2d 438 (E.D. Pa. 2006)......................................... 17

Boykins v. Lucent Techs., Inc.,
  78 F. Supp. 2d 402 (E.D. Pa. 2000)............................................ 5

Brokenbaugh v. Exel Logistics North America, Inc.
  No. 04-4106,
  2006 U.S. App. LEXIS 6015 (3d Cir. Mar. 29, 2006)................................. 4

Canning v. Star Pub. Co.,
  Civ. A. No. 1647,
  1956 U.S. Dist. LEXIS 4252 (D. Del. 1956) ............................................ 10

Carey v. Beans,
  500 F. Supp. 580, 583 (E.D. Pa. 1980),
  aff'd without op., 659 F.2d 1065 (3d Cir. 1981) ........................................ 6

Conjour v. Whitehall Tp.,
  850 F.Supp. 309 (E.D. Pa. 1994)........................................... 11

Donald M. Durkin Contracting, Inc. v. City of Newark,
  C.A. No. 04-163-GMS,
  2006 U.S. Dist. LEXIS 68221 (D. Del. Sept. 22, 2006)..................................14, 15, 17

Fowle v. C & C Cola and ITT Corp.,
  868 F.2d 59 (3d Cir. 1989)........................................... 5

Franks v. Nimmo,
  796 F.2d 1230 (10th Cir. 1986)...........................................13, 14

Gossett v. Okla.,
  245 F.3d 1172 (10th Cir. 2001)...........................................11, 12

Hackman v. Valley Fair,
   932 F.2d 239 (3d Cir. 1991) .................................................................................. 18

Hayes v. Douglas Dynamics, Inc.,
   8 F.2d 88 (1st Cir. 1993) ..................................................................................... 11

Hlinka v. Behlehem Steel Corp.,
   863 F.2d 279 (3d Cir. 1988) ................................................................................... 6

In re CitX Corp., Inc.,
   448 F.3d 672 (3d Cir. 2006) ................................................................................. 13

Kraemer v. Franklin & Marshall College,
   909 F. Supp. 268 (E.D. Pa. 1995) ........................................................................ 11

Lightfoot v. Union Carbide Corp.,
   10 F.3d 898 (2d Cir. 1997) ................................................................................... 11

Litton Indus., Inc. v. Lehman Bros.,
   767 F. Supp. 1220 (S.D.N.Y. 1991) ...................................................................... 6

Minerva Marine, Inc. v. Spiliotes,
   Civ. No. 02-2517 (WHW),
   2006 U.S. Dist. LEXIS 13922 (D.N.J. March 13, 2006) .................................1, 2, 6, 8

Seeber v. Williams Cos., Inc.,
   No.04-CV-0451-CVE-PJC,
   2006 U.S. Dist. LEXIS 61467 (N.D. Okla. Aug. 28, 2006) ....................................... 12

Steelman v. Carper,
   124 F. Supp. 2d 219 (D. Del. 2000) ....................................................................... 6

Told ex rel. Comtrol, Inc. v. TIG Premier Ins. Co.,
   No. 03-4113,
   2005 U.S. App. LEXIS 16946 (10th Cir. Aug. 10, 2005) ........................................... 7

Tukesbrey v. Midwest Transit, Inc.,
   822 F. Supp. 1192 (W.D. Pa. 1993) ....................................................................4, 10

U.S. v. Branella,
   972 F. Supp. 294 (D.N.J. 1997) ............................................................................. 5

U.S. v. CONRAIL,
   729 F. Supp. 1461 (D. Del. 1990) ...................................................................... 2, 6

Walker v. Faith Techn., Inc.
   344 F. Supp. 2d 1261 (D. Kans. 2004) ................................................................. 11

DB02:5581703.1
064649.1001

Williams v. Borough of West Chester, Pa.,
    891 F.2d 458 (3d Cir. 1989)............................................................................... 7

Yatzus v. Appoquinimink School District et. al
    C.A. No. 05-103 (D. Del. Oct. 24, 2006).........................................13, 14, 16

## Rules

Fed. R. Civ. P. 56........................................................................................... 11

Fed. R. Civ. P. 56(e) .................................................................................passim

Fed. R. Evid. 701 ......................................................................................10, 11

Fed. R. Evid. 705 ........................................................................................... 11

Fed. R. Evid. 801 ............................................................................................. 7

## Other Authorities

10B Wright & Miller,
    Fed. Practice & Proc. § 2738 at 325 (2005).................................................. 1

# ARGUMENT

## I.    RULE 56 DOES NOT PROVIDE FOR THE ABILITY TO CURE DEFECTIVE AFFIDAVITS

EEOC presumes that it is able to "cure" the defective Swamy Letter and Perez Draft Affidavit by submitting a subsequent affidavit, which has been notarized, (the "Swamy Declaration"), and a copy of the Perez Draft Affidavit, which has been signed, dated, and certified by Mr. Perez (the "Perez Affidavit").  See Exhibits 1-2; (D.I. 61).  EEOC does not, however, cite any authority in support of its purported ability to cure affidavits, which are both technically and substantively deficient by submitting a revised affidavit after the time for filing has expired.

