IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff ) | C.A. No. 05-697-MPT |
| v. ) | |
| ) | |
| BE&K ENGINEERING COMPANY ) | |
| (subsidiary of BE&K, Inc.), ) | |
| ) | |
| Defendant. ) | |

**PETITIONER BE&K'S OPENING BRIEF IN
SUPPORT OF ITS PETITION FOR FEES AND COSTS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Teresa A. Cheek, Esquire (Bar I.D. 2657)
Margaret M. DiBianca (Bar I.D. 4539)
1000 West Street
The Brandywine Building, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail: mdibianca@ycst.com

*Attorneys for Defendant*

DATED: March 20, 2008

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... 3

TABLE OF AUTHORITIES ................................................................................................. 4

NATURE AND STAGE OF THE PROCEEDINGS .............................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 4

    A.   STANDARD OF LAW ............................................................................................. 4

    B.   AN AWARD OF FEES TO DEFENDANT IS WARRANTED AND JUST .................. 6

    C.   DEFENDANTS HAVE SUBMITTED THE REQUISITE DATA AND DOCUMENTS IN SUPPORT OF ITS PETITION ............................................................ 9

CONCLUSION ...................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

Barnes Found. v. Twp. of Lower Merion,
   242 F.3d 151 (3d Cir. 2001) .................................................................................................. 10

Bell v. United Princeton Props.,
   884 F.2d 713 (3d Cir. 1989) .................................................................................................. 11

Blum v. Stenson,
   465 U.S. 886 (1984)............................................................................................................... 10

Cesaro v. Thompson Publ'g Group,
   20 F. Supp. 2d 725 (D.N.J. 1998) ........................................................................................... 9

Colbert v. Yadkin Valley Tel. Membership. Corp.,
   960 F. Supp. 84  (D.N.C. 1997) .............................................................................................. 9

EEOC v. Clay Printing Co.,
   13 F.3d 813 (4th Cir. 1994) ....................................................................................... 12, 13, 14

EEOC v. Hendrix Coll.,
   53 F.3d 209 (8th Cir. 1995) .................................................................................................... 9

EEOC v. L.B. Foster,
   123 F.3d 746 (3d Cir. 1997) .................................................................................................. 10

Fassbender v. Treasure Chest Casino,
   No. 07-5265,
   2008 U.S. Dist. LEXIS 3443 (E.D. La. Jan. 16, 2008).......................................................... 13

Garrity v. Sununu,
   752 F.2d 727 (1st Cir. 1984).................................................................................................. 11

Hensley v. Eckerhart,
   461 U.S. 424 (1983)............................................................................................................... 14

Hoover v. Armco, Inc.,
   915 F.2d 355 (8th Cir. 1990),
   cert. denied, 499 U.S. 961 (1991)........................................................................................... 9

Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.,
   487 F.2d 161 (3d Cir. 1973) .................................................................................................. 10

Lyon v. Whisman,
   No. 91-289-SLR,
   1994 U.S. Dist. LEXIS 20542 (D. Del. Dec. 8, 1994)........................................................... 11

Melissa G. v. Sch. Dist. of Phila.,
   No. 06-5527,
   2008 U.S. Dist. LEXIS 2871 (E.D. Pa. Jan. 14, 2008) ............................................................... 11

Rode v. Dellarciprete,
   892 F.2d 1177 (3d Cir. 1990) ............................................................................................ 10, 15

Rompola v. Lehigh Valley Hosp.,
   No. 03-2993,
   2004 U.S. Dist. LEXIS 12617 (E.D. Pa. July 6, 2004) .............................................................. 9

Taylor v. Hewlett-Packard Co.,
   No. 06-00471,
   2008 U.S. Dist. LEXIS 887 (D. Col. Jan. 24, 2008) ................................................................. 10

Tobin v. Haverford Sch.,
   936 F. Supp. 284 (E.D. Pa. 1996) ............................................................................................. 10

Washington v. Phila. County Court of Common Pleas,
   89 F.3d 1031 (3d Cir. 1996) .............................................................................................. 10, 15

