## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
          **Plaintiff,** )
)    **CIVIL ACTION NO. 05-697**
     **v.** )
)
BE&K ENGINEERING COMPANY, )
(Subsidiary of BE&K, Inc.) )
)
          **Defendant.** )
_____

## PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S
## PETITION FOR COUNSEL FEES AND COSTS

COLM F. CONNOLLY
United States Attorney

Douglas McCann
Civil Chief
Delaware Bar I.D. No. 2901
The Nemours Bldg.
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277


/s/ Woody Anglade
Jacqueline H. McNair
Regional Attorney
Woody Anglade
Trial Attorney
U.S. EEOC – Philadelphia District Office
801 Market St., Suite 1300
Philadelphia, PA  19107
Dated: April 7, 2008                     (215) 440-2814

**TABLE OF CONTENTS**

**TABLE OF CITATIONS** ..................................................................................3

**PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S PETITION FOR COUNSEL FEES AND COSTS** ........................................................4

**NATURE AND STAGE OF THE PROCEEDING** ...........................................4

**RELEVANT FACTS** ...............................................................................5

**ARGUMENT** .......................................................................................8

**I.    THIS COURT SHOULD DENY DEFENDANT'S PETITION FOR FEES AND COSTS BECAUSE DEFENDANT USED THE WRONG LEGAL STANDARD AND FAILED TO SHOW EEOC ACTED IN BAD FAITH** ...............................................................................8

    **(1)    Legal Standard for Fees in ADEA action is "Bad Faith"** ...........................8

    **(2)    Defendant Cannot Show the Commission Litigated Action in "Bad Faith"** .10

**II.   THIS COURT SHOULD DENY DEFENDANT'S PETITION FOR FEES AND COSTS BECAUSE DEFENDANT HAS FAILED TO MEET ITS BURDEN OF DEMONSTRATING THAT THE REQUESTED FEES ARE REASONABLE** ..................................................................14

    **(1)    The  Fee Petition Was Insufficiently Documented** ...............................16

    **(2)    Certain of the Hours Claimed are Excessive, Redundant and Unnecessary** .17

    **3)     The Hourly Rates Requested by Defendant's Counsel Are Not Reasonable** .21

**CONCLUSION** ..................................................................................22

**PROPOSED ORDER** ..........................................................................23

**CERTIFICATE OF SERVICE** ...............................................................24

**TABLE OF CITATIONS**

Federal Cases
Anderson v. Consolidated Rail Corp., 297 F.3d 242, 249-250 (3d Cir. 2002)                                12
Apple Corps. Ltd. v. Int'l Collectors Soc'y, 25 F. Supp.2d 480 (D.N.J. 1998)                             19, 21
Baker Industries, Inc. v. Cerberus, Ltd., 764 F.2d 204, 223 (3d Cir.1985)                                10
Ballen v. Martin Chevrolet-Buick of Delaware, 1998 U.S. Dist. WL 1013874 (D. Del. Sept. 17, 1998)        21
Bell v. United Princeton Properties., Inc., 884 F.2d 713, 720 (3d Cir. 1989)                             14, 17
Brown v. Eichler, 680 F. Supp. 138, 143 (D. Del. 1988)                                                   21
Carter v. National R.R. Passenger Corp., 1986 U.S. Dist. WL 3055 (E.D Pa. Mar. 7, 1986)                  20
Cesaro v. Thompson Publishing Group,  20 F.Supp. 2d 725 (D.N.J. 1998)                                    8, 9
Christansburg Garment Co. v. EEOC, 434 U.S. 412, 421-422 (1978)                                          9
Colbert v. Yardkin Valley Tel. Membership Corp., 960 F. Supp 84 (M.D.N.C. 1997)                          13, 17
EEOC v. Clay Printing, 13 F.3d 813 (4th Cir 1994)                                                        12
EEOC v. Federal Express Corp., 2005 U.S. Dist. WL 6073699 (M.D. Pa. Jan. 18, 2005)                       20
EEOC v. Hendrix College, 53 F.3d 209, 211-212 (8th Cir. 1995)                                            17
Fassbender v. Treasure Chest Casino, 2008 U.S. Dist LEXIS 3443 (E.D. La. Jan 16, 2008)                   12
Ford v. Temple Hospital,  790 F.2d 342 (3rd Cir, 1986)                                                   10
Gaffney v. City of Allentown, 1998 U.S. Dist. WL 32758, at *4 (E.D. Pa. Jan. 7, 1998)                    15
Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995)                               18
Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)                                    14, 15, 20
Hoover v. Armco, Inc. 915 F.2d 355 (8th Cir 1990)                                                        13
Kennan v. City of Philadelphia, 983 F.2d 459, 472 (3d Cir.1992)                                          20
McNaboe v. NVF Co., 2002 U.S. Dist. LEXIS 21287, at *17 (D. Del, Oct 31, 2002)                           8
Microsoft Corp. v. United Computer Res. of New Jersey, Inc., 216 F. Supp.2d 383, 394 (D.N.J. 2002)       20
Miller v. State Chemical Mfg. Co., 706 F. Supp. 1166 (W.D.Pa 1998)                                       8
Missouri v. Jenkins, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)                           22
Muraresku v. Amoco Oil Co., 648 F.Supp. 347, 350 (E.D. Pa. 1986)                                         16
Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)                                12
Rainey v. Philadelphia Hous. Auth., 832 F.Supp. 127, 130 (E.D. Pa. 1993)                                 21
Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft, 476 F. Supp. 1355 (W.D. Pa. 1979)        8, 9
R.C. v. Bordentown Regional Sch. Dist. Bd of Educ., 2006 U.S. Dist. WL 2828418 (D.N.J. Sept. 29, 2006)   19
Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)                                                 8
Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)                                                14, 15, 16
Rompola v. Lehigh Valley Hospital, 2004 U.S. Dist. LEXIS 4087, *1 (E.D. Pa. Mar 11, 2004)                10, 11
Snyder v. Washington Hosp. Ctr., 1984 U.S. Dist. WL 3244 (D.D.C. Nov. 5, 1984)                           11
Singer v. Uni-Marts, Inc., 1985 U.S. Dist. LEXIS 20290 (D. Pa. 1985), at *12                             8
Tennant v. Omaha Public Power Dist., 2005 U.S. Dist. WL 1719690 (D. Neb. July 22, 2005)                  11
Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 n. 19 (11th Cir. 1998)                          9
Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir.1983)                                                21
Washington, 89 F.3d 1037                                                                                 20
Wastak v. Lehigh Valley Health Network, Inc., 128 Fed. Appx. 928 (3d Cir. 2005)                          9
Wisdom v. Phila. Housing Auth., 2003 U.S. Dist. WL 21545123, at *5 (E.D. Pa. July 7, 2003)               20

Federal Statutes
28 U.S.C. § 2412(d)(1)(A)                                                                                 12
29 U.S.C. § 216(b)                                                                                        8
29 U.S.C. § 626(b)                                                                                        8
42 U.S.C. sec. 2000e-5(k)                                                                                 8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | )    CIVIL ACTION NO. 05-697 |
| v. | ) |
| | ) |
| BE&K ENGINEERING COMPANY, | ) |
| (Subsidiary of BE&K, Inc.) | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S PETITION FOR COUNSEL FEES AND COSTS

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") asks this Court to deny defendant's petition for fees and cost because (1) they use the wrong legal standard, (2) they cannot show that EEOC continued this ADEA claim in bad faith and (3)  the fees of over $133,000 for a routine, individual ADEA action are excessive.  The reasons in support of EEOC's Opposition are set forth more fully in the foregoing Brief in Opposition.

## NATURE AND STAGE OF PROCEEDING

On September 23, 2005, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed its Complaint in this case, alleging that defendant, BE&K Engineering Company, violated the Age Discrimination in Employment Act  of 1967("ADEA") when it discharged Juan Obed Perez.  (D.I. 1).  On March 6, 2008, the Court entered an Order granting defendant's Motion for Summary Judgment as to EEOC's single ADEA claim  (D.I. 70).  On March 20, 2008, defendant filed the instant motion seeking fees and costs  (D.I. 71).

Defendant now asks this Court to do what no other court in this Circuit has done - award fees to a prevailing defendant in an ADEA action.  This Court should deny defendant's petition

for fees and cost because (1) they use the wrong legal standard, (2) they cannot show that EEOC

continued this ADEA claim in bad faith and (3) the fees of over $133,000 for a routine,

individual ADEA action are excessive.

## **RELEVANT FACTS**

In March 2000, BE&K hired Juan Perez, age 51, to work in its process department.  Perez

had previously worked for BE&K in 1993 for a period of nine months, at the end of which he

was laid-off due to a lack of work.[1]  While Perez was gathering his belongings over a period of

days to leave the facility, Perez saw a group of 3-4 very young engineers coming in with boxes.

They were all new hires.  Perez, then age 42, believed BE&K discriminated against him by

hiring the younger engineers at the same time he was let go for lack of work, but made no

complaint.

On November 21, 2003, BE&K laid-off Perez as part of a reduction-in-force ("RIF").

Perez was specifically told his lay-off was not because of his performance.  Perez believed that

his lay-off was once again, related to his age.  On occasion, employees laid-off by BE&K have

found employment, with Allstates Technical Services, Inc. ("Allstates"),[2] sometimes resuming

work on the same projects they had while working for BE&K.    Allstates maintains hourly

employees, unlike BE&K salaried employees.  Allstates' employees do not get a guaranteed 40

hours of work a week as BE&K employees do.  Additionally, the benefits at Allstates are

limited.  Allstates' employees can be terminated at any time and have less job security than

actual BE&K employees.  Perez never applied for a position at Allstates because he genuinely

believed BE&K had discriminated against him.

---

[1]       The facts in this brief are taken from the Court's March 5, 2008 Memorandum Opinion; and EEOC's
Opposition Briefs in Response to Defendant's Motion for Summary Judgment and Motion to Strike and supporting
appendices.
[2]       Allstates is a subsidiary of BE&K used for projects that require a short-term, flexible solution.

He later filed a charge of discrimination based on age against defendant on or about April 2, 2004.  During the EEOC's investigation, the EEOC learned that 4 other process engineers, all in the protected age group, were terminated in 2004.  The EEOC investigator assigned to the charge maintains that Christopher Guttridge, a 23 year old process engineer hired by defendant in 2003, told him that then process department manager Peter Howe advised Guttridge during his interview, that defendant was looking to hire younger engineers.[3]  In September 2005, EEOC filed a complaint alleging age discrimination against defendant.

Before discovery began, EEOC offered to resolve the case by way of a consent decree and $74,000, the amount of Perez's back pay.  Exhibit 1 EEOC November 21, 2005 demand letter.  BE&K orally countered with an offer of $25,000 with no consent decree.  The parties agreed that they were too far apart.  They sought an early settlement conference.  Exhibit 2 January 12, 2006 Scheduling Order.  Yet, one could not be scheduled early in the litigation; therefore the parties moved forward with pre-trial discovery.

Narayan Swamy, a former BE&K Senior Process Engineer, believed BE&K also terminated his employment because of his age.  During discovery, Swamy provided a statement which stated that then process department manager Peter Howe told him he was terminated because there were too many senior process engineers and not enough work for them.  Swamy knew, however, that 2-3 junior process engineers were hired a short time after he was terminated.  Exhibit 3 Swamy Declaration.

The course of pre-trial discovery in this individual case was routine.  Each party propounded and objected to written discovery.  EEOC propounded a total of 42 document requests.  Both parties propounded interrogatories.  No party propounded any requests for

---

[3]      Both Guttridge and Howe testified at their depositions that Howe never made these comments during Guttridge's interview.

admissions, sought leave of court to propound more than 25 interrogatories or filed any discovery motions. EEOC conducted six depositions and BE&K conducted two.[4] At defense counsel's request, all depositions were conducted at its law firm in Wilmington, Delaware.

One of the discovery disputes cited by defendant in its petition involved the disclosure of Perez's tax returns. EEOC originally objected to producing Perez's jointly filed tax returns for confidentiality reasons. After an exchange of correspondence on this issue, EEOC ultimately produced Perez's joint tax returns. Exhibit 6 EEOC May 18, 2006 cover letter.

Another discovery dispute referenced by defense counsel involved the production of time records to verify the data contained in two charts created by defendant. The purpose of the charts was to show which project or projects were assigned to each department process engineer for 2003 and 2004. See Exhibit 7 BE&K July 15, 2006 letter p. 2 ("The data in the third report can be used to verify the 2003 and 2004 Project Charts and, therefore, satisfies the request for production. However, I realize that you may need further explanation of the codes and abbreviations used in the chart before being able to do a full comparison. There are various ways to accomplish this, but I would like to proceed as expeditiously as possible, considering the expiration of the discovery period."). The parties worked together in a good faith effort and was able to resolve the issue.

---

[4]    In its motion, defendant asserts that Howe had to travel from North Carolina to pay for the deposition at his own expense. Howe testified, however, that his present home address was Thomas Dr., Boothwyn, PA, 19061, which is much closer to the Wilmington, Delaware location of his deposition. Exhibit 4 Howe dep transcript pgs. 5-6. Additionally, defendant conducted the depositions of Juan Perez and Daniel Dayton. Exhibit 5 Deposition Notices for Perez and Dayton.

## ARGUMENT

**I.    THIS COURT SHOULD DENY DEFENDANT'S PETITION FOR FEES AND COSTS BECAUSE DEFENDANT USED THE WRONG LEGAL STANDARD AND FAILED TO SHOW EEOC ACTED IN BAD FAITH**

### (1)  Legal Standard for Fees in ADEA action is "Bad Faith"

This Court should deny defendant's petition for fees under the ADEA because defendant has applied the wrong legal standard for awarding fees.  The ADEA does not provide attorney's fees to a prevailing defendant.  42 U.S.C. sec. 2000e-5(k).   Unlike Title VII, that has an express provision which permits the prevailing *party* to recover attorney's fees, ADEA only allows prevailing *plaintiffs* to recover fees and costs**.**  See 29 U.S.C. § 216(b); <u>see also</u> <u>Miller v. State Chemical Mfg. Co.</u>, 706 F. Supp. 1166 (W.D. Pa. 1998).  ADEA, however, incorporates selected provisions of the Fair Labor Standards Act ("FSLA"), including the provisions pertaining to the award of attorneys' fees. See 29 U.S.C. § 626(b).  These provisions do not address whether, or under what circumstances, attorneys' fees should be awarded to a prevailing defendant. <u>McNaboe v. NVF Co.</u>, 2002 U.S. Dist. LEXIS 21287, *17 (D. Del. Oct. 31, 2002). In the absence of an express provision in the ADEA or FLSA which permits an award of attorney's fees to a prevailing party, the "American Rule" applies and the defendant must show bad faith on the plaintiff's part in order for a district court to award attorney's fees to a prevailing defendant. <u>Cesaro v. Thompson Publishing Group</u>, 20 F. Supp.2d 725, 726 (D.N.J. 1998).

BE&K, as the moving party, bears a heavy burden in establishing bad faith and the Court must exercise this power sparingly.  <u>Singer v. Uni-Marts, Inc</u>., 1985 U.S. Dist. LEXIS 20290 (D. Pa. 1985), at *12, citing, <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 767 (1980); <u>Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft</u>, 476 F. Supp. 1355 (W.D. Pa. 1979).

Furthermore, an award should be made only in extraordinary circumstances and requires more than a showing of a weak or legally inadequate case. Id. at 1361.

Here, defendant's petition must be denied because it applied the wrong legal standard to its petition for fees and costs. Defendant uses the less stringent, Title VII Christansburg standard which only requires the prevailing party demonstrate the action was "frivolous, unreasonable or without foundation…." Christansburg Garment Co. v. EEOC, 434 U.S. 412, 421-422 (1978). The Third Circuit has already rejected this approach. In Thompson Publishing Group, 20 F.Supp. 2d 725 (D.N.J. 1998), the court specifically addressed the use of Title VII's fee standard in an ADEA action.

> Thompson [defendant] argues that it only needs to show that plaintiff's action "was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." In short, we are not persuaded by defendant's contention in this regard, as it is based upon a fundamentally incorrect premise. Defendant has cited the standard for awarding attorney's fees to a prevailing defendant in an action brought under Title VII of the Civil Rights Act of 1964.

This Court should also reject defendant's efforts - in this ADEA action - to seek attorney's fees under the less stringent Title VII standard.   At least one other district court has also addressed the more stringent "bad faith" standard as compared to Title VII's frivolous standard. See, e.g., Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 n. 19 (11th Cir. 1998) (Stressing that the "bad faith" standard applicable to ADEA defendants "differs significantly from" the Christansburg standard).

Defendant's attempt to obtain attorney's fees under the ADEA has little Third Circuit support. This Circuit has not directly held that a prevailing ADEA defendant is entitled to fees. In a footnote, the Appellate Court noted that it would be *inclined* to find a showing of bad faith is required to award prevailing defendant's attorney's fees under the ADEA. Wastak v. Lehigh

<u>Valley Health Network, Inc</u>., 128 Fed. Appx. 928 (3d Cir. 2005).  The Commission, after an exhaustive search, could not, however, find any cases in which the Third Circuit actually made a finding of bad faith and awarded attorney's fees to a prevailing defendant.  Moreover, defendant has not cited to any cases in which this circuit awarded attorney's fees to a prevailing ADEA defendant.

### (2)    Defendant Cannot Show the Commission Litigated Action in "Bad Faith"

This Court should deny defendant's petition for fees because they have failed to meet their heavy burden of establishing bad faith.  "Bad faith" would be some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.,* harassment or delay.  <u>Ford v. Temple Hospital</u>, 790 F.2d 342 (3d Cir. 1986), citing, <u>Baker Industries, Inc. v. Cerberus, Ltd</u>., 764 F.2d 204, 223 (3d Cir.1985) (Higginbotham, J., dissenting) (Once defendant notified plaintiff of the untimeliness of plaintiff's claim, Title VII action became frivolous.  Court found plaintiff's continued pursuit of a meritless action, with knowledge of such fact, constituted bad faith).  Here, defendant cannot establish "bad faith" because they have not shown that EEOC knowingly advanced a baseless contention for an ulterior motive.

Defendant emphasizes EEOC's failure to establish its prima facie case as a basis for awarding attorney's fees.  While this may be a factor under a Title VII analysis, this court has failed to find "bad faith" and award attorney's fees under the ADEA even where a plaintiff fails to establish its prima facie case.  In <u>Rompola v. Lehigh Valley Hospital</u>, 2004 U.S. Dist. LEXIS 4087, *1 (E.D. Pa. Mar 11, 2004) plaintiff sued her former employer for a variety of discrimination claims, including a claim under the ADEA.  Defendant was granted summary judgment on the ADEA claim and sought fees and costs.  Finding that the Court made its

summary judgment decision *after careful consideration of the record*, and that defendant had failed to demonstrate that plaintiff pursued her case in bad faith, the Appellate Court denied the defendant's motions for fees and cost. Id at *14.

Other Circuits have also failed to find "bad faith" sufficient to award fees under the ADEA even where a plaintiff failed to establish its prima facie case of age discrimination. See, Tennant v. Omaha Public Power Dist., 2005 U.S. Dist. WL 1719690, at *7 (D. Neb. July 22, 2005) (Court failed to find that plaintiff acted vexatiously or in bad faith and therefore denied an award off attorney's fees to defendant where plaintiff failed to meet his burden of showing pretext); Snyder v. Washington Hosp. Ctr., 1984 U.S. Dist. WL 3244 (D.D.C. Nov. 5, 1984) ("although it should have become obvious to plaintiff's counsel sometime prior to oral argument on defendant's motion for summary judgment that no grounds existed for an age discrimination action, the showing made by defendants is not sufficient to constitute bad faith.").

Like in Rompola, the district court in BE&K made a careful consideration of the record in granting summary judgment. The Court found that EEOC established three elements of its prima facie case. The Court found that EEOC failed to establish only the fourth element, that Perez was *replaced* by someone significantly younger. EEOC argued that in a RIF case, a plaintiff need only show plaintiff was discharged while someone significantly younger was *retained*. Under the "retained" analysis, EEOC could establish its prima facie case because the record showed defendant retained Christopher Guttridge, a 23 year old process engineer and several other younger engineers from the department. Then process department manager Peter Howe testified that all of the engineers in his department were expected to perform the same type of tasks and work on the same projects, regardless of size and complexity. Howe further testified

that he considered each and every engineer in his department for discharge before deciding to lay off Perez.

The Third Circuit has held that in an ADEA reduction-in-force lay off case, as in the present action, the fourth element of the prima facie case is established by showing the employer *retained* someone similarly situated who was sufficiently younger.  Anderson v. Consolidated Rail Corp., 297 F.3d 242, 249-250 (3d Cir. 2002); see also Third Circuit ADEA Model Jury Instructions 8.1.2.  Therefore, the EEOC had a genuine honest belief that it was only obligated to show that a sufficiently younger similarly-situated employee was retained to satisfy the requirements of establishing a prima facie case.  Even if the EEOC's position on the fourth element was weak or legally inadequate, it does not constitute bad faith sufficient to warrant an award of attorney's fees.

The cases relied upon by defendant in support of awarding attorney's fees to a prevailing defendant are distinguishable from the case at bar, and moreover, are not persuasive.  Defendant cites to a case that used the "substantially justified" standard, a standard less stringent than both ADEA and Title VII.[5]  In EEOC v. Clay Printing, 13 F.3d 813 (4th Cir 1994), the Court awarded fees to a prevailing ADEA defendant under the EAJA, a standard even lower than the Title VII standard.  This case is distinguished because the appropriate standard for awarding attorney's fees to a prevailing defendant in the Third Circuit is "bad faith" not "substantially justified."

Defendant also cites to cases where plaintiffs *knowingly* pursued litigation where there was timeliness and jurisdictional issues.  See Fassbender v. Treasure Chest Casino, 2008 U.S. Dist LEXIS 3443, at *23 (E.D. La. Jan. 16, 2008) (No bad faith found where plaintiffs were

---

[5]   Under the EAJA, a fee award is mandatory unless the government can demonstrate that its position was "substantially justified."  28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact."  Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

represented by counsel that knowingly filed an ADEA claim against an individual, with knowledge that the statute provides no basis for individual liability); Hoover v. Armco, Inc., 915 F.2d 355 (8th Cir 1990) (attorney's fees awarded to prevailing defendant where Court found plaintiff knowingly brought untimely claim against defendant out of spite.)  Where the Court did award fees, the scope of recovery was limited.  See Colbert v. Yardkin Valley Tel.Membership Corp., 960 F. Supp 84 (M.D.N.C. 1997) (Court only awarded fees for period after court entered judgment dismissing claim, not for time spent in initially litigating the case).  Here, BE&K cannot show that EEOC had any timeliness or jurisdictional issues or engaged in any knowingly inappropriate conduct.

Defendant has not identified any EEOC conduct during the course of litigation that demonstrates bad faith.  To justify its fee petition, defendant lists various pretrial discovery efforts of the EEOC and characterizes them negatively.  Defendant uses phrases like EEOC "continued its vigorous discovery initiative" and EEOC "contested several discovery responses" to imply EEOC's litigation efforts were somehow excessive.  The points raised by defendant concerning the conduct of litigation are minor and otherwise insignificant.  Moreover, many of defendant's facts are wrong, and even if right, do not constitute bad faith by the EEOC.

For instance, defendant asserts that EEOC propounded 4 document request totaling 43 requests, but EEOC only sent out 3 document requests totaling 42 requests.  Defendant claims the EEOC took 7 depositions and defendant took only 1.  EEOC, however, took 6 depositions and defendant took 2 depositions - Juan Perez and Dan Drayton.[6]  Defendant also claims that one witness, Peter Howe, had to travel from North Carolina and had to pay for the deposition at his

---

[6]     Defendant fails to mention that all depositions were taken at Defendant's Wilmington, Delaware office at Defendant's request.

own expense.  However, as of Mr. Howe's April 14, 2006 deposition, his address was in

Boothwyn, PA.

Defendant has argued that they never offered to settle this case.  This is inaccurate.  In

November 2005, EEOC sent a settlement demand letter to defendant for $74,000[7] and a Consent

Decree and defendant orally countered with an offer of $25,000 with no Consent Decree.

Under the proper standard for awarding attorney's fees under the ADEA, defendant

cannot establish bad faith by EEOC.  Accordingly, Defendant's petition for fees must be denied.

## II.    THIS COURT SHOULD DENY DEFENDANT'S PETITION FOR FEES AND COSTS BECAUSE DEFENDANT HAS FAILED TO MEET ITS BURDEN OF DEMONSTRATING THAT THE REQUESTED FEES ARE REASONABLE

Defendant has failed to meet its burden of demonstrating that the requested fees are

reasonable.  Specifically, EEOC contends that the (1) fee petition was insufficiently documented;

(2) the hours claimed are excessive, redundant and unnecessary; and (3) the hourly rates

requested are not reasonable.  EEOC also objects to BE&K's request for a delay enhancement.

The party seeking attorneys' fees bears the initial burden of proving that the requested

fees are reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To meet this

burden, the fee petition must "submit evidence supporting the hours worked and the rates

claimed." Id.; see also Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983).

The party opposing the fee award then has the burden to challenge the reasonableness of the

requested fee, by affidavit or brief with sufficient specificity to give the fee applicant notice of

the objection. Rode, 892 F.2d at 1183.  Although the fee opponent must make its objections

clear, it need not "point to all the entries that they believe to be unreasonable."  Bell v. United

---

[7]     Defendant argues that EEOC's initial demand of $74,000 is "an amount that pales in comparison to most initial demands."  Defendant Petition at p. 3.  This statement reflects defendant's lack of understanding of the remedies available under the ADEA.  Under the ADEA, a successful plaintiff can only recover back pay damages, liquidated damages, front pay damages, injunctive relief and attorney's fees, which EEOC cannot seek. Accordingly, EEOC's initial demand is consistent with the remedies available under the ADEA.

Princeton Properties., Inc., 884 F.2d 713, 720 (3d Cir. 1989).  Rather, the opponent's "objections are adequate ... if they allege that the hours spent on particular categories of work are excessive." Gaffney v. City of Allentown, 1998 U.S. Dist. WL 32758, at *4 (E.D. Pa. Jan. 7, 1998).  Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the award in light of those objections.  Id. at 721; Rode, 892 F.2d at 1183.

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate. Id.; Hensley, 461 U.S. at 433, 103 S. Ct. at 1939.  The District Court should exclude hours that are not reasonably expended.  Id.; Rode, 893 F.2d at 1183.  Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.  Id  **The Court can deduct hours when the fee petition inadequately documents the hours claimed.**  Hensley, 461 U.S. at 433, 103 S. Ct. at 1939; Rode, 893 F.2d at 1183.  More specifically, a fee petition is required to be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed."  Id. at 1190.

A District Court must also examine whether the requested hourly rate is reasonable. Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community.  Rode, 893 F.2d at 1183.  Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  Id. at 1183.  The reasonable hourly rate is then multiplied by the reasonable hours expended to obtain the lodestar (the reasonable fee).  Rode, 893 F.2d at 1183.  The District Court has the discretion to make certain adjustments to the lodestar.  Id

**(1)      The  Fee Petition Was Insufficiently Documented**

Plaintiff asserts that defendant's petition should be denied or substantially reduced for

lack of specificity and documentation.  In Rode v. Dellarciprete, the Court explained that

specificity should only be required to the extent necessary for the district court "to determine if

the hours claimed are unreasonable for the work performed." [citations omitted.] ... Specifically,

a fee petition should include "some fairly definite information as to the hours devoted to various

general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various

classes of attorneys, e.g., senior partners, junior partners, associates."  892 F.2d at 1190-1191.

The appellants in Rode "submitted a computer-generated time sheet for each attorney,

paralegal and law clerk who worked on the case. In each instance, the time sheet was in

chronological order. Each entry provided the general nature of the activity and the subject matter

of the activity where possible, e.g., T (Dusman); CF (client); R (re appeals), the date the activity

took place and the amount of time worked on the activity. In some instances, appellants

aggregated the work in a day on various activities.  Lastly, appellants, from October, 1985 to

February, 1987, submitted monthly time reports to the district court."  The Third Circuit

concluded that the submissions offered by appellants provided enough information regarding

what hours were devoted to various activities and by whom, for the District Court to determine if

the claimed fees are reasonable.  Rode, 892 F.2d at 1991.

Here, defendant has provided no documentation with the required level of specificity to

support its petition.  For example, BE&K does not provide any information regarding which

work was performed by defense counsel or its paralegals.  Therefore, it is impossible for the

EEOC to specifically determine whether the hours claimed in the petition are reasonable with

respect to defense counsel or its staff.  See Muraresku v. Amoco Oil Co., 648 F.Supp. 347, 350

(E.D. Pa. 1986) (stating that where description of services were too vague to be helpful, it was "impossible to determine if all the fees claimed were 'reasonably expended'" requiring reduction in lodestar). Defendant's petition should be denied or substantially reduced.

### (2)    Certain of the Hours Claimed are Excessive, Redundant and Unnecessary

The EEOC asserts that the hours listed in defendant's Exhibit 4 regarding the categories of correspondence with opposing counsel; correspondence with client regarding discovery, facts; depositions; document review and production; fact investigation; chronology and legal outlines; draft pleadings; pre-trial; and research are grossly excessive and unnecessary. In general, a party challenging an entire category (or several categories) of work, need only specify with particularity the reason for its challenge and the category (or categories) of work being challenged; it need not point to each individual excessive entry. Bell, 884 F.2d at 721.

Here, this case was a simple and straightforward single claimant ADEA action, which was litigated by a sole defense counsel. Further, discovery was only six (6) months. Therefore, defendant's request of $133,584.50 is grossly exorbitant and quite shocking.[8] Moreover, the amount sought by defendant is sufficiently higher than the awards granted to defendants in some of the non Third Circuit ADEA (bad faith) cases cited by BE&K in its petition. See EEOC v. Hendrix College, 53 F.3d 209, 211-212 (8th Cir. 1995) (where the Court awarded defendant $4,246); see also Colbert v. Yardkin Valley Tel. Membership Corp., 960 F. Supp. 84 (M.D.N.C. 1997) (Court held that defendant could only recover attorney fees of $1,000 for period after court entered judgment dismissing claim and pointing out deficiencies of employee's claim, but not for time spent in initially litigating matter).

EEOC makes the following additional objections to defendant's petition:

---

[8] On or about March 26, 2008, plaintiff's undersigned counsel clarified with defense counsel that defendant was solely seeking $133,584.50 in fees billed, as listed in defendant's petition Exhibit 4.

**Correspondence with Opposing Counsel**

Defendant maintains that it spent a significant amount of time corresponding with EEOC undersigned counsel to resolve discovery disputes. The EEOC asserts that it worked with defendant in a good faith effort to resolve discovery disputes without Court intervention. Indeed, defendant concedes that the parties were able to resolve these disputes. See Defendant's Petition p. 3. Further, defendant never filed any motions to compel nor had to respond to any. EEOC cannot comprehend how defendant seeks 23.2 hours of fees for corresponding with EEOC counsel, when there is no documentation to explain the nature of these conversations or the subject matters involved. For example, counsel had conversations on different topics ranging from discovery issues and scheduling depositions. Clearly, defendant should not be able to recover fees for discussions relating to scheduling issues. See Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995) (it is not appropriate to allow "the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals").

**Depositions**

The EEOC deposed the following six (6) witnesses in this case: Sharon Abrams (4 hours 15 minutes); Jack Baker (4 hours); Christopher Guttridge (4 hours); Peter Howe (9 hours 35 minutes); Robert Shoemaker (3 hours); and John Trexler (6 hours 22 minutes). Exhibit 8 Dep Times. The total number of hours calculated by the EEOC is for the duration of the deposition that particular day, and not solely the times that the parties were on the record. Therefore, EEOC deposed its 6 witnesses for approximately 31 hours 12 minutes.

Defendant deposed two (2) witnesses. BE&K deposed Daniel Dayton (1 hour 44 minutes) and Juan Perez on two occasions (7 hours 30 minutes; 2 hours 30 minutes). Exhibit 8 Dep Times. Therefore, the entire duration of BE&K's depositions was 11 hours 44 minutes.

Adding the deposition hours of both parties computes to approximately 43 hours. Assuming defense counsel took 43 hours to prepare for these depositions, then the deposition duration time and defense counsel preparation time computes to be 86 hours.  See R.C. v. Bordentown Regional Sch. Dist. Bd of Educ., 2006 U.S. Dist. WL 2828418, at *3 (D.N.J. Sept. 29, 2006) (time spent preparing for hearing should be considered relative to length of hearing); see also Apple Corps. Ltd. v. Int'l Collectors Soc'y, 25 F. Supp.2d 480 (D.N.J. 1998) (excessive for counsel to spend three times as long to prepare for hearing as to attend it).  Yet, defendant has listed 178.5 hours as the hours billed for the category of depositions without providing any sufficient documentation to support such a significant request.  Defendant's Petition Exhibit 4. Defendant's request for 178.5 hours for depositions is clearly excessive and unreasonable.

### Document Review & Production

Defendant billed 150 hours for document review and production.  Defendant's Petition Exhibit 4.  According to defendant, it has produced approximately 3,500 pages of documents in this case.  See Defendant's Petition page 2.  Billing for so many hours for document review and production is, however, clearly excessive for a non-complex single claimant ADEA action; especially for a competent and capable attorney such as defense counsel.  See Microsoft Corp. v. United Computer Res. of New Jersey, Inc., 216 F. Supp.2d 383, 394 (D.N.J. 2002) (reviewing and analyzing "thousands of pages of documents produced by Defendants," however, should not have taken a senior associate of counsel's experience and qualifications 41.2 hours to complete. Accordingly, the hours he spent on these tasks will be reduced by half.).  The 150 hours of billing for document review and production should be substantially reduced.

**Pre-Trial**

The 2.3 hours billed by defendant for pre-trial is unnecessary because there was obviously no trial, and the parties were not required to submit pre-trial submissions.

**Correspondence with Client Regarding Discovery, Facts; Fact Investigation; Chronology & Legal Outlines; Draft Pleadings; Research**

BE&K has failed to provide an adequate description or documentation of the hours billed to these categories. For instance, there is no description regarding which documents were reviewed and/or prepared by counsel. Nor is there any description of the time spent researching. In fact, there is no description, or definitive information as to the hours specifically devoted to any of these activities. "Attorneys seeking compensation must document the hours for which payment is sought 'with sufficient specificity.'" Wisdom v. Phila. Housing Auth., 2003 U.S. Dist. WL 21545123, at *5 (E.D. Pa. July 7, 2003), citing Washington, 89 F.3d 1037 (quoting Kennan v. City of Philadelphia, 983 F.2d 459, 472 (3d Cir. 1992)).

BE&K's petition should be denied or reduced substantially for lack of documentation. Hensley, 461 U.S. at 433 ("[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." See also EEOC v. Federal Express Corp., 2005 U.S. Dist. WL 6073699, at *21 (M.D. Pa. Jan. 18, 2005) (Court reduces fee award where time entries lack specificity and, in many instances, lack any detail regarding the services rendered). See also Carter v. National R.R. Passenger Corp., 1986 U.S. Dist. WL 3055, at *8 (E.D. Pa. Mar. 7, 1986) (hours completely disallowed where form of documentation is completely inadequate; opposing party has no way of assessing time requested nor can the court determine its reasonableness.).

Furthermore, defendant's hours billed for these categories are exorbitant. Defendant cannot expect to bill at a high hourly rate of $290 per hour while generating additional fees with regard to these requested categories. See Defendant's Petition Exhibit 1. Again, this is a non-

complex, simple and straightforward single claimant ADEA action.  Therefore, such a high

hourly billing rate requires more efficiency on the part of defense counsel to complete the tasks.

"[T]he higher the allowed hourly rate commanded based upon skill and experience, the shorter

the time it should require an attorney to perform a particular task." Apple Corps. Ltd., 25

F.Supp.2d at 490-491 (D.N.J. 1998) (citing Rainey v. Philadelphia Hous. Auth., 832 F.Supp.

127, 130 (E.D. Pa. 1993).  In particular, a fee applicant "cannot demand a high hourly rate ...

based on his or her experience, reputation, and a presumed familiarity with the applicable law

and then run up an inordinate amount of time researching that same law." Ursic v. Bethlehem

Mines, 719 F.2d 670, 677 (3d Cir.1983).  BE&K's petition is excessive.

**3)      The Hourly Rates Requested by Defendant's Counsel Are Not Reasonable**

Defendant's requested rates are unreasonable.  BE&K Counsel Margaret DiBianca has

asserted that her normal billing rate is $290 per hour.  See Defendant's Petition Exhibit 1.

According to lawyers.com, Ms. DiBianca has been a practicing member of the Delaware Bar

since 2004.  Exhibit 9 DiBianca Profile.  Defendant provided an affidavit from James McMackin

to support its motion.  McMackin states that his standard hourly rate for employment matters is

$230 per hour.  Interestingly, McMackin charges a much lower rate than Ms. DiBianca despite

having more years of experience as an attorney.  BE&K's Petition Exhibit 3.

Courts have relied on the Community Legal Services of Philadelphia ("CLS") Range of

Hourly Rates to determine the appropriate hourly rate for attorneys practicing in Philadelphia

and Delaware.  See Brown v. Eichler, 680 F. Supp. 138, 143 (D. Del. 1988); Ballen v. Martin

Chevrolet-Buick of Delaware, 1998 U.S. Dist. WL 1013874 (D. Del. Sept. 17, 1998).  According

to the CLS website, in 2006 (the year discovery was conducted and BE&K filed its summary

judgment motion), the hourly billing rate for an attorney with 2-5 year's experience, such as Ms.

DiBianca, ranges from $160-$200 per hour.  Exhibit 10 CLS Range.  Moreover, a higher billing rate is not justified because this case is not complex and did not require any specialized legal representation.  Therefore, the appropriate billing rate for an attorney such as defense counsel is closer to $160-$200 per hour for this non complex ADEA case, and not the $290 per hour asserted by defendant.

EEOC further objects to the hourly rates of the paralegals offered by defendant because there is no information to justify their rates or the services performed.  See Missouri v. Jenkins, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (holding "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").

## CONCLUSION

For all of the foregoing reasons, Plaintiff EEOC respectfully requests the Court deny defendant's Petition for Fees and Costs in its entirety.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 05-697** |
| **v.** | ) | |
| | ) | |
| **BE&K ENGINEERING COMPANY,** | ) | |
| **(Subsidiary of BE&K, Inc.)** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER OF COURT**

AND NOW, this _____ day of _____, 2008, upon consideration of the Defendant's

Petition for Counsel Fees and Costs and the Plaintiff EEOC's Response in Opposition thereto,

IT IS HEREBY ordered, adjudged and decreed that Defendant's said Petition is DENIED

in its entirety.


_____
U.S. MAGISTRATE MARY PAT THYNGE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 05-697** |
| **v.** | ) | |
| | ) | |
| **BE&K ENGINEERING COMPANY** | ) | |
| **(Subsidiary of BE&K, Inc.),** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of EEOC's Brief in Opposition to Defendant's Petition for Counsel Fees and Costs, was filed electronically with the Court today and is available for viewing and downloading from the ECF system for the following counsel of record:

> Margaret M. DiBianca, Esq.
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19801
> (Attorney for Defendant)

/s/ Woody Anglade
Woody Anglade
Trial Attorney
Dated: April 7, 2008                              U.S. EEOC