IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) | C.A. No. 05-697-MPT |
| v. | ) ) | |
| BE&K ENGINEERING COMPANY (subsidiary of BE&K, Inc.), | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF THEIR
PETITION FOR ATTORNEY'S FEES**

Teresa A. Cheek, Esquire (Bar I.D. 2657)
Margaret M. DiBianca (Bar I.D. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street
The Brandywine Building, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail: mdibianca@ycst.com

*Attorneys for Defendant*

Dated: April 17, 2008

**Table of Contents**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | III |
| ARGUMENT | 5 |
| I. RECOVERY OF ATTORNEY'S FEES IS PERMISSIBLE AND APPROPRIATE | 5 |
|    A. Defendant Has Satisfied the Bad-Faith Standard | 5 |
|    B. Plaintiff's Continued Pursuit of the Case After Discovery Made Clear that No Discrimination Had Occurred Further Demonstrates Bad Faith | 6 |
| II. DEFENDANT'S REQUESTED FEES ARE REASONABLE AND SUFFICIENTLY SUPPORTED IN ITS PETITION | 8 |
|    A. The Requested Hourly Rate is Reasonable Given the Prevailing Market Rate. | 8 |
|    B. Defendant Has Satisfied Its Burden of Reasonableness For the Number of Hours Requested | 10 |
| CONCLUSION | 12 |

## TABLE OF AUTHORITIES

**Cases**

Actors' Equity Ass'n v. Am. Dinner Theatre Inst.,
  802 F.2d 1038 (8th Cir. 1986)..................................................................................... 5

Alyeska Pipeline Serv. Co. v. Wilderness Society,
  421 U.S. 240 (1975) ..................................................................................................... 5

Ballen v. Martin Chevrolet-Buick of Del.,
  No. 94-484-MMS,
  1998 U.S. Dist. LEXIS 22537, (D. Del. Sept. 17, 1998)............................................. 9

Black Grievance Comm. v. Phila. Elec. Co.,
  802 F.2d 648 (3d Cir. 1986),
  on remand, 690 F. Supp. 1393 (E.D. Pa. 1988) ........................................................ 10

Blum v. Stenson,
  465 U.S. 886 (1984) ..................................................................................................... 8

Brown v. Eichler,
  680 F. Supp. 138 (D. Del. 1988) ................................................................................. 9

Burston v. Va.,
  595 F. Supp. 644 (E.D. Va. 1984) ............................................................................. 12

Craik v. Minn.. State Univ. Bd.,
  738 F.2d 348 (8th Cir. 1984)...................................................................................... 12

Cunningham v. City of McKeesport,
  753 F.2d 262 (3d Cir. 1985),
  vacated & remanded on other grounds, 78 U.S. 1015,
  reinstated, 807 F.2d 49, 52-53 (3d Cir. 1986),
  cert. denied, 107 S. Ct. 2179 (1987)............................................................................ 9

Davis v. Target Stores Div. of Dayton Hudson Corp.,
  87 F. Supp. 2d 492 (D. Md. 2000) .............................................................................. 7

EEOC v. Hendrix Coll.,
  53 F.3d 209 (8th Cir. 1995)......................................................................................... 5

Finch v. Hercules, Inc.,
  941 F. Supp. 1395 (D. Del. 1996) ............................................................................. 10

Garrity v. Sununu,
  752 F.2d 727 (1st Cir. 1984) ........................................................................................ 9

Hensley v. Eckhart,
  461 U.S. 424 (1983) ................................................................................................... 10

Hoover v. Armco, Inc.,
  915 F.2d 355 (8th Cir. 1990),
  cert. denied, 499 U.S. 961 (1991)............................................................................ 5, 6

iv

Keenan v. City of Phila.,
    983 F.2d 459 (3d Cir. 1992) .......................................................................................... 11

Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.,
    540 F.2d 1021 (3d Cir. 1976) ........................................................................................ 10

Luciano v. Olsten Corp.,
    109 F.3d 111 (2d Cir. 1997) ............................................................................................ 8

Public Interest Research Group of N.J. v. Windall,
    51 F.3d 1179 (3d Cir. 1995) ............................................................................................ 8

Rainey v. Phila. Housing Auth.,
    832 F. Supp. 127 (E.D. Pa. 1993) ................................................................................... 9

United Steelworkers v. Phelps Dodge Corp.,
    896 F.2d 403 (9th Cir. 1990) .......................................................................................... 9

W. Va. Univ. Hosps., Inc. v. Casey,
    898 F.2d 357 (3d Cir. 1990) .......................................................................................... 11

**ARGUMENT**

**I.   RECOVERY OF ATTORNEY'S FEES IS PERMISSIBLE AND APPROPRIATE**

Although the ADEA does not provide for the payment of attorney's fees to a prevailing defendant,[1] a prevailing defendant may recover fees upon a showing that the plaintiff litigated the action in "bad faith, vexatiously, wantonly, or for oppressive reasons."[2] Thus, in order to obtain fees in this case, Defendant BE&K must show, first, that it is the prevailing party and, second, that the EEOC litigated this action in bad faith.[3] Courts have awarded attorney's fees to defendants in age-discrimination claims under the bad-faith exception to the "American Rule," under which each side ordinarily bears its own attorney's fees.[4] EEOC does not dispute that Defendant is a prevailing party.

**A.   Defendant Has Satisfied the Bad-Faith Standard**

EEOC contends that Defendant's fee analysis was made using an inapplicable standard. The Commission states that the correct standard for bad faith is whether it "intentionally advanced a frivolous contention for an ulterior purpose." Defendant does not disagree that this is, indeed, one way to characterize of the bad-faith standard.[5] But it is not the only characterization. "Plaintiffs may properly be assessed their opponent's attorney's fees if . . .

---

[1] Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir. 1990), cert. denied, 499 U.S. 961 (1991).

[2] Id. ( quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 263 (1975)).

[3] EEOC v. Hendrix Coll., 53 F.3d 209, 211 (8th Cir. 1995).

[4] See Alyeska Pipeline Serv. Co., 421 U.S. at 263 (explaining the American Rule).

[5] See, e.g., Actors' Equity Ass'n v. Am. Dinner Theatre Inst., 802 F.2d 1038, 1043 (8th Cir. 1986).

the plaintiff continued to litigate after it clearly became [frivolous, unreasonable, or groundless.]"[6]

### B. Plaintiff's Continued Pursuit of the Case After Discovery Made Clear that No Discrimination Had Occurred Further Demonstrates Bad Faith

EEOC brought the case based on the allegation that an ageist comment was made by Mr. Perez's supervisor, Peter Howe.[7] Yet, in the earliest stages of this claim, when Mr. Perez initially filed his Charge of Discrimination, Mr. Perez's own written statement demonstrates that he did *not* allege that this ageist statement was made. Instead, he clearly writes that he "was paraphrasing what [he] was told."[8]

Later, at his deposition, Perez again emphasized that he had been only "paraphrasing."[9] And when asked to explain the basis upon which he had filed his Charge, Mr. Perez answered that he filed the Charge based on his belief that BE&K was going to hire "young people" for "entry level positions," with the goal of "molding them to the BE&K way of doing things and [grooming them to be] future managers."[10] This is not, in any reasonable way, indicative of unlawful age discrimination.

Mr. Perez's lack of conviction regarding the existence of any discriminatory bias at BE&K was mirrored by the testimony of the other witnesses. Despite the consistent deposition testimony by each of the deponents that there was never any reason to believe that age discrimination had occurred. Despite this total absence of supporting testimony by the only

---

[6] Hoover, 915 F.2d at 357.

[7] (D.I. 1 at ¶ 7(e)) ("Statement of Claims").

[8] See Defendant's Appendix In Support of Its Opening Brief in Support of Its Motion for Summary Judgment (D.I. 47) (hereinafter referenced by page number and the prefix "A") (A26).

[9] .(A137, 140).

[10] (A139).

claimant, the EEOC did not withdraw the case. At no time during discovery was there even a single piece of evidence introduced to support the conclusion that any of the relevant decision makers were biased against employees over 40 years of age. Yet, EEOC continued to pursue the case through summary judgment, at which point it was dismissed by the Court.

In Davis v. Target Stores Div. of Dayton Hudson Corporation, the District Court awarded attorney's fees to the prevailing defendant in an ADEA case.[11] In support of the award, the court pointed to the fact that the plaintiff continued to pursue his age discrimination case "well after discovery proved that this claim . . . was frivolous."[12] The only evidence proffered by the plaintiff was an alleged comment by a manager that the plaintiff "was being overpaid." The Court held that it was "unreasonable on its face" to interpret this comment as demonstrative of an unlawful bias.[13] And, because the plaintiff had relied on the comment as his main evidentiary support, an award of attorney's fees to defendant was justified.[14]

Upon the conclusion of Perez's deposition, it was clear that he had never claimed that an ageist comment had ever been made. Because this was the evidence upon which EEOC's claim relied, it had no reason to continue to pursue its claim. "At a minimum, when [Perez's deposition concluded], it should have been clear to [EEOC] that [its] ADEA claim was no longer viable."[15] And, at that point, at the latest, the claim "morphed from an arguably appropriate

---

[11] 87 F. Supp. 2d 492 (D. Md. 2000).

[12] Id. at 495.

[13] Id.

[14] Id.

[15] Id.

one" into one brought in bad faith.[16]  Thus, Defendant is entitled to the award of attorney's fees beginning, at the latest, on March 13, 2006, at the conclusion of the Perez deposition.

## II. DEFENDANT'S REQUESTED FEES ARE REASONABLE AND SUFFICIENTLY SUPPORTED IN ITS PETITION

The calculus in determining the amount of attorney's fees is well settled.  "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate."[17]  Defendant has submitted the requisite support for both the hourly rate and the number of hours requested.  EEOC has failed to rebut the proffer.  Thus, Defendant's request for fees should be granted.

### A. The Requested Hourly Rate is Reasonable Given the Prevailing Market Rate.

EEOC contests the hourly rate submitted by defense counsel.  The Supreme Court has ruled that the appropriate hourly rate is determined by the "prevailing market rates in the relevant community."[18]  The prevailing market rate is determined in light of rates charged by lawyers of comparable skill, experience, and reputation in the same community.

The relevant community could be defined as narrowly as the City of Wilmington, or broadly enough to include all of New Castle County, or at the most, the entire state of Delaware.[19]  All three forums justify Defendant's requested hourly rate.  Defendant satisfied its burden in demonstrating that the requested rate is reasonable with its submission of (1) defense

---

[16] Id.

[17] Blum v. Stenson, 465 U.S. 886, 888 (1984).

[18] Id. at 895.

[19] Compare Public Interest Research Group of N.J. v. Windall, 51 F.3d 1179 (3d Cir. 1995) (finding that the jurisdiction of the forum, New Jersey, was the appropriate community for determining the market rate), and Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (holding that the "prevailing community" was Long Island, where the case was tried and the market rates were lower than in Manhattan where counsel's office was located).

counsel's own affidavit;[20] and (2) affidavits of other attorneys in the same community whose firms and practices are similar to those seeking fee compensation.[21]  EEOC has not provided any affidavits to controvert the attested rate.  Instead, EEOC contends that the rates published by the Community Legal Services ("CLS") rates are deemed automatically to be the appropriate hourly rate.  There are two faults in this contention.  First, the CLS rates are a "fair reflection of the prevailing market rates in *Philadelphia*."[22]  Although EEOC counsel practices in Philadelphia, Philadelphia rates do not govern the analysis for fees incurred during litigation in Delaware.[23]

Because Defendant provided adequate evidentiary support for the requested rate, EEOC can successfully oppose the petition only with "specific contrary evidence" tending to show that the requested rates are out of line with the prevailing community rates.[24]  EEOC's failure to satisfy its evidentiary burden requires the acceptance of the requested rate.[25]

---

[20] Blum, 465 U.S. at 895, n.11 (requiring an affidavit from the attorney claiming fees as the beginning point in the fee applicant's production of evidence in support of the requested hourly rates).

[21] See, e.g., Garrity v. Sununu, 752 F.2d 727, 740, n.12 (1st Cir. 1984).

[22] Rainey v. Phila. Housing Auth., 832 F. Supp. 127, 129 (E.D. Pa. 1993) (emphasis supplied).

[23] Public Interest Research Group of N.J., 51 F.3d 1179.

[24] United Steelworkers v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (concluding that the documented rates requested by plaintiff's counsel were presumptively reasonable absent defendants' submission of "affidavits or evidence of their own regarding legal rates in the community").  The two cases cited by EEOC from the District of Delaware are inapposite.  In Ballen v. Martin Chevrolet-Buick of Del., the *movant* submitted the CLS rate schedule in support of his hourly rate.  It was not used as evidence sufficient to *oppose* a submitted rate.  No. 94-484-MMS, 1998 U.S. Dist. LEXIS 22537, at *6 (D. Del. Sept. 17, 1998).  In Brown v. Eichler, the District Court specifically recognized a difference in rates between the communities of Delaware and Philadelphia.  680 F. Supp. 138, 143 (D. Del. 1988).

[25] Cunningham v. City of McKeesport, 753 F.2d 262, 265-68 (3d Cir. 1985), vacated & remanded on other grounds, 478 U.S. 1015, reinstated, 807 F.2d 49, 52-53 (3d Cir. 1986), cert. denied, 107 S. Ct. 2179 (1987) (concluding that the trial court may not disregard affidavits filed by fee applicant when the opposing party failed to file opposing affidavits or seek evidentiary hearing to cross-examine affiants); see also Black Grievance Comm. v. Phila. Elec. Co., 802

**B.    Defendant Has Satisfied Its Burden of Reasonableness For the Number of Hours Requested**

The general rule is that courts should not "become enmeshed in a meticulous analysis of every detailed facet of professional representation."[26] But hours that are "excessive, redundant, or otherwise unnecessary" are properly excluded from the award.[27] Here, defense counsel's hours are reasonable for the nature of the matter.

First, Defendant has demonstrated that it exercised its "billing judgment" in its request for fees.[28] In its Petition, Defendant included a summary of hours and fees in the case. The summary sets forth the hours actually expended on the various categories of tasks ("Hrs. Worked") and the fees that could have been generated from those hours.[29] The summary also sets forth the number of hours actually being sought by Defendant.[30]

Here, defense counsel expended 1,147.4 hours on the case but seeks only 760 hours to the client. Thus, Defendant exercised billing judgment in the amount of 387.4 hours—a reduction or "write off" of more than one-third of the time expended. This demonstrated exercise of billing judgment demonstrates that counsel acted reasonably and responsibly in determining the hours to request in the fee petition.

---

F.2d 648, 652-53 (3d Cir. 1986) (consistent with Cunninghman, court held that district court should have accepted the rates set forth in affidavit's of movant's attorneys, when opponent "filed no affidavit and offered no testimony contesting the accuracy" of those affidavits), on remand, 690 F. Supp. 1393, 1396 (E.D. Pa. 1988) (finding that defendant-opponent failed to submit any evidence rebutting plaintiff-movant's showing reasonableness of requested rates).

[26] Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 1021, 116 (3d Cir. 1976) (*en banc*).

[27] Finch v. Hercules, Inc., 941 F. Supp. 1395, 1423 (D. Del. 1996).

[28] Hensley v. Eckhart, 461 U.S. 424, 434 (1983).

[29] (D.I. 72-5).

[30] (D.I. 72-5).

Second, EEOC's reference to two cases in which the movant was awarded substantially less than the award sought in this case is illogical. The Commission points to two cases cited by Defendant in which the defendants in ADEA cases were awarded their attorney's fees. In Colbert, the court awarded a "significantly reduced" amount of fees because, in large part, the plaintiff was acting *pro se* and, therefore, would not be held to the same standard as experienced counsel.[31] And in Hendrix College, the Eighth Circuit did not identify the amount of fees requested or provide any other background of the fee calculation performed by the district court.[32] Therefore, there is no basis to claim that the amount of fees awarded in either case can be reasonably compared to the fees requested here.

EEOC also contends that the submitted time records are deficient. Defendant's submissions were in compliance with the standard established in this Circuit. Additionally, Defendant made clear that more detailed records could be provided immediately. Defendant submits contemporaneously recorded time records itemized by task, including a narrative description, with this response.[33] Importantly, EEOC seems to overlook that the benefit of the doubt should be awarded to defense counsel that as an "[o]fficer of the court," counsel has exercised the appropriate level of billing judgment and reasonableness.[34]

EEOC has not submitted any evidence, other than its own unverified opinion, to support a finding of excessiveness. For example, it did not submit any affidavits from other

---

[31] 960 F. Supp. 84.

[32] 53 F.3d at 211-12.

[33] See Exhibit 1; and see Keenan v. City of Phila., 983 F.2d 459, 473-47 (3d Cir. 1992) (directing the district court to permit the attorney a "further opportunity to adequately document these submissions").

[34] W. Va. Univ. Hosps., Inc. v. Casey, 898 F.2d 357, 365 (3d Cir. 1990)

experienced practitioners asserting that the hours expended were excessive given the length and complexity of the case.[35] Similarly, EEOC did not provide any information regarding the hours it incurred in litigating this matter. Thus, EEOC has failed to demonstrate by comparison that the hours submitted by Defendant were substantially disproportionate to its own litigation costs.[36] Finally, EEOC did not support its claim of excessiveness with a specific challenge to the accuracy of the affidavits or time records of the moving party's counsel.[37] Consequently, EEOC has failed to satisfy its burden in disputing the claimed hours.

## CONCLUSION

For the reasons set forth more fully above, Petitioner respectfully requests that the Court enter an order authorizing payment for costs and expenses incurred in defending BE&K Engineering Company in the present matter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca*
Teresa A. Cheek, Esquire (Bar I.D. 2657)
Margaret M. DiBianca (Bar I.D. 4539)
1000 West Street
The Brandywine Building, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail: mdibianca@ycst.com

*Attorneys for Defendant*

Dated: April 17, 2008

---

[35] See, e.g., Burston v. Va., 595 F. Supp. 644, 651 (E.D. Va. 1984).

[36] See, e.g., Craik v. Minn. State Univ. Bd., 738 F.2d 348, 349 (8th Cir. 1984).

[37] See, e.g., Cunningham, 753 F.2d at 267.

DB02:6748653.1 064649.1001