UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-697 |
| v. | ) ) | |
| BE&K ENGINEERING COMPANY, (Subsidiary of BE&K, Inc.) | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF EEOC'S SUR-REPLY BRIEF TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF THEIR PETITION FOR ATTORNEY'S FEES

COLM F. CONNOLLY
United States Attorney

The Nemours Bldg.
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277


/s/ Woody Anglade
Jacqueline H. McNair
Regional Attorney
Woody Anglade
Trial Attorney
U.S. EEOC – Philadelphia District Office
801 Market St., Suite 1300
Philadelphia, PA  19107
(215) 440-2814

Dated: April 29, 2008

TABLE OF CONTENTS ...............................................................................2

TABLE OF CITATIONS ............................................................................3

**PLAINTIFF EEOC'S SUR-REPLY BRIEF TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF THEIR PETITION FOR ATTORNEY'S FEES** ................................4

A.    **Defendant Is Not Entitled To An Award of Fees Because the EEOC Did Not Act in Bad Faith** ..............................................................................4

B.    **Defendant's Petition Should Be Denied Because It Is Inadequately Supported, Unreasonable And Excessive** ...................................................6

      1.    **Defendant's Petition Is Insufficiently Documented** .........................6

      2.    **The Requested Fees Sought Are Excessive, Redundant and Unnecessary** .....8

      3.    **The Requested Hourly Rate Is Not Reasonable** .......................20

**CONCLUSION** ...........................................................................21

**CERTIFICATE OF SERVICE** .......................................................22

**TABLE OF CITATIONS**

**Federal Cases**

Actors' Equity Ass'n v. Am. Dinner Theatre Inst., 802 F.2d 1038, 1043 (8th Circ. 1986) …..…..4

Apple Corps. Ltd. v. Int'l Collectors Soc'y, 25 F. Supp.2d 480 (D.N.J. 1998)...................... 10, 13

Baker Industries, Inc. v. Cerberus, Ltd., 764 F.2d 204, 223 (3d Cir.1985) ................................... 5

Bell v. United Princeton Properties., Inc., 884 F.2d 713, 720 (3d Cir. 1989) ........................... 8, 9

Burris v. Richards Paving, Inc., 472 F. Supp.2d 615 (D. Del. 2007) …………………………...20

Cesaro v. Thompson Publishing Group,  20 F.Supp. 2d 725 (D.N.J. 1998) ................................. 5

Christansburg Garment Co. v. EEOC, 434 U.S. 412, 421-422 (1978).......................................... 5

Cornell v. Severn Trent Environmental Services, Inc., 2005 U.S. Dist. WL 2757317 (M.D.Pa.
    Oct. 25, 2005) …………………………………………………………………………………4

Davis v. Target Stores Div. of Dayton Hudson Corporation, 87 F. Supp.2d 492 (D. Md. 2000) ..5

Elite Cleaning Co. v. Capel, 2006 Del. Ch. WL 3393480 (Del. Ch. Nov. 20, 2006) …………...20

Ford v. Temple Hospital,  790 F.2d 342 (3rd Cir, 1986)...............................................................5

Gaffney v. City of Allentown, 1998 U.S. Dist. WL 32758, at *4 (E.D. Pa. Jan. 7, 1998) ………8

Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995) ..................... 9, 12

Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) …………………………………..……………19

Maldonado v. Houstoun, 256 F.3d 181, 186 (3d Cir. 2001) ……………………………………18

McNaboe v. NVF Co., 2002 U.S. Dist. WL 31496655 (D. Del. Oct. 31, 2002…...) ……………4

Microsoft Corp. v. United Computer Res. of New Jersey, Inc., 216 F. Supp.2d 383, 394 (D.N.J.
    2002) ............................................................................................................................... 16

Muraresku v. Amoco Oil Co., 648 F.Supp. 347, 350 (E.D. Pa. 1986) ......................................... 7

Pierce v. Philadelphia Hous. Auth., 1995 U.S. Dist. WL 625629 (E.D. Pa. Oct. 25, 1995) ……..4

Rainey v. Philadelphia Hous. Auth., 832 F. Supp. 127, 130 (E.D. Pa. 1993) ………………..…19

Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft, 476 F. Supp. 1355 (W.D.
    Pa. 1979) ........................................................................................................................... 6

R.C. v. Bordentown Regional Sch. Dist. Bd of Educ., 2006 U.S. Dist. WL 2828418 (D.N.J. Sept.
    29, 2006) …………………………………………………………………….……………10

Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990)…………..……………………………7, 8

Wisdom v. Phila. Housing Auth., 2003 U.S. Dist. WL 21545123 (E.D. Pa. July 7, 2003) ……..21

1st Westco Corp. v. School Dist. of Philadelphia, 1994 U.S. Dist. WL 18632 (E.D. Pa. Jan. 13,
    1994) ………………………………………………………………………...……9, 10, 19

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-697 |
| BE&K ENGINEERING COMPANY, (Subsidiary of BE&K, Inc.) | ) ) ) | |
| Defendant. | ) ) | |

---

**PLAINTIFF EEOC'S SUR-REPLY BRIEF TO DEFENDANT'S REPLY BRIEF IN
SUPPORT OF THEIR PETITION FOR ATTORNEY'S FEES**

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") respectfully requests this Court to deny defendant's petition for fees and costs because (1) the EEOC did not act in bad faith; and (2) defendant's petition is inadequately supported, unreasonable and excessive.

> **A.    Defendant Is Not Entitled To An Award of Fees Because the EEOC Did Not Act in Bad Faith**

Defendant's reply brief has again failed to identify any case in the Third Circuit where the Court awarded a prevailing defendant in an ADEA action fees and costs.  See Cornell v. Severn Trent Environmental Services, Inc., 2005 U.S. Dist. WL 2757317 (M.D.Pa. Oct. 25, 2005); McNaboe v. NVF Co., 2002 U.S. Dist. WL 31496655 (D. Del. Oct. 31, 2002); Pierce v. Philadelphia Hous. Auth., 1995 U.S. Dist. WL 625629 (E.D. Pa. Oct. 25, 1995).  Consequently, defendant's request for fees should be denied.

BE&K asks this Court to disregard Third Circuit precedence and rely on Actors' Equity Ass'n v. Am. Dinner Theatre Inst., 802 F.2d 1038, 1043 (8th Circ. 1986), which determined that

the standard for bad faith is whether the party "intentionally advanced a frivolous contention for an ulterior purpose…"  However, the Third Circuit has stated that "[b]ad faith **would be some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose,** *e.g.,* **harassment or delay**.  Ford v. Temple Hospital, 790 F.2d 342, 347 (3d Cir. 1986), citing, Baker Industries, Inc. v. Cerberus, Ltd*.,* 764 F.2d 204, 223 (3d Cir.1985) (Higginbotham, J., dissenting).

Here, there is nothing in the record to suggest that the EEOC intentionally advanced a baseless contention for an ulterior purpose.  Defendant initially listed various inaccurate and exaggerated pretrial discovery efforts of the EEOC to allege that the EEOC had acted inappropriately.  Yet, BE&K in its reply brief, did not dispute the factual record relied upon the EEOC to show that the defendant's initial factual account was inaccurate and that this matter was not litigated in bad faith.

BE&K relies on Davis v. Target Stores Div. of Dayton Hudson Corporation, 87 F. Supp.2d 492 (D. Md. 2000), to allege that the EEOC acted in bad faith in this case.  However, Davis is clearly distinguishable.  First, the Davis opinion is not from this Circuit.  Second, Davis Court relied on the less stringent Title VII Christansburg standard which only requires the prevailing party demonstrate the action was "frivolous, unreasonable or without foundation…."  Christansburg Garment Co. v. EEOC, 434 U.S. 412, 421-422 (1978), an approach rejected by the Third Circuit.  Cesaro v. Thompson Publishing Group, 20 F.Supp.2d 725 (D.N.J. 1998).

Next, defendant argues that the only evidence proffered by the plaintiff in Davis was an alleged comment made by a manager that the plaintiff "was being overpaid."  However, EEOC offered various forms of evidence that, if proven, could suggest an age animus by defendant: Swamy supplemental declaration indicating that he believed he was terminated by Howe because

of his age; 6 process engineers over the age of 40 terminated by Howe from 2002-2004 for lack

of work, while 2 engineers under the age of 40 were hired during the same time period; affidavit

from EEOC investigator indicating that he was told by Guttridge that Howe told him during his

interview that the company was looking to hire younger engineers.

Furthermore, Perez testified, although he was paraphrasing, that Howe told him that the

company was looking to hire younger engineers.  Finally, plaintiff sought to prove that the

practice of defendant laying off process engineers over the age of 40 for lack of work, and then

re-hiring them to work on BE&K projects as non-salaried contract workers for Allstates was

evidence of age discrimination.

Even if the EEOC's position on all these submitted forms of evidence was weak or legally

inadequate, it does not constitute bad faith sufficient to warrant an award of attorney's fees.  See

Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft, 476 F. Supp. 1355, 1361

(W.D. Pa. 1979) (an award should be made only in extraordinary circumstances and requires

more than a showing of a weak or legally inadequate case.).  This case is clearly distinguishable

from the non Third Circuit Davis opinion.  Moreover, the defendant in Davis was awarded

$5,000 in fees, a figure which is sufficiently lower than the astronomical $133,000 plus figure

sought by BE&K.  Defendant's petition should be denied in its entirety.

**B.**     **Defendant's Petition Should Be Denied Because It Is Inadequately Supported, Unreasonable And Excessive.**

**1.**     **Defendant's Petition Is Insufficiently Documented**

The EEOC adamantly opposes the award of fees to defendant.  In the event the Court

finds that BE&K is entitled to fees, EEOC maintains that defendant's petition should be

substantially reduced for lack of specificity.  EEOC notes that it is forced to cite to non ADEA

cases with lower standards for awarding fees to oppose defendant's petition.  This is because

there appear to be no cases from the Third Circuit where a prevailing defendant was granted fees in an ADEA case, a point which mandates the denial of fees.

In <u>Rode v. Dellarciprete</u>, the Court explained that specificity should only be required to the extent necessary for the district court "to determine if the hours claimed are unreasonable for the work performed." [citations omitted.] ... Specifically, a fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." 892 F.2d 1177, 1190-1191 (3d Cir. 1990).

BE&K's reply brief still does not clarify which work was billed to paralegals. This lack of specificity makes it difficult for plaintiff to understand how defendant arrived at the requested $133,584.50 figure. Defendant's Petition Exhibit 4. There are time entries which detail interactions between defense counsel and other members of her office. Yet, it is not clear which BE&K professional or professionals are being billed for those particular entries. For example, defendant's petition exhibit 1 would lead one to believe that paralegals were billed for particular services. Yet, the information provided by BE&K does not clarify what services are being billed to paralegals. The petition also does not clarify what specific costs, if any, defendant seeks. Defendant's petition should be denied or substantially reduced for lack of documentation and specificity. <u>See</u> <u>Muraresku v. Amoco Oil Co.</u>, 648 F.Supp. 347, 350 (E.D. Pa. 1986) (stating that where description of services were too vague to be helpful, it was "impossible to determine if all the fees claimed were 'reasonably expended'" requiring reduction in lodestar).

**2.      The Requested Fees Sought Are Excessive, Redundant and Unnecessary**

Defendant's petition is excessive, redundant and unnecessary, and should be substantially reduced as a consequence.  According to defendant's reply brief, BE&K concedes it is entitled to an award of attorney's fees beginning, at the latest, on March 13, 2006, at the conclusion of Perez's deposition.  Defendant's Reply Brief pp. 7-8.  Therefore, should the Court award attorney fees, hours billed from October 19, 2005 to March 13, 2006 (approximately 246.1 hours) should be completely stricken from the lodestar.  Reply Brief pp. 7-8 & Exhibit.

Defendant claims that the EEOC must submit affidavits from other counsel detailing why defendant's requested fees are excessive.  This is incorrect.  The party opposing the fee award has the burden to challenge the reasonableness of the requested fee, by affidavit *or brief* with sufficient specificity to give the fee applicant notice of the objection.  Rode, 892 F.2d at 1183.  Although the fee opponent must make its objections clear, it need not **"point to all the entries that they believe to be unreasonable."**  Bell v. United Princeton Properties., Inc., 884 F.2d 713, 720 (3d Cir. 1989).  Rather, the opponent's "objections are adequate ... if they allege that the hours spent on particular categories of work are excessive." Gaffney v. City of Allentown, 1998 U.S. Dist. WL 32758, at *4 (E.D. Pa. Jan. 7, 1998).  EEOC has adequately met this obligation.  The following examples show why the defendant's petition is excessive, redundant and unnecessary, requiring a substantial reduction in the lodestar.

**i.  Document Preparation and Organization**

The July 15, 2006 update file (CWO) 3.90 hours entry is an example of the lack of specificity associated with many of defendant's time entries.  Reply Brief Exhibit p. 17.  This entry does not adequately describe what specific services were provided to update files for approximately 4 hours, when discovery had already concluded.

Plaintiff should also not be held responsible for the following administrative tasks which were unnecessary to the success of the litigation: July 27, 2006 prepare estimate of summary judgment costs (CWO) .40 hours; July 27, 2006 revise and edit June bill .70 hours.  Reply Brief Exhibit p. 17.  1st Westco Corp. v. School Dist. of Philadelphia, 1994 U.S. Dist. WL 18632, at *5-6 (E.D. Pa. Jan. 13, 1994) (hours deducted from lodestar where work appeared to be distinct from the litigation).

### ii.  Correspondence with Opposing Counsel

The April 2, 2006 telephone call with EEOC counsel regarding scheduling .80 hours; and June 2, 2006 correspondence with Woody Anglade regarding deposition .10 hours should be stricken.  Reply Brief Exhibit pp. 9, 15.  Defendant should not be awarded fees for scheduling matters that a non-professional could have performed.  See Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995) (it is not appropriate to allow "the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals").

Defendant also seeks compensation for the April 27, 2006 draft revisions to EEOC's suggested scheduling order; correspondence with Woody Anglade regarding same 2.90 hours. Defense counsel must be expected to complete the revisions to this 5 page document in less time, when she seeks to charge such a high rate for her hours.  Reply Brief Exhibit p. 11; EEOC Sur-reply Exhibit 1 May 2006 proposed scheduling order.  Bell, 884 F.2d at 715 (counsel who bill at a high rate should take fewer hours to do the work).

### iii. Correspondence with Client Re: Discovery, Facts

An April 17, 2006 entry indicates the general lack of clarity and excessiveness of the petition: prepare list of document and information request for Sharon; deposition schedules 3.40 hours. Reply Brief Exhibit p. 10. The reference to "deposition schedules" is vague and does not explain what counsel was doing. Also, more efficiency is required due to the high billing rate. Further, fees should not be granted for the August 3, 2006 billing review .30 hours entry, because the services involve an administrative task that had nothing to do with the ultimate success of the case. Reply Brief Exhibit p. 17. See 1st Westco Corp., 1994 U.S. Dist. WL 18632, at *6 (hours deducted from lodestar where work appeared to be distinct from the litigation).

### iv. Depositions

### **Sharon Abrams**

Defendant seeks 178.5 hours in hours billed for services related to eight depositions. The hours sought are excessive and should be reduced. On March 20, 2006, EEOC deposed Sharon Abrams. Her deposition lasted approximately 4 hours 15 minutes. Therefore, it is reasonable for BE&K to bill the same amount of time to prepare for the deposition. See R.C. v. Bordentown Regional Sch. Dist. Bd of Educ., 2006 U.S. Dist. WL 2828418, at *3 (D.N.J. Sept. 29, 2006) (time spent preparing for hearing should be considered relative to length of hearing). However, defendant seeks the following fees with respect to the preparation of Abrams' deposition: March 3, 2006 prepare for S. Abrams' deposition prep Monday 2.30 hours; March 6, 2006 meeting with S. Abrams deposition prep 5 hours; March 6, 2006 prepare for meeting with S. Abrams 1.20 hours; and March 14, 2006 meeting with Sharon Abrams regarding deposition prep (2nd session) 2.50 hours. Reply Brief Exhibit pp. 6-8. This is a total of 11 hours of deposition preparation time for a deposition that only lasted 4 hours. Apple Corps. Ltd. v. Int'l Collectors Soc'y, 25 F.

Supp.2d 480 (D.N.J. 1998) (excessive for counsel to spend three times as long to prepare for hearing as to attend it). The hours sought should be reduced.

### Christopher Guttridge

On March 17, 2006, the EEOC deposed Christopher Guttridge. His deposition lasted approximately 4 hours. Defendant billed the following with respect to preparing for Guttridge's deposition: March 14, 2006 meeting with Guttridge regarding deposition prep 4 hours; March 17, 2006 attend deposition of Guttridge; including meeting time after 7.10 hours (actual deposition 4 hours). This is a total of 7.10 hours of preparation for a 4 hour deposition. Hours should be reduced. Reply Brief Exhibit pp. 7-8.

Further, BE&K billed the following with respect to reviewing and analyzing Guttridge's 155 page deposition transcript: March 24, 2006 review and analyze Guttridge transcript 1.20 hours; March 25, 2006 review and analyze Guttridge transcript 8.10 hours; March 26, 2006 review Guttridge transcript (and update chronology and question list on basis of same, including annotations; follow up questions; incorporate into fact chronology) .80 hours. Reply Brief Exhibit p. 8. It should not take defendant 10.10 hours to review and analyze a 155 page deposition transcript. This is excessive and should be reduced.

### Peter Howe

On April 14, 2006, EEOC deposed Peter Howe for approximately 9.5 hours. Defendant billed the following with respect to preparing for Howe's deposition: April 6, 2006 select, review and analyze documents, facts, and other materials in preparation for Howe's deposition 3.20 hours; April 6, 2006 analyze Perez transcript annotations relevant to Howe 1.20 hours; April 7, 2006 attend Pete Howe deposition prep session 6 hours; April 14, 2006 1 hour prep to Howe

deposition 1 hour.  Reply Brief Exhibit pp. 10-11.  This is 11.4 hours of preparation, where the actual deposition was shorter.

Further, the January 23, 2006 telephone call to Pete Howe to schedule deposition and deposition preparation dates .40 hours is unnecessary and should have been handled by a clerical staff member.  Moreover, the May 8, 2006 send Howe transcript .20 hours entry should be stricken because administrative staff should have performed that action.  Reply Brief Exhibit pp. 4, 12.  Halderman, 49 F.3d at 942 (it is not appropriate to allow "the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals").

### Robert Shoemaker

On May 9, 2006, EEOC deposed Robert Shoemaker for approximately 3 hours. Defendant billed the following with respect to his deposition preparation: April 25, 2006 deposition prep session with Bob Shoemaker 3.70 hours; April 25, 2006 review and analyze notes from meeting with Bob Shoemaker and prepare "safe topic" list, possible question list 2.20 hours; May 9, 2006 attendance at deposition of Bob Shoemaker and prep meeting prior to deposition 4.90 hours (assuming that there was 1.90 hours of prep time since the deposition was only 3 hours).  Reply Brief Exhibit pp. 11-12.  BE&K billed 7.8 hours of deposition prep time for Shoemaker's 3 hour deposition.  Clearly, the hours should be reduced.

Additionally, the following routine calls to witnesses about scheduling depositions should be stricken: March 30, 2006 telephone call to B. Shoemaker regarding scheduling deposition (2nd message) .10 hours; April 21, 2006 correspondence with Dan Dayton, Bob Shoemaker and Jack Baker regarding deposition prep .50 hours; April 22, 2006 telephone from Jack Baker and Bob Shoemaker regarding scheduling depositions and prep .30 hours.  Reply Brief Exhibit pp. 9-10.

**Juan Perez**

Defendant deposed Juan Perez on March 9 and March 13, 2006.  The total time for these depositions were 10 hours.  Defendant's time entries indicate the following with respect to the preparation of Perez's depositions: March 6, 2006 prepare Perez depositions outline and documents 5.70 hours; March 7, 2006 for Perez's deposition (including outlines and documents) 6.80 hours; March 8, 2006 prepare for Perez's deposition (outline and docs); correspondence with S. Abrams and S. Despla regarding additional production documents; receive and review same 10.20 hours; March 9, 2006 prepare for deposition of Perez 2.80 hours; March 11, 2006 revise Perez deposition outline from deposition notes and checklist 2.50 hours; March 12, 2006 revise deposition outline for plaintiff for continuation 3.80 hours.  Reply Brief Exhibit pp. 6-8.

BE&K also billed the following with respect to preparing for Perez's deposition: February 8, 2006 prepare (from EEOC's Initial Disclosures) chronology, issue list, key documents, and questions for plaintiff's deposition 3.30 hours; February 10, 2006 prepare (from EEOC's Initial Disclosures) chronology, issue list, key documents, and questions for plaintiff's deposition 2.90 hours; February 11, 2006 prepare (from EEOC's Initial Disclosures) chronology, issue list, key documents, and questions for plaintiff's deposition 4.10 hours.  Reply Brief Exhibit p. 5.  Incredibly, defendant billed approximately 42 hours to prepare for a deposition that lasted only 10 hours.  This is clearly excessive.  See Apple Corps. Ltd., 25 F. Supp.2d 480 (excessive for counsel to spend three times as long to prepare for hearing as to attend it).

Further, Perez's March 13, 2006 continuing deposition lasted approximately 2.5 hours.  EEOC Response to Defendant's Petition Exhibit 8 Dep Times.  Yet, defendant billed 5 hours to attend the deposition that day.  Reply Brief Exhibit p. 7.  The hours should be reduced.

Defendant also billed the following with respect to analyzing Perez's deposition transcripts: March 29, 2006 review and analyze Perez transcript and update chronology and question list on basis of same 3.10 hours; April 5, 2006 review and analyze Perez transcript 3.10 hours. Reply Brief Exhibit p. 9. Perez's deposition transcript was 280 pages. Since defendant argues that it is entitled to bill at such a high hourly rate, then defendant should be reasonably expected to bill less time to review this transcript.

**Dan Dayton**

Defendant deposed Dan Dayton on May 9, 2006. The approximate time of the deposition was 1 hour 44 minutes. Defendant billed the following with respect to preparing for Dayton's deposition: May 8, 2006 review and analyze Dan Dayton's submitted documents as exhibits for deposition 1.70 hours; May 8, 2006 draft deposition outline for Dan Dayton 1.20 hours; May 9, 2006 attendance at Dan Dayton (Dupont client) deposition, and meeting prior to deposition with Mr. Dayton and DuPont counsel, N. Griffiths regarding proprietary information 3.50 hours (assuming 2 hours were for prep). Reply Brief Exhibit pp. 12. The total preparation time for Dayton's less than 2 hour deposition was 4.9 hours. This is excessive and requires a reduction in the lodestar. All of these entries exemplify the general excessiveness of defendant's petition regarding this non complex ADEA case.

v. **Document Review & Production**

**Defendant's First Set of Discovery Requests**

BE&K seeks an unbelievable 150 hours with respect to document review and production for this single claim case. The following regarding drafting defendant's first round of discovery provides an example of the excessiveness of defendant's charges: January 9, 2006 draft first round of discovery 2.30 hours; January 11, 2006 draft and finish first round of discovery requests

1.50 hours; January 16, 2006 prepare discovery requests for filing .80 hours.  Reply Brief Exhibit

pp. 2-3.  Billing 4.6 hours for what amounts to the issuance of 21 interrogatories and 15

document requests for a case with no novel issues is clearly excessive.  Defendant's Petition p. 2.

### Defendant's Responses to EEOC's First Discovery Requests

BE&K requests approximately 18.10 hours for drafting and reviewing defendant's first

set of discovery answers.  See February 14, 2006 prepare draft discovery answers 7.10 hours;

February 15, 2006 prepare discovery responses 4.20 hours; February 15, 2006 review BE&K's

Responses to BE&K's discovery requests 1.30 hours; February 16, 2006 prepare discovery

responses; including clarifications from by S. Abrams 3.40 hours; February 20, 2006 prepare

defendant's responses to plaintiff's first set of discovery (finalize documents) 2.10 hours.   Reply

Brief Exhibit p. 5.  However, defendant's production included only a 9 page response to

plaintiff's 17 interrogatories (largely comprised of objections), a 10 page response to plaintiff's

26 document requests, and production of documents.  EEOC Sur-reply Exhibit 2 BE&K's

Responses to Plaintiff First Set of Discovery.  Defendant should be expected to perform the work

in a shorter period.

### Draft Discovery Demands

Defendant seeks to be reimbursed for 4.20 hours to draft discovery demands to the

EEOC.  See March 3, 2006 draft discovery demands to EEOC 4.20 hours.  Reply Brief Exhibit p.

6.  Yet, the time entry does not provide enough specific information regarding what discovery

demands were drafted.  The entry should be stricken for lack of specificity.

## March-April 2006 (Document Production)

The following are examples of other excessive and redundant entries seen throughout defendant's petition: March 7, 2006 correspondence with client and opposing counsel regarding discovery dispute; collect, review and analyze client documents for production 4.50 hours; March 10, 2006 review, analyze and select client documents for production 6.20 hours; March 11, 2006 review, analyze and select client documents for production 5.20 hours; March 13, 2006 review, analyze and select documents for production 8.80 hours; March 15, 2006 review, analyze and select documents for production 4.10 hours; March 16, 2006 review, analyze and select documents for production 3.80 hours; March 17, 2006 review, analyze and select documents for production 4.80 hours; March 18, 2006 review, analyze and selection documents for production 5.20 hours; March 21, 2006 review, analyze and select client documents for production 2.10 hours.  Reply Brief Exhibit pp. 7-9.  This is a total of 44.7 hours spent on producing documents for just the month of March 2006 alone, where only 3,000 plus documents were produced by BE&K in this case.  See Microsoft Corp. v. United Computer Res. of New Jersey, Inc., 216 F. Supp.2d 383, 394 (D.N.J. 2002) (reviewing and analyzing "thousands of pages of documents produced by Defendants," however, should not have taken a senior associate of counsel's experience and qualifications 41.2 hours to complete.  Accordingly, the hours he spent on these tasks will be reduced by half.).

These other entries further display the excessiveness of BE&K's petition: March 24, 2006 review and analyze privileged client documents; compare to plaintiff's testimony 4.20 hours; March 30, 2006 review and analyze client documents regarding Howe, Guttridge, Lin, Preston and Tweed; update chronology based on same 2.20 hours; March 31, 2006 prepare

responses to EEOC's 2nd RFP (including review and clean documents provided by client) 3.40 hours.  Reply Brief Exhibit pp. 8-9.

The following April entries display other examples where the entries are excessive: April 5, 2006 review and analyze client documents to prepare for responses to Plaintiff's request for production 3.60 hours; April 10, 2006 review documents that have been selected for production 2.30 hours; April 11, 2006 review and analyze data forwarded by Sharon Abrams for production purposes .70 hours; April 21, 2006 collect, review and analyze documents in preparation for third requests for production 2.30 hours.  Reply Brief Exhibit pp. 10-11.

### May-July 2006 Entries

The following hours should be reduced for inefficiency: May 10, 2006 review and analyze utilization chart prepared by Joe Lonutti (acct'g) for FY 2003 in consideration of how to prepare it for production 1.40 hours; May 12, 2006 review and analyze documents for third request for production (documents for discovery) 5.20 hours; May 15, 2006 prepare utilization charts for production 1.70 hours; May 18, 2006 review Trexler's document (project list chart) for consistency with 2003 project chart; TCT Trexler regarding questions with the documents; revise documents for production 3.30 hours; May 25, 2006 finalize production; including revisions to 2004 project chart 2.80 hours.  Reply Brief Exhibit pp. 11- 13.

The following two entries require reductions as well: June 16, 2006 to receive and review newly produced e-mail between Trexler and Perez and Trexler's summary of same 1.80 hours; and July 18, 2006 review time chart codes for contradictions with prior documents and testimony 3.20 hours.  Reply Brief Exhibit pp. 14, 19.  If defendant seeks to bill a high rate, then the work performed should be done in a shorter period.

### vi. Chronology and Legal Outlines

BE&K's 28.4 hours sought for the general category of prepare chronology on 7 different occasions from October 2005 through January 2006 is redundant and excessive.  See October 25, 2005 prepare fact chronology 4.90 hours; December 7, 2005 prepare chronology (from file documents) 6.20 hours; December 8, 2005 prepare chronology (from file documents) 4.40 hours; January 11, 2006 prepare fact chronology 4.10 hours; January 28, 2006 prepare chronology; cast of characters; organization list; evidentiary follow-up list; key document list (adding Defendant's new documents) 4.20 hours; January 29, 2006 prepare chronology; cast of characters; organization list; evidentiary follow-up list; key document list (adding Defendant's new documents) 3.20 hours; January 30, 2006 prepare chronology; cast of characters; organization list; evidentiary follow-up list; key document list (Plaintiff's Initial Disclosures) 1.40 hours. Reply Brief Exhibit pp. 1-5.  It is excessive for defendant to bill so much time to a case that defendant does not dispute is simple.  If counsel wants to command such a high billing rate, she should be expected to complete these tasks in a shorter period.

### vii.  Draft Pleadings

### <u>Summary Judgment Motion</u>

Plaintiff assumes that BE&K placed the billing for the preparing and filing of motions and briefs under the category of draft pleadings.  BE&K billed approximately 215 hours to prepare, research and draft the summary judgment motion and reply brief.  Reply Brief Exhibit pp. 18-21.  This is approximately 27 eight (8) hour work days to draft a 38 page motion for summary judgment and 20 page reply brief, for what defendant does not contest was a non-complex case.  This is clearly excessive.  <u>See</u> <u>Maldonado v. Houstoun</u>, 256 F.3d 181, 186 (3d Cir. 2001) (276.65 hours of research and briefing for 28 pages of argument in a brief for a single

uncomplicated issue, was reduced to 120 hours); see also Rainey v. Philadelphia Hous. Auth.,
832 F. Supp. 127, 130 (E.D. Pa. 1993) (31 hours sought for drafting a summary judgment motion
was reduced to 15 hours, for a case that was devoid of complexity).  Further, drafting a 20 page
reply brief for such a simple case is an example of litigation overkill.

### Motion to Strike

Defendant billed approximately 66 hours with respect to preparing and drafting the
motion to strike and reply brief.  Reply Brief Exhibit pp. 20-21.  The motion was denied as moot.
The hours are excessive and unnecessary because defendant filed the motion while knowing
EEOC counsel was out of the country, where the parties would likely have resolved the issues
without the need for motion practice, upon EEOC counsel's return to the country.  Therefore,
defendant should not recover hours for a motion that was unsuccessful.  Hensley v. Eckerhart,
461 U.S. 424, 435 (1983) (where a plaintiff obtains only limited success, a Court should award
only those fees which are reasonable in relation to the results obtained).

### viii.  Pre-Trial

The following pre-trial related task was unnecessary because no trial related documents
were ever filed: December 8, 2006 meet and confer with K. Yuen regarding pre-trial prep
assignments and checklist 2 hours.  Reply Brief Exhibit p. 21.  Id.

### ix.  Research

Some research conducted by defendant was unnecessary, distinct and unrelated to the
litigation.  See 1st Westco Corp., 1994 U.S. Dist. WL 18632, at *6 (hours deducted from lodestar
where work appeared to be distinct from the litigation).  The following are examples of billing
related to research which had nothing to do with the case: November 1, 2005 legal research –
mandatory arbitration provisions as non-binding on the EEOC 1.40 hours; January 24, 2006 legal

research EEOC procedures, res judicata, NRTS bar 2.10 hours; February 16, 2006 legal research – EEOC bound by settlements of litigants? 1.80 hours; June 16, 2006 attend meeting with R. F. Popper regarding evidentiary issue research assignment (cause finding and POSST) 1.10 hours; July 25, 2006 conduct legal research regarding FRCP 30(e) Delaware case law for substance of changes .60 hours.  Reply Brief Exhibit pp. 1, 4, 6, 13, 17.

The following hours should be reduced for lack of specificity and inefficiency for services provided regarding this straight forward case: January 27, 2006 research outlines linked by issue 2.90 hours; January 28, 2006 research outlines linked by issue 3.20 hours; May 23, 2006 conference with EWOOD and KFAY re: research assignments .90 hours; May 24, 2006 meeting with EWOOD regarding research assignments update .90 hours; May 25, 2006 conference EWOOD regarding additional research assignments .70 hours; June 19, 2006 attend meeting with RFPOPP regarding research project assignment .20 hours.  Reply Brief Exhibit pp. 4, 9, 13.

### 3.    The Requested Hourly Rate Is Not Reasonable

Defendant has asserted that the EEOC did not provide any affidavits to controvert defense counsel's attested rate of $290 per hour.  Defendant's Reply Brief p. 9.  This is simply not true.  EEOC relied on defendant's own submitted McMackin affidavit, an attorney with more years of legal experience than BE&K counsel, to show that McMackin's standard hourly rate for employment matters is $230 per hour.  McMackin's rate is significantly lower than the exorbitant $290 per hour sought by less experienced BE&K defense counsel.  Furthermore, DiBianca's rate should be lower than McMackin's 2006 rate, the year discovery was conducted and BE&K filed its summary judgment motion.  See Elite Cleaning Co. v. Capel, 2006 Del. Ch. WL 3393480 (Del. Ch. Nov. 20, 2006) (finding that Dibianca's hourly rate in 2006 FLSA case was $225.00 per hour); see also Burris v. Richards Paving, Inc., 472 F. Supp.2d 615, 622 (D.

Del. 2007) (Court relied on the CLS fee schedule to determine the appropriate rate for an attorney practicing in Delaware).

Further, Courts should consider the complexity of the litigation and the sophistication of the services rendered when setting an attorney's rates. <u>Wisdom v. Phila. Housing Auth.</u>, 2003 U.S. Dist. WL 21545123, at *4 (E.D. Pa. July 7, 2003). Here, defendant has not disputed that this was a non-complex case. Accordingly, defendant is not entitled to such a high attorney rate.

## CONCLUSION

For all of the above reasons, Plaintiff EEOC respectfully requests the Court deny defendant's petition for fees and costs in its entirety.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO. 05-697** |
| **v.** | ) ) | |
| **BE&K ENGINEERING COMPANY (Subsidiary of BE&K, Inc.),** | ) ) ) | |
| **Defendant.** | ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of EEOC's Sur-reply Brief in Opposition to Defendant's Reply Brief in Support of its Petition for Counsel Fees and Costs, was filed electronically with the Court today and is available for viewing and downloading from the ECF system for the following counsel of record:

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
(Attorney for Defendant)

/s/ Woody Anglade
Woody Anglade
Trial Attorney
U.S. EEOC

Dated: April 29, 2008