Defendant's counsel. Defendant objects to this interrogatory to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving the foregoing objections, Defendant responds that, at this time, it has not determined who it will or may call to testify, but that it will provide such information in accordance with the scheduling order for this case.

**INTERROGATORY NO. 8:**

Identify by name, address and last known telephone number, every employee and/or former employee who formally complained about age discrimination verbally or in writing, at Defendant's BE&K facility in Newark, Delaware for the period of 2001 to the present. Specifically, state the date of the complaint, all pertinent facts, and describe the investigation and disciplinary action, if any, taken as a result of the complaint; identify every person who participated in the investigation of each such complaint identified above and every individual interviewed as part of any investigation conducted into any allegation or complaint identified above. Attach hereto all such written complaints, investigative notes or documents pertaining to any investigation of these complaints.

**ANSWER:** Upon information and belief, other than Juan Obed Perez, no other individuals have formally complained about age discrimination at Defendant's Newark, Delaware facility from November 1, 2003 to the present.

**INTERROGATORY NO. 9:**

Has Defendant ever had a written policy prohibiting age discrimination? If so, set forth the substance and full content of each policy for calendar years 2001 to the present; state the manner by which the policy was disseminated to employees, and provide the name, address, position title, and age of the person(s) responsible for creating, implementing, disseminating, and training managers, supervisors, and/or employees on the policy for the calendar years 2001 to the present. If any changes have been made to the policy between January 1, 2001 and the present, state the nature of any and all changes and when those changes were made.

**ANSWER:** Defendant objects to this interrogatory on the ground that it is vague, overly broad, and unduly burdensome. Defendant further objects to this interrogatory to the extent that

it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff is directed to the attached responsive documents produced by Defendant.

**INTERROGATORY NO. 10:**

Set forth the Defendant's gross income, net income, liability, and expenditures for each year from 2002 to the present.

**ANSWER:** Defendant objects to this interrogatory on the ground that it seeks information that is confidential, proprietary, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**

Identify and describe every component of salary and benefits Juan Obed Perez received until the date of his termination including, but not limited to, salary history, information regarding Defendant's contribution to Mr. Perez's pension plan, medical insurance, life insurance, if any, or any other monetary or non-monetary benefit of employment Mr. Perez received while employed by Defendant. Provide all appropriate documents.

**ANSWER:** Responsive documents have been produced.

**INTERROGATORY NO. 12:**

Describe any and all training Defendant conducted for its employees at the facility in Newark, DE regarding the prohibitions against age discrimination and provide: the dates of the training; the attendees; the instructors and **attach** any documents relating to such training.

**ANSWER:** Defendant objects to this interrogatory on the ground that it is vague, overly broad, and unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

6

foregoing objections, Sharon Abrams conducted training as detailed in Defendant's responsive documents.

**INTERROGATORY NO. 13:**

Set forth all facts Defendant will rely upon in support of its denials and contentions set forth in its Answer including but not limited to the full factual basis for Defendant's claims in its Affirmative Defenses.

ANSWER: Defendant objects to this interrogatory on the ground that it is vague, overly broad, and unduly burdensome. Defendant also objects to this interrogatory to the extent it seeks production of attorney-client privileged or attorney work product information and calls for conclusions of law. Defendant objects to this interrogatory on the ground that it is premature at this early stage of litigation and to the extent it seeks to invade the litigation strategy of Defendant's counsel.

**INTERROGATORY NO. 14:**

Identify by name, position title, age, last known address, and telephone number, all individuals who were hired by Defendant at its Newark, DE facility from 2001 to the present. Identify all candidates who were denied employment in favor of these hires, by name, position title sought, age, last known address, and telephone number, and Defendant's reasons for each such denial. **Attach** a copy of each candidate's application and/or application package.

ANSWER: Defendant objects to this interrogatory on the ground that it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff is directed to Defendant's previously produced Initial Disclosures which contains documents concerning individuals hired after January 1, 2003.

INTERROGATORY NO. 15:

Set forth in full and complete detail Defendant's policy regarding job promotion and hiring from 2001 to the present. **Attach** hereto all documents referring, reflecting, or relating to the explanation asserted by Defendant in response to this interrogatory, and/or its policy as to job promotion and hiring.

ANSWER: Plaintiff is directed to Defendant's previously produced Initial Disclosures and Responses to Requests for Production.

INTERROGATORY NO. 16:

Has Defendant ever been sued in federal district court, state court, or any other forum where the Plaintiff has alleged age discrimination? If so, state the caption of the case, the civil action number, the court, the status of the litigation, and whether the case resulted in a judgment for either party.

ANSWER: Defendant objects to this interrogatory on the ground that it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, other than the present matter, captioned EEOC v. BE&K Engineering Co., Subsidiary of BE&K, Inc., C.A. No. 05-CV-00697-SLR, no other age discrimination suit has been filed against BE&K that relate to allegations against the BE&K Newark, Delaware facility, within two years prior to the dismissal of Juan Obed Perez. See Finch v. Hercules, Inc., C.A. No. 92-251-MMS, 1993 U.S. Dist. LEXIS 8023, *11, 13-14 (D. Del. June 2, 1993) (limiting discovery of other age discrimination claims to those claims that occurred at the local decision-making facility, within two years prior to plaintiff's dismissal).

INTERROGATORY NO. 17:

State the full factual basis for Defendant's claim in its Eighth Affirmative Defense that "Plaintiff's discrimination claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any alleged discriminatory behavior, and Plaintiff

8

unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm." Attach all documents supporting Defendant's claim.

ANSWER: See Response to Interrogatory Number 13. Subject to and without waiving the foregoing objections, Defendant has adopted and enforces a policy against employment discrimination and offers current and former employees an opportunity to mediate and/or resolve such disputes. Juan Obed Perez agreed to be bound by these procedures and executed an affirmative agreement to this end. Mr. Perez failed to honor his obligations with respect to this agreement. Plaintiff is directed to Defendant's previously produced Initial Disclosures.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca*

Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendant

Dated: February 20, 2006