Rule 56(e) does not provide such authority, as it makes no mention of an ability to cure a defective affidavit with a second affidavit submitted after the filing deadline.  Rule 56(e) does, however, clearly state that affidavits that are used to oppose a summary judgment motion, "shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence, . . .".  Fed. R. Civ. P. 56(e).  "These rules are mandatory."  10B Wright & Miller, Fed. Practice & Proc. § 2738 at 325 (2005) (quoted in Minerva Marine, Inc. v. Spiliotes, Civ. No. 02-2517 (WHW), 2006 U.S. Dist. LEXIS 13922, at *24 (D.N.J. March 13, 2006)).[1]

Because there is no support in the record for EEOC's claimed ability to submit a late-filed affidavit as a permissible way to "cure" a previously filed defective affidavit, the Swamy Declaration and the Perez Affidavit should not be considered for the purposes of summary judgment and Defendant's Motion to Strike should be granted.

---

[1] For the Court's convenience, Minerva Marine Inc., as well as all other unreported cases cited herein have been attached in alphabetical order as Exhibit 10.

1

## II.    THE SWAMY LETTER SHOULD BE STRICKEN IN ITS ENTIRETY

At the outset, Defendant notes that, contrary to the assertion by EEOC, Defendant requested that the Swamy Letter be stricken in its entirety.  (D.I. 61 at 6).  Defendant explicitly made this request at pages 3 and 6 of Defendant's Opening Brief.  (D.I. 55).

As discussed below, the Swamy Letter is subject to both technical and substantive deficiencies, which prohibit its consideration for the purposes of summary judgment.  The entire Swamy Letter should be stricken as it is an unsworn document.  The Swamy Declaration, submitted after the filing deadline for non-dispositive motions without leave of the Court or consent of Defendant, is valueless to the Swamy Letter.  The Swamy Declaration does nothing to "cure" the Swamy Letter.

However, even if the Swamy Declaration were to be considered alongside the Swamy Letter, the Letter still could not withstand the Motion to Strike due to its substantive deficiencies, such as the affiant's lack of personal knowledge about the contents of the affidavit.  EEOC argues that, even if the Court were to strike only parts of the Letter, the rest of the Letter should remain in the record.  While Defendant agrees that not every sentence of the Swamy Letter is substantively deficient standing alone, the portions of the Letter that would remain would become irrelevant for the purposes of summary judgment.  See Minerva, 2006 U.S. Dist. LEXIS 13922 at *27.  Where, as here, the entire document has been called into question, "the court need not cull the affidavit to determine as to each statement whether the affiant has the requisite knowledge." U.S. v. CONRAIL, 729 F. Supp. 1461, 1467 (D. Del. 1990).  Instead, it is more appropriate to strike the Swamy Letter in its entirety rather than attempt to analyze each remaining sentence for fragments of personal knowledge.

### A.     The Swamy Declaration Does Not Cure the Fatal Technical Defects of the Swamy Letter

Even assuming, *arguendo*, that EEOC could cure its defective submission by filing a second affidavit after the filing deadline, the late-filed affidavit would still need to satisfy the requirements of Rule 56(e).  EEOC does not dispute that the Swamy Letter was submitted to the Court as an unsworn document.  (D.I. 61 at 3).  Instead, EEOC contends that it "promptly cured" the technical deficiency of the Swamy Letter by submitting a "Supplemental Declaration" by Mr. Swamy, dated October 18, 2006.  See Exhibit 1.  (D.I. 61 at 3, ¶2).  EEOC further contends that Defendant "could not" be prejudiced by the Swamy Letter because the defects were "promptly corrected."  (D.I. 61 at 3-4).  The Swamy Declaration, however, makes no mention of the technical deficiencies of the Swamy Letter nor does it purport to cure them.

The Swamy Declaration contains three numbered paragraphs, each consisting of a single sentence.  See Exhibit 1.  In the first numbered paragraph, Swamy attests that he "provided the letter dated June 27, 2006, attached as Exhibit 1, to [EEOC] in late June 2006."  See Exhibit 1, ¶1.  Although there is no "Exhibit 1" attached to the Supplemental Declaration, Defendant will presume that the intended reference is to the original Swamy Letter, also dated June 27, 2006.  See Exhibit 2.

The second numbered paragraph of the Swamy Declaration states that Mr. Swamy had been contacted by EEOC counsel who asked Mr. Swamy "to submit this Supplemental Declaration concerning [his first] letter."  See Exhibit 1, ¶2.  Finally, in the third numbered paragraph, Mr. Swamy "affirms" that the Swamy Letter "is based on [his] own personal knowledge."  See Exhibit 1, ¶3.  Conspicuously, what the Swamy Declaration fails to state is that the contents of the Swamy Letter are true and correct under the penalty of perjury.

The Swamy Declaration does not contain a sworn statement that the contents of the Swamy Letter are true and correct.  Therefore, it cannot "cure" the technical deficiencies of the Swamy Letter, as EEOC so asserts.  Admittedly, the Swamy Declaration was made under oath and, therefore, does not share the technical failures faced by the Swamy Letter.  However, the certified Swamy Declaration stops short of saying that the contents of the Swamy Letter were true and correct.  Instead, the Swamy Declaration simply states that the Swamy Letter is based on personal knowledge.  In short, the Swamy Declaration does not, in any way, address the initial deficiency of the Swamy Letter—that it was an unsworn, uncertified document ineligible for consideration in the pending Motion for Summary Judgment.

The lone case cited by EEOC is inapposite.  In <u>Brokenbaugh v. Exel Logistics North America, Inc.</u>, the defendant submitted an unsworn affidavit and, subsequently, a Supplemental Declaration.  No. 04-4106, 2006 U.S. App. LEXIS 6015, *10 n.2 (3d Cir. Mar. 29, 2006).  As a side issue on appeal, the plaintiff argued that the trial court should not have considered the affidavit because it was unsigned.  <u>Id.</u> at *10 n.2.  The court noted in dicta that the defect had been resolved when the defendant submitted a supplemental declaration "that contained the same information as the affidavit," but which was properly sworn.  <u>Id.</u>  Similarly, in <u>Tukesbrey v. Midwest Transit, Inc.</u>, which EEOC cites later in its brief, the district court permitted the plaintiff to submit a sworn copy of a previously submitted unsworn affidavit.  822 F. Supp. 1192, 1198 (W.D. Pa. 1993).

The Swamy Declaration cannot be aligned with either case.  The three sentence Declaration is clearly not a verbatim copy of the Swamy Letter resubmitted under the penalty of perjury, as was the case in <u>Tukesbrey</u>.  822 F. Supp. at 1198.  Nor does it purport to re-state the substantive contents of the Swamy Letter, as was the case in <u>Brokenbaugh</u>.  2006 U.S. App.

LEXIS at *10 n.2.  Instead, the Swamy Declaration merely states that Mr. Swamy gave the Letter to EEOC in late June and that the Letter was based on his personal knowledge.  <u>See</u> Exhibit 1.  The Swamy Declaration does not, however, state that the contents of the Letter were truthful.

The Swamy Letter is just that—a letter.  It is an unsworn document, not an affidavit.  A subsequently filed affidavit, which does not attest to the truthfulness of the originally submitted document does not "cure" the original, defective filing.  <u>See</u> <u>Fowle v. C & C Cola and ITT Corp.</u>, 868 F.2d 59 (3d Cir. 1989) (holding that, because the document was unsworn, it "is not competent to be considered on a motion for summary judgment") (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158 (1970) (unsworn document does not meet the requirements of Rule 56(e)).  The Swamy Letter, then, is unaffected and remains inadmissible.  It is still an unsworn document unsuitable for consideration in the pending Motion for Summary Judgment.  <u>See</u> <u>Andrews v. Abbott Labs.</u>, C.A. No. 00-901-GMS, 2002 U.S. Dist. LEXIS 6832, at *27 n.6 (D. Del. Apr. 18, 2002) (finding that a signed, but unsworn statement "clearly runs afoul of the Rule 56(e) requirements"); <u>see also</u> <u>Boykins v. Lucent Techs., Inc.</u>, 78 F. Supp. 2d 402, 412 (E.D. Pa. 2000) (holding that "the unsworn statements submitted by plaintiffs are insufficient to oppose successfully a motion for summary judgment"); <u>U.S. v. Branella</u>, 972 F. Supp. 294, 300 (D.N.J. 1997) (refusing to consider certifications that failed to acknowledge the penalty of perjury).

### B.    The Swamy Declaration Does Not Cure the Substantive Deficiencies of the Swamy Letter

Even if the Swamy Letter was somehow relieved of its technical deficiencies by the Swamy Declaration, the entire Letter remains substantively deficient under Rule 56(e) because it is not based on personal knowledge.  Further, submission of the Letter would substantially prejudice Defendant.

      **1.**      **The Swamy Declaration Does Not Affect the Swamy Letter, Which Was Based on the Unsupported "Beliefs" of Mr. Swamy**

Affidavits that are based on the declarant's "beliefs" are not eligible for consideration in a summary judgment motion.  In <u>Carey v. Beans</u>, the District Court explained that "statements prefaced by the phrases, 'I believe' or 'upon information and belief' or those made upon an 'understanding,' . . . are properly subject to a motion to strike."  500 F. Supp. 580, 583 (E.D. Pa. 1980), <u>aff'd without op.</u>, 659 F.2d 1065 (3d Cir. 1981) (internal citations omitted). Further, affidavits that contain "conclusions of law" or "ultimate facts" may be similarly "disregarded." <u>Id.</u>

The last two sentences of the Swamy Letter begin with, "I believe," and "I also believe." <u>See</u> Exhibit 2.  These sentences fail to satisfy the personal knowledge requirement of Rule 56(e) because Mr. Swamy's "use of the word 'believed' underscores his lack of personal knowledge." <u>Minerva Marine, Inc.</u>, 2006 U.S. Dist. LEXIS at *26 (citing <u>Hlinka v. Behlehem Steel Corp.</u>, 863 F.2d 279, 282 (3d Cir. 1988) (use of the word "believe" was held to be insufficient to satisfy the personal knowledge requirement)); <u>see also</u> <u>Steelman v. Carper</u>, 124 F. Supp. 2d 219, 228 n.25 (D. Del. 2000) (statement in affidavit that was based on the affiant's "personal awareness" rather than upon personal knowledge was not eligible for consideration).

The law of the Third Circuit directly refutes the contention by EEOC that the phrase "I believe" does not disqualify the statements from consideration by the Court.  The case cited by EEOC is from the Southern District of New York, which is part of the Second Circuit and, therefore, is not controlling. (D.I. 61 at 8) (citing <u>Litton Indus., Inc. v. Lehman Bros.</u>, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991)).  As Judge Schwartz succinctly stated, "[t]he rule established in the Third Circuit is that affidavits made on information and belief are not sufficient to rebut a properly offered motion for summary judgment."  <u>CONRAIL</u>, 729 F. Supp. at 1466 (internal

citations omitted).  Under Third Circuit precedent, the last two sentences of the Swamy Letter

must be disregarded.  See e.g., Williams v. Borough of West Chester, Pa., 891 F.2d 458, 466 (3d

Cir. 1989) (statements in an affidavit made without personal knowledge are inadmissible).

The rest of the Swamy Letter should also be stricken even though it does not contain the

language "I believe."  The sentences in which Mr. Swamy claims that Peter Howe told him that

he was being terminated because there were too many Senior Process Engineers are hearsay, as

they are out-of-court statements being asserted for the truth of matter contained in the statement.

Fed. R. Evid. 801.  Additionally, the sentence in which Mr. Swamy asserts that he was

"complemented by the Project Manager" for his performance, is similarly inadmissible hearsay

under FRE 801.

The Swamy Declaration "consists merely of a blanket statement that the facts" in the

Swamy Letter are based on his "own personal knowledge."  See Told ex rel. Comtrol, Inc. v.

TIG Premier Ins. Co., No. 03-4113, 2005 U.S. App. LEXIS 16946, at **8 (10th Cir. Aug. 10,

2005).  Because the Declaration "is completely devoid of particularity and detail," it does not

remedy the absence of personal knowledge in the Swamy Letter.  Id. (affirming district court's

refusal to consider an affidavit, which stated that the statements were true based on the

declarant's information).

And, although EEOC speculates about numerous hypothetical scenarios during which

Mr. Swamy may have gained personal knowledge about the statements contained in the Swamy

Letter, it is the affiant who must explain this information in the affidavit, not Plaintiff's counsel

in its brief.  EEOC's Answering Brief surmises the following: (1) Mr. Swamy had the

"opportunity to observe first hand for a considerable period BE&K's policies and practices;" (2)

Mr. Swamy "based his opinions on his interaction with Howe and other Defendant officials;" (3)

Mr. Swamy based his opinions on "what he perceived happened to him;" and (4) Mr. Swamy's opinion "is based on facts that he could recall within his own observation and recollection." (D.I. 61 at 7).  EEOC then concludes that the "2 or 3 junior process engineers" Swamy refers to in the Letter "must be" Jennifer Lin and Christopher Guttridge.  (D.I. 61 at 7).

EEOC's conjectures and self-drawn conclusions will not save the Swamy Letter.  The Swamy Declaration does not even infer that the statements in the Swamy Letter were based on knowledge Mr. Swamy gained during one of the hypothetical scenarios created by EEOC. EEOC cannot hand-pick reasons for an affiant, especially not by making the type of broad assumptions that have been made here.

Further, it is inappropriate for EEOC to supply the affiant with what it believes will be sufficient grounds for a finding of personal knowledge.  This is especially so where, as here, the affiant has had already two bites at the proverbial apple, when EEOC was on notice that personal knowledge was required, and still failed to explain the bases for his statements.  See  Minerva Marine, 2006 U.S. Dist. LEXIS 13922, at *26 (refusing to consider an affidavit because the affiant failed to "provide any basis for his knowledge," other than what he knew from his relationship with the parties, from which he had drawn inadmissible inferences). EEOC's unsupported conclusory statements, made after Mr. Swamy had submitted a second document at the "instruction" of the EEOC, are insufficient to demonstrate that Mr. Swamy had personal knowledge of the assertions made in the Swamy Letter.

## 2. Admission of the Swamy Letter Would Substantially Prejudice Defendant

EEOC argues that Defendant "cannot claim that it has been prejudiced by the delay in curing the alleged defect," (D.I. 61 at 3, ¶3), because EEOC counsel contacted Mr. Swamy immediately after learning of the Motion to Strike and "instructed him to execute a notarized

8

Supplemental Declaration affirming the contents of his June 27, 2006 letter." (D.I. 61 at 4). Defendant does not dispute that EEOC submitted the Swamy Declaration promptly after learning of the pending Motion to Strike.[2] Defendant does, however, contend that EEOC points to the wrong time period and, in fact, the prejudicial delay had already occurred long before the Motion to Strike was filed.

EEOC produced the Swamy Letter on the eve of the close of discovery. See Exhibit 3. Prior to receipt of the Letter, there had been no disclosure of Mr. Swamy as a person with knowledge pursuant to Rule 26. In fact, Mr. Swamy had been mentioned briefly during only one deposition. See Exhibit 4. Prior to receipt of the Swamy Letter, Defense had no reason to suspect that Mr. Swamy believed that he had information he thought may be relevant to the EEOC's case. Based on this reasonable conclusion, Defendant did not notice Mr. Swamy for deposition or otherwise request that he participate in the discovery process.

Because the Letter was not an affidavit and, therefore, could not be used for the purposes of summary judgment, Defendant did not request that Mr. Swamy be made available for deposition. Nor did Defendant make efforts to interview Mr. Swamy after the discovery period closed. Had the Swamy Letter been notarized or otherwise certified under oath, Defendant would have taken different action when it received the letter from EEOC, even though it came during the last moments of the discovery period. However, as EEOC admits, the Swamy Letter was not certified under oath.

Minimal amount of time passed between the time the Motion to Strike was filed and the time EEOC submitted the Swamy Declaration. This time period, however, is irrelevant to the present discussion. The relevant period is the nearly four months during which Defendant lost

---

[2] As discussed in Section I, above, Defendant contends that EEOC has provided no authority in support of its purported ability to "cure" a defective filing by submitting a later-filed affidavit.

the opportunity to investigate Swamy's claims.  Between June 27, 2006, when EEOC produced

the Swamy Letter and October 18, 2007, when EEOC submitted the Swamy Letter as part of its

Answering Brief to Defendant's Motion for Summary Judgment, Defendant lost nearly four

months of time during which it could have done further investigation and inquiry regarding Mr.

Swamy's employment with Defendant.   During this extended period, Defendant was deprived of

the opportunity to make properly informed strategic decisions based on the logical conclusion

that the Swamy Letter would not be submitted for summary judgment purposes because it is not

a sworn affidavit.

In <u>Tukesbrey v. Midwest Transit, Inc.</u>, cited by EEOC, the court permitted the plaintiff to

"cure the defect" in his first affidavit because "Defendant was not prejudiced by the delay."  822

F. Supp. at 1198.  EEOC fails to evaluate whether Defendant was prejudiced during the relevant

time period. When the correct time period, from June to October, is applied, it is clear that

Defendant was, in fact, prejudiced by its reasonable reliance on the conclusion that use of the

Swamy Letter would be limited to fact gathering or trial.  Defendant had no reason to believe

that the EEOC would wait nearly four months after the document had been produced and then,

only upon a Motion to Strike, attempt to have the document certified.  <u>See</u>  <u>Canning v. Star Pub.

Co.</u>, Civ. A. No. 1647, 1956 U.S. Dist. LEXIS 4252, at *6 (D. Del. 1956) (finding that an

affidavit must be served simultaneously with the motion it purports to support and holding that

Rule 6(d) permits "no room for judicial discretion" to consider an affidavit submitted after the

initial filing).

### 3.    The Rules of Civil Procedure, Not the Rules of Evidence
#### Govern the Present Analysis

EEOC attempts to save the third paragraph of the Swamy Letter by applying Rule 701 of

the Federal Rules of Evidence.  (D.I. 61 at 7).  For the purposes of summary judgment, Federal

Rule of Civil Procedure 56 trumps the Federal Rules of Evidence.  Evidence submitted on summary judgment must be also admissible as evidence at trial but any conflict between Rule 56 and the evidentiary rules must be resolved in favor of the former.

In Hayes v. Douglas Dynamics, Inc., the Court of Appeals for the First Circuit considered the interplay between FRE 705 and FRCP 56(e) and found that affidavits must meet the standards of Rule 56(e)  by setting forth "specific facts" to show there is a genuine issue for trial. 8 F.2d 88, 92 (1st Cir. 1993).  The court explained that the Federal Rules of Evidence were drafted with the trial environment in mind, not with an eye towards summary judgment.  Id. And, while submissions made during summary judgment are subject to the same rules that govern the admissibility at trial, Rule 56(e) imposes an additional burden whereby the affidavit must be based on personal knowledge.  Id.; see also Conjour v. Whitehall Tp., 850 F.Supp. 309, 312 n.1 (E.D. Pa. 1994) (evidence submitted in opposition to a motion for summary judgment must be admissible under the evidentiary rules, as well as the rules governing affidavits and sworn submissions).

EEOC cites to three cases in support of its claim that FRE 701 serves as a viable ground for admission of the Swamy Letter.  (D.I. 61 at 7).[3]  In each of these cases, the court permitted a challenged affidavit to be admitted where the affidavit satisfied the personal knowledge requirement because it was "predicated upon concrete facts within [affiant's] own observation and recollection."  Gossett v. Okla., 245 F.3d 1172 (10th Cir. 2001).  In other words, the affiant possessed personal knowledge.  See Walker v. Faith Techn., Inc. 344 F. Supp. 2d 1261, 1273 (D. Kans. 2004) (citing Gossett and finding that the affidavits described in detail the affiants'

---

[3] EEOC references five cases in all, however, two of these cases, Lightfoot v. Union Carbide Corp., 10 F.3d 898 (2d Cir. 1997), and Kraemer v. Franklin & Marshall College, 909 F. Supp. 268 (E.D. Pa. 1995), address lay opinion testimony only in the trial context and, therefore, are inapplicable to the present discussion of lay opinion in the summary judgment context.

observations and experiences); <u>Seeber v. Williams Cos., Inc.</u>, No.04-CV-0451-CVE-PJC, 2006 U.S. Dist. LEXIS 61467, at *20 (N.D. Okla. Aug. 28, 2006) (finding that the affidavit contained sufficient detail to demonstrate the affiant had personal knowledge of the facts upon which she had formed her opinions).

The Swamy Letter does not meet the standard suggested by EEOC. Mr. Swamy does not state any facts that indicate that his statements were based on his personal knowledge. <u>See</u> Exhibit 3. Nor can the Swamy Declaration save the Swamy Letter simply by stating that the Letter "is based on my personal knowledge." <u>See</u> Exhibit 1.

This type of blanket conclusion in an affidavit submitted after the filing deadline is far below the standard espoused in <u>Gossett</u>, which requires the affiant to demonstrate his personal knowledge through specific facts. Though EEOC states in its brief that the Swamy Letter is based on "facts that he could recall within his own observation and recollection." (D.I. 61 at 7). Mr. Swamy did not say as much himself, nor did he provide any "concrete" grounds that would imply as much. Therefore, EEOC has not demonstrated that the Swamy Letter is based on the requisite personal knowledge and should be stricken for purposes of summary judgment.

## III. THE PEREZ AFFIDAVIT IS A SHAM AFFIDAVIT AND MUST BE STRICKEN FROM THE RECORD

As discussed in Section I, above, the ability of a party to "cure" the technical defects of an affidavit is highly questionable. Even assuming, *arguendo*, that the Court accepts EEOC's assertion that the claimed filing error was excusable, the Perez Affidavit is still substantively deficient and, on that ground, should be stricken in its entirety.

In its Opening Brief, Defendant requested that the Court strike the Perez Draft Affidavit in its entirety but took specific issue with Paragraphs 6, 8, and 11. (D.I. 55). Defendant continues to maintain this position. Paragraph 11, however, contains new allegations relevant to

the most fundamental issue in this case—whether there was available work for Perez. This

critical information overshadows the problems with Paragraphs 6 and 8. In this reply, Defendant

will address the larger issues presented by Paragraph 11. With respect to Paragraphs 6 and 8,

Defendant relies (in the interest of efficiency) upon the authorities and reasoning provided in its

Opening Brief.

At issue in this case is whether or not there was any suitable work that could have been

assigned to Perez during the several weeks prior to his termination. The issue, in short, is

whether there were any available projects. To avoid summary judgment, Plaintiff must

demonstrate pretext by proving that there was an available project for Perez. If the Court finds

instead that there was no work available, then there can be no dispute that Perez was laid off for

lack of work. Plaintiff has attempted to avoid such a ruling by raising a sham issue of fact.

Sham affidavits, however, will not interject an issue of material fact where otherwise none exist.

> **A.      EEOC Has Failed to Proffer Any Evidence that Would Show
> that Perez Was Confused at His Deposition or that the
> Information Contained in the Declaration Has Only Recently
> Become Available.**

Just recently, this District Court addressed the inadmissibility of sham affidavits. In

Yatzus v. Appoquinimink School District et. al, Chief Judge Robinson explained that the sham

affidavit doctrine "refers to the trial courts' practice of disregarding an offsetting affidavit that is

submitted in opposition to a motion for summary judgment when the affidavit contradicts the

affiant's prior deposition testimony." C.A. No. 05-103, slip op. at 19 (D. Del. Oct. 24, 2006)

(quoting In re CitX Corp., Inc., 448 F.3d 672, 679-80 (3d Cir. 2006)) (additional internal

citations omitted). The Court applied the Tenth Circuit's test for determining whether a

submission constitutes a sham affidavit. Id. at 20 (following test propounded in Franks v.

Nimmo, 796 F.2d 1230 (10th Cir. 1986)); see also Donald M. Durkin Contracting, Inc. v. City of

Newark, C.A. No. 04-163-GMS, 2006 U.S. Dist. LEXIS 68221, at *13-14 (D. Del. Sept. 22, 2006) (treating an errata sheet as an affidavit and applying the Tenth Circuit's test for sham affidavits).

Under the Tenth Circuit test, relevant factors to consider when determining whether an affidavit constitutes a sham are whether: (1) the affiant was cross-examined during earlier testimony; (2) the affiant had access to the relevant evidence at the time of the earlier testimony; (3) the affidavit was predicated on newly discovered evidence; and (4) the earlier testimony reflects confusion which the affiant attempts to explain. Yatzus, slip op. at 20 (citing Franks, 769 F.2d at 1237).

       **1.**       **Perez Was Well Represented by Counsel During His Deposition, at Which Time He Would Have Known of the Newly Presented Information.**

As to the first factor, Perez was adequately represented at his deposition by the EEOC attorney, who was present at both days of Perez's deposition testimony and was able to cross-examine Perez at that time. See Donald M. Durkin Contracting, Inc., 2006 U.S. Dist. LEXIS at *14 (counsel was "present and able to question" the witness).

The second and third factors look to when the information became available to Perez and whether he had access to the information at the time of his deposition. Id. In his Affidavit, Perez alleges that, sometime after August 2003, Howe approached him and told him that he "would be would be working on the Motiva Flare Network Modeling project." See Exhibit 5 at ¶11. Only Perez and Howe could have had access to this information because it allegedly occurred during a private conversation between the two of them. Indeed, at the time of his deposition, no one could have had more access to this information than Perez.

14

                                                                         

  **2. The Transcript Gives No Indication that Perez Was Confused, Nor Does the EEOC Now Assert Such Confusion.**

  The fourth factor requires a two-part analysis.  First the Court looks to whether the earlier testimony reflects confusion on the part of the affiant.  See Donald M. Durkin Contracting, Inc., 2006 U.S. Dist. LEXIS at *14.  Then the Court looks to whether the affidavit attempts to explain that confusion.  Id.  Perez's deposition testimony does not present any apparent confusion, nor does EEOC claim that Perez was somehow confused.  See Exhibit 6.

  When asked about what projects he worked on and what projects may have been available between the time his assignment ended at Tosco and the time of his layoff, Perez answered that he worked on various filler projects during that time and that the only project coming in was for Sun Oil.  See Exhibit 6.  There was no mention of any project for Motiva and certainly no mention of a specific project called the Flare Network Modeling Project.  See Exhibit 6.  Perez testified:

> Q: And when you got back to BE&K in Newark, what did you do when you got back as far as work?
> A: They gave me some functions of, especially in relief devices, some functions that they were part of the project that I was not really directly involved in the project.
> Q: What project was it?
> A: I don't recall at this moment.
> Q: Okay.  So in other words, it was a project that was already ongoing and this was the kind of filler work?
> A: Yes.
>
> *  *  *  *  *  *  *
>
> Q: Okay.  And any other work that you did during that time?
> A: I don't recall.  There were minor things

    

> here and there.
>
> Q:    Okay.  More of this kind of filler work?
> A.    As far as I recall.
> Q:    Okay.  Were there any more, not filler projects, but real projects coming in at that time?
> A:    I think there was one.
> Q:    Okay.  Do you remember anything about it?
> A.    It was, I think it was a job with, minor job with Sun Oil.

See Exhibit 6.  This testimony shows no confusion by Perez.  Instead, it demonstrates Perez's ability to recall with specificity an incoming project, the client's name, and the size of the work.  See Exhibit 6.  Perez's "critical testimony . . . was clear and certain."  Yatzus, slip op. at 21.  "In the absence of any apparent confusion or doubt on [his] part, and with the factual record closed," EEOC should not be permitted to raise a genuine issue of material fact that has been "generated by [Perez's] affidavit containing new, untested, contradictory facts" that attempt to fill the holes in its arguments created by Defendant's Opening Brief.

Perez's carefully considered errata sheets also demonstrate that he was not confused during his deposition.  See Exhibit 7.  Perez submitted four pages of changes and corrections to his deposition testimony but no where does he mention this Motiva project, his conversation with Pete Howe, or any other information about available work.  See Exhibit 7.  At no time has Perez appeared to be or indicated that he was confused, as is required by the Tenth Circuit's test.

### 3.    EEOC Cannot "Clarify the Record" by Creating New Facts

Even if the Court found that Perez was somehow confused during his deposition, the late-filed Affidavit does not attempt to explain any such confusion as would be required to avoid the preclusive effects of the sham affidavit doctrine.  Nor does EEOC attempt to explain any

16

confusion.  Instead, EEOC merely states, "Perez mentioned this Motiva project in his affidavit to clarify the record."  (D.I. 61 at 13).

EEOC's assertion is faulted in two ways.  First, it is Perez, the affiant, who must testify that he was confused during the deposition.  EEOC cannot draw such conclusions on Perez's behalf nor can it make statements that Perez did not make himself.

Second, EEOC's assertion that Perez was attempting to "clarify the record" directly contradicts the standard adopted by the Third Circuit and, specifically, by this District Court. Recently, Judge Sleet addressed the issue of an affiant who seeks to "clarify" his prior deposition testimony through the use of an affidavit submitted at summary judgment.  Donald M. Durkin Contracting, 2006 U.S. Dist. LEXIS at *15.  The Court noted that the affiant had indicated that counsel tried to confuse her at her deposition but, "[n]otably, she stops short of saying she was in fact confused."  Id.  The Court found "no indication of confusion in the deposition transcript" and declined to permit her to "clarify her statements . . . after [Defendant] filed its motion."  Id. at *15-16.  In so holding, the Court explained that a deposition "is not a take home exam" and the attempted "'clarifications'. . .are akin to a student who takes her in-class examination home, but submits new answers only after realizing a month later that the import of her original answers could possibly result in a failing grade."  Id. at *17.

Similarly, EEOC may not create an issue of material fact simply by claiming that Perez wanted to "clarify" his deposition testimony.  Clarification is not an acceptable reason for submitting new information via affidavit.  Although a deponent who was confused during his deposition may attempt to explain his confusion, within limits, with a subsequent affidavit, Perez makes no claim that he was somehow confused, nor does he offer any explanation for his changed testimony.  See Barclay v. AMTRACK, 435 F. Supp. 2d 438, 445 (E.D. Pa. 2006)

17

(declining to consider affidavit where the plaintiff failed to provide an explanation for his new testimony); see also Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991) (same).

Perez's deposition concluded on March 9, 2006.  During the two days of testimony, Perez did not make any mention of the "Motiva Flare Network Modeling Project."  EEOC's brief seemingly argues that "Defendant never questioned Mr. Perez about that particular project" and, therefore, "Perez cannot be expected to provide answers to questions he was never asked."  (D.I. 61 at 13).  Without stating the obvious, Defendant could not ask about a project that did not exist.  However, Defendant did ask Perez about the work he did from August 2003 to November 2003.  Perez was able to recall various filler assignments and was also able to recall that the only project that he knew was expected to start was for Sun Oil.  See Exhibit 6.

   **B.    EEOC Should Have Used Documents Already in the Record as Evidence that the Motiva Flare Project Did Actually Exist**

Discovery in this case has been extensive.  Defendant has produced, at the request of EEOC, nearly 4,000 pages of documents.  In response to EEOC's Supplemental Third Request for Production, Defendant generated and produced a voluminous series of reports.  One of these reports contained the "Charge Data" for every Process Department employee.  See Exhibit 7.

This report listed every project each engineer charged their time to and was sorted by date.  See Exhibit 7.  Another report listed the same information but was sorted by employee. See Exhibit 8.[4]  To ensure that EEOC was able to understand all of the data contained in these reports, Defendant's counsel spent considerable time reviewing the documents with EEOC counsel, both through written correspondence and over the telephone for a period of several weeks following the close of the discovery period.  See Exhibit 9.

---

[4] Because of the large size of the reports, a single page has been included to provide the Court with a sample of the data and how it was generated for Exhibits 8 and 9.

In short, EEOC has had full and equal access to all of the project data available to Defendant.  If, in fact, there was a project that was won by Defendant and that actually began production, as alleged in Perez's Affidavit, "sometime after August 2003," but prior to his layoff, EEOC should have supported this claim with the documents already produced.  Instead, EEOC had Mr. Perez execute the Affidavit and draw unsupported conclusions about a project that had never before been mentioned.

Further, Perez's Affidavit does not even allege that the Motiva project he mentions was ever available as a new project.  The project may not have been won, for example, or could have been changed in size or scope.  Without more information about this mysterious project, the Perez Affidavit, which contradicts Perez's critical prior testimony and which contains allegations that, if true, could be proven through previously produced documents, cannot create a genuine issue of material fact for the purposes of summary judgment and should be stricken from the record in its entirety.

## CONCLUSION

For the reasons set forth in Defendant's Opening and Reply Briefs in Support of Its Motion to Strike, Defendant requests that the Swamy Letter and the Draft Perez Affidavit, found at pages B285 – B288 of Plaintiff's Appendix to Its Response in Opposition to Defendant's Motion for Summary Judgment, (D.I. 61), be stricken in their entirety.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
Teresa A. Cheek (Bar I.D. 2657)
Margaret M. DiBianca (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676; 571-5008
Facsimile: (302) 576-3286; 576-3476
Email: tcheek@ycst.com; mdibianca@ycst.com
Attorneys for Defendant

DATED: November 6, 2006

20