Wastak v. Lehigh Valley Health Network,
   333 F.3d 120 (3d Cir. 2003) ....................................................................................................... 9

## NATURE AND STAGE OF THE PROCEEDINGS

This petition arises from the above-captioned matter (the "Litigation"), which was brought by the Equal Employment Opportunity Commission ("EEOC") against BE&K, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"). The EEOC filed its Complaint on September 23, 2005, on behalf of Juan Obed Perez, a former BE&K employee. (D.I. 1 at ¶ 1). No other individuals were identified as having been adversely affected by BE&K's alleged conduct. No claimants were subsequently added as affected individuals.

As relief, the EEOC sought to be awarded its costs for the action and sought for Mr. Perez an award of back pay damages with interest, as well as injunctive relief, and liquidated damages for willful conduct. (D.I. 1 at pp. 4-5).

On March 6, 2008, this Court entered an Order granting Defendant's Motion for Summary Judgment, thereby dismissing Plaintiff EEOC's claims in their entirety. (D.I. 70). In its Memorandum Order, the Court held that the EEOC failed to make a *prima facie* case that age discrimination was a factor in BE&K's decision to lay off Mr. Perez. (D.I. 69 at 9, 11).

## STATEMENT OF FACTS[1]

Formal discovery began on January 6, 2006 and concluded on June 30, 2006. (D.I. ).  During the course of discovery, the EEOC issued 17 Interrogatories and 43 Requests for Production divided among four separate requests.  In response to these requests, BE&K produced 3826 pages of documents.  BE&K issued 21 Interrogatories and 15 Requests for Production.  In response to those requests, the EEOC produced 568 pages of documents.

BE&K took only one deposition, of Mr. Perez.  The EEOC took seven depositions.  These depositions generated 1,120 pages of deposition transcripts, as compared to the 282 pages generated by BE&K.  Notably, one of the former employees who testified was Peter Howe, Mr. Perez's manager during his employment with BE&K.  Howe, who at the time, was living in North Carolina, attended the deposition at his own expense despite the great imposition.

The EEOC contested several of the discovery responses provided by BE&K.  For example, the EEOC asserted deficiencies in nine of BE&K's Interrogatory answers and in four of BE&K's responses to production requests.  It objected to the notations on the errata sheets of two deponents.  Yet, it refused to produce all of the tax returns for Mr. Perez requested by BE&K on the ground that Mr. Perez's spouse's information would be revealed.  This contention was wholly without merit and resulted in the expenditure of significant time and expense by BE&K.

The EEOC continued its vigorous discovery initiative even after the close of discovery.  Dissatisfied with the documents produced in response to one of its Requests for Production, the EEOC demanded that additional data be generated by BE&K.  There was no

---

[1] The facts set forth in this section are taken from the Court's Memorandum Opinion (D.I. 70), and from BE&K's Opening Brief in Support of Its Motion for Summary Judgment and supporting appendix submitted therewith.

document or documents that contained the information in the format that EEOC demanded. BE&K agreed to produce the closest it could to the requested format, despite not having any obligation to do so. Despite BE&K's willingness to generate additional documentary evidence at the late stage of the Litigation, the EEOC refused to accept the data in the various forms offered. The correspondence between counsel was extensive as BE&K attempted to negotiate a reasonable compromise, which eventually did occur.

Further, the amount of injury to Mr. Perez was minimal in light of the societal wrongs that the EEOC is empowered and directed to address. After being laid off from his job at BE&K, Mr. Perez quickly found work in an equivalent specialty. His earnings in his new position were actually *higher* than what he earned at BE&K, thus cutting off his damages. The EEOC made its initial settlement demand in the amount of $74,000, an amount that pales in comparison to most initial demands.

Mr. Perez was even recalled to work. When BE&K had a position become available that fit Mr. Perez's qualifications, they offered him the job, which would enable him to return to work full-time. Mr. Perez declined the offer.

DB02:6679285.1                                                                                                                          064649.1001

**ARGUMENT**

    A.  **STANDARD OF LAW**

        In this Circuit, a district court may award attorney's fees to a prevailing defendant in an ADEA claim if the defendant establishes that the plaintiff litigated in bad faith. Wastak v. Lehigh Valley Health Network, 333 F.3d 120, 133 n.7 (3d Cir. 2003) (citing Cesaro v. Thompson Publ'g Group, 20 F. Supp. 2d 725, 726 (D.N.J. 1998)) for the proposition that the employer-defendant in an ADEA suit is permitted to recover attorneys' fees under the common law exception for claims brought in bad faith).  In order to obtain fees in this case, BE&K must show, first, that it is the prevailing party and, second, that the EEOC litigated this action in bad faith.  EEOC v. Hendrix Coll., 53 F.3d 209, 211 (8th Cir. 1995).

        Arguably, the bad faith exception to the American Rule may be a more difficult standard to satisfy than the Christiansburg test applied to claims brought under Title VII, because it requires a showing of bad faith or wanton action, i.e. intentional conduct, as opposed to merely pursuing frivolous or unreasonable claims.  Colbert v. Yadkin Valley Tel. Membership. Corp., 960 F. Supp. 84, 86 (D.N.C. 1997).  Nevertheless, the two tests are otherwise remarkably similar in the kind of actions that are covered.  Both tests encompass the continued litigation of claims which have become frivolous.  See Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir. 1990), cert. denied, 499 U.S. 961 (1991).

        In fact, the factors used to deciding a request for attorney's fees are the same whether the request is made by a Title VII defendant or an ADEA defendant.  Rompola v. Lehigh Valley Hosp., No. 03-2993, 2004 U.S. Dist. LEXIS 12617, at *6 (E.D. Pa. July 6, 2004); EEOC v. O & G Spring & Wire Forms Specialty Co., 38 F.3d 872, 881 (7th Cir. 1994) (collecting cases that construed Title VII as persuasive authority when interpreting the ADEA). Some of the non-exclusive factors include: (1) whether the plaintiff established a *prima facie*

case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or held a full-blown trial was held on the merits; (4) whether the issue was one of first impression; and (5) whether there was a real threat of injury to the plaintiff. Id. (citing EEOC v. L.B. Foster, 123 F.3d 746, 751 (3d Cir. 1997); Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001)). The plaintiff's failure to establish a *prima facie* claim is of significant importance in making a determination for attorney's fees. See, e.g., Taylor v. Hewlett-Packard Co., No. 06-00471, 2008 U.S. Dist. LEXIS 887, at *5-6 (D. Col. Jan. 24, 2008) (internal

To meet its burden, the fee petitioner must submit evidence supporting the hours worked and rates claimed. Tobin v. Haverford Sch., 936 F. Supp. 284 (E.D. Pa. 1996). With regards to the hours worked, the petition must indicate the nature of the services performed, the person performing the services, and the amount of time expended. Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp., 487 F.2d 161, 167 (3d Cir. 1973). The Third Circuit has explained that a petition for attorney's fees shall be deemed sufficient so long as it contains the above-listed information, summaries by month. Rode v. Dellarciprete, 892 F.2d 1177, 1189 (3d Cir. 1990) (holding that an application with the requisite data summarized per month will be "specific enough for the district court to decide if the work is proper and compensable").

A reasonable hourly rate is calculated according to the prevailing market rates in the community. Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). The petitioner must submit evidence, in addition to her own affidavit, that the requested rate is in line with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The affidavit of other attorneys in the relevant community concerning the

customary community rates for attorneys of comparable skill and experience to the attorneys claiming fees.  See, e.g., Garrity v. Sununu, 752 F.2d 727, 740 n.12 (1st Cir. 1984).  Courts recognize that such affidavits are helpful in determining the appropriate hourly rate.  See e.g., Amico v. New Castle Cty., 654 F. Supp. 982, 1000 (D. Del. 1987).

Where the petitioner has submitted a petition in compliance with the above requirements, the court will next determine the lodestar.  "The process for determining the appropriate amount of attorney's fees is well settled."  Lyon v. Whisman, No. 91-289-SLR, 1994 U.S. Dist. LEXIS 20542, at *3 (D. Del. Dec. 8, 1994).  The lodestar is determined by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate of compensation. Id.

The party opposing the award of fees must identify the portion of the fee request being challenged and state the reason for his challenge; a court may not decrease attorney's fees *sua sponte*.  Bell v. United Princeton Props., 884 F.2d 713, 715, 720 (3d Cir. 1989) (cited with approval in Melissa G. v. Sch. Dist. of Phila., No. 06-5527, 2008 U.S. Dist. LEXIS 2871, at *6 (E.D. Pa. Jan. 14, 2008)).  The fee opponent must present specific evidence "challenging the reasonableness of the requested rates or the time expended."  Lyon, 1994 U.S. Dist. LEXIS 20542, at *4.

### B.  AN AWARD OF FEES TO DEFENDANT IS WARRANTED AND JUST

Pursuant to the Court's Order, Petitioner BE&K is the prevailing party and, therefore, has standing to bring the present Petition.  (D.I. 70).  In support of this Petition, BE&K attests and contends that Respondent EEOC engaged in the Litigation and continued to vigorously pursue the Litigation despite the absolute absence of any evidence to support a finding that Mr. Perez was subject to unlawful age discrimination.

An analysis of each of the six Christiansburg factors fully support this conclusion. First, and perhaps most importantly, this Court found that the EEOC had failed to establish even a *prima facie* case. See EEOC v. Clay Printing Co., 13 F.3d 813 (4th Cir. 1994) (affirming award of attorney's fees to defendants because, in part, the EEOC failed to establish even a *prima facie* case of age discrimination). Second, the Litigation was dismissed in its entirety at the summary judgment stage. No trial was held on the merits. See Clay Printing Co., 13 F.3d at 813 (finding that this factor becomes even more prominent where summary judgment is awarded to the defendant because the burden on the party resisting a summary judgment motion is so minimal).

Third, BE&K did not, at any time during the EEOC Investigation or during the Litigation, offer to settle or accept the EEOC's settlement offers. Also, the fact that the EEOC investigated for two and one-half years before the action was filed, and that the parties conducted six months of discovery before summary judgment was rendered provided further support for the award of fees. Id. Fourth, the claim asserted in the Litigation was not novel or complex. It was a simple claim of age discrimination.

Fifth, the potential threat of injury to Mr. Perez was so nominal in light of a cost-benefit analysis. Sixth, the vigor with which the EEOC pursued the Litigation during discovery, despite the consistent absence of any evidence in support of its claim, and despite the repeated presentation of evidence to support BE&K's defense.

In addition to these enumerated factors, the facts of the Litigation also provide strong support for an award of fees to BE&K. The testimony throughout the case consistently demonstrated the total absence of merit to the EEOC's allegations. Perhaps most striking is the testimony that approximately 77% of the relevant comparators were in the protected age group.

7

The EEOC's main claim was that there had been an ageist comment made about the need to hire "younger people to rejuvenate the [BE&K] workforce." Although the EEOC made this claim in its Complaint, there was never any evidence to support that such a statement had been made. Indeed, even the EEOC Charge Questionnaire Mr. Perez completed expressly stated with respect to the alleged comments: "I am paraphrasing what I was told." And, when asked about it during his deposition, he again explained that he was "paraphrasing" Howe's response and that he "couldn't recall exactly the words" Howe used. See id. (explaining its decision to affirm the award of fees to defendant and noting, as support for the decision, that "the record is devoid of evidence indicating that [the company's] reasons for discharging [any of the discharge claimants] were pretextual or unworthy of credence"). Upon hearing Mr. Perez's testimony, which essentially disproved the claims asserted in the Litigation, the EEOC had a duty to withdraw its Complaint and voluntarily dismiss the action. Continuing to pursue the Litigation despite the obvious lack of evidence constitutes bad faith sufficient to warrant the award of attorney's fees. See Fassbender v. Treasure Chest Casino, No. 07-5265, 2008 U.S. Dist. LEXIS 3443, at *23 (E.D. La. Jan. 16, 2008) (explaining that, by choosing to respond to what later becomes a successful dispositive motion filed by the defendant instead of voluntarily dismissing or otherwise abandoning his claim supports an award of attorney's fees in an ADEA case).

No witness testified to hearing any ageist comments ever made at BE&K's Newark, Delaware facility. No witness testified to hearing even the word "rejuvenate" in the context of succession planning. No witness testified to hearing the word "younger" used in the hiring context. Instead, testimony after testimony demonstrated that Howe sought to hire an entry-level engineer for a specific project that had become to costly to the client and required a

lower billing rate. See Clay Printing Co., 13 F.3d at 816 (affirming the district court's award of fees to the defendant because, in part, *none* of the former employees had testified that he or she had "any evidence or information to support any claim of age discrimination") (emphasis in original)

Also significant is Mr. Perez's own testimony. For example, he testified that Mr. Howe, the relevant decision maker was fair, straightforward, and honest person. Additionally, Mr. Howe, as well as two secondary decision makers, were all in the protected class. The General Manager, in fact, was 63 years old when approved Howe's decision. And the HR Manager, who also reviewed the decision to lay off Mr. Perez, was 52 at the time. Both were older than Mr. Perez.

And, finally the EEOC's claim was predicated upon the hire of a 21 year-old engineer. As this Court ruled, the younger engineer was not a proper comparator. He was hired for a specific project that required entry-level skills and could be billed at a much lower rate than Perez. Further, he was hired when Perez was still employed on a long-term project with no foreseeable completion date. Perez could not have been a factor in the decision to hire the younger engineer.

### C. DEFENDANTS HAVE SUBMITTED THE REQUISITE DATA AND DOCUMENTS IN SUPPORT OF ITS PETITION

BE&K, with this Petition, submits all of the requisite evidence to meet its burden for an award of the requested fees. Specifically, BE&K supports its requested hourly rates by submitting the affidavit of the attorney leading the Litigation. See Exhibit 1. This affidavit provides evidence in support of the hours of time claimed and the validity of the entries of tasks completed. The affidavit also provides evidence to support the use of billing judgment by BE&K's attorneys. See Hensley v. Eckerhart, 461 U.S. 424, 438 n.13 (1983).

Additionally, BE&K submits the affidavits of two practicing members of the Delaware bar who provide similar, employment-related legal services and who have similar litigation experience.  See Exhibits 2-3.  These affidavits provide additional evidentiary support of the reasonableness of the requested rate.  See Washington, 89 F.3d at 1035.

Next, BE&K has provided a Summary of Fees Incurred.  See Exhibit 4.  This Summary includes the amount of time spent to various categories.  This Summary goes beyond the requirements set forth in Rode.  892 F.2d at 1189.  Additional, more detailed information is available immediately should the Court deem its submission to be appropriate.

The submitted data and documents comply with the Third Circuit's requirements for a fee petition.  Thus, it is appropriate to determine the lodestar at this stage.  The lodestar has been calculated as the number of reasonable hours spent by the reasonable hourly rate.  The amount of the lodestar total is provided with the Summary, as well.

## CONCLUSION

For the reasons set forth more fully above,, Petitioner respectfully requests that the Court enter an order authorizing payment for costs and expenses incurred by Young Conaway Stargatt & Taylor, LLP on behalf of BE&K Engineering Company in the form attached hereto.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Margaret M. DiBianca*
        Teresa A. Cheek, Esquire (Bar I.D. 2657)
        Margaret M. DiBianca (Bar I.D. 4539)
        1000 West Street
        The Brandywine Building, 17th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 571-5008
        Facsimile: (302) 576-3476
        E-mail: mdibianca@ycst.com

        *Attorneys for Defendant*

Dated: March 20, 2008