IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 05-CV-00697 (SLR) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| BE&K ENGINEERING COMPANY, (SUBSIDIARY OF BE&K, INC.) | ) ) ) | |
| Defendants. | ) ) | |

DEFENDANT BE&K ENGINEERING COMPANY'S RESPONSES TO
PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant BE&K Engineering Company, a Subsidiary of BE&K, Inc. ("BE&K")

makes the following responses to Plaintiff EEOC's First Request for Production of Documents:

Preliminary Statement and General Objections

1.      Defendant objects to plaintiff's document requests to the extent that they

seek discovery of:

a)  Information or documents subject to the attorney-client privilege, or any
    other privilege;

b)  Information or documents constituting the work product of Defendant or
    its attorneys; and

c)  Information generated or documents prepared in anticipation of litigation
    or for trial by or for Defendant or its agents and representatives.

2.      Defendant objects to each document request to the extent that it calls for

confidential or private information or documents, including, without limitation, trade secrets,

personnel or competitively sensitive information or documents, unless and until the information

or documents are the subject of a suitable protective order.  Defendant reserves the right to

produce documents and designate certain documents as "confidential" based upon the

expectation that the parties will reach agreement on the terms of a protective order. Defendant

reserves the right, however, to withhold further production to the extent that the parties are

unable to reach agreement on the terms of a protective order or to the extent that plaintiff

withholds its production pending finalization of a protective order.

3.      Defendant objects to each document request to the extent that it is overbroad,

unduly burdensome and attempts to impose duties on Defendant which are not provided for by

the Federal Rules of Civil Procedure or other applicable law.

4.      Defendant has made diligent inquiry, but, given the breadth of the information

requested, Defendant cannot be certain that it has produced "all" documents responsive to

plaintiff's requests. Defendant reserves the right to revise, correct, add to, supplement, and/or

clarify any of its responses as may be necessary.

5.      Defendant reserves the right to retract any inadvertent disclosures of information

or documents that are protected by the attorney-client privilege, the work product doctrine or any

other applicable protection.

The responses given by Defendant are subject to these general objections as well as the

objections, if any, made to each specific document request.

### Specific Objections and Responses

1.      Produce any and all documents which relate to, regard, or reflect the information
requested in Plaintiff's First Set of Interrogatories.

RESPONSE: Defendant responds that all responsive non-privileged documents have

been produced.

DB02:5157963 1

064649.1001

2.      Produce any and all documents, videotapes and audiotapes in Defendant's possession, custody or control which relate to or regard the claims and defenses asserted in Civil Action Number 05-CV-00697.

RESPONSE: Defendant objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Defendant also objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced and, therefore, is beyond the scope of Rule 26. Subject to and without waiving the foregoing objections, Defendant has produced responsive documents that are not subject to attorney-client privilege and/or work product immunity in its possession.

3.      Produce any and all files, including personnel files, employee files, and other relevant documents, in the custody, control or possession of Defendant which relate, refer to or pertain in any way to Juan Obed Perez, Peter Howe and Christopher Guttridge.

RESPONSE: Defendant objects to this request to the extent it seeks personal, private and confidential information about third parties and seeks information protected by attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to documents produced in conjunction with its Rule 26 disclosures for responsive documents relating to Juan Obed Perez. Further, subject to and without waiving the foregoing objections, Defendant will produce the personnel files of Peter Howe and Christopher Guttridge.

4.      Produce any and all documents which relate to, regard or reflect Defendant's policies, practices or procedures, including but not limited to employee handbooks, which were in effect during the time period from January 1, 2001 to the present.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be

3

produced. Subject to and without waiving the foregoing objections, Defendant has produced a

copy of its Employee Handbook.

    5.    Produce any and all documents which refer to or reflect complaints, allegations or
grievances regarding employment discrimination, including but not limited to complaints of age
discrimination, made by any employee or former employee of Defendant from January 1, 2001
to the present.

    RESPONSE:  Defendant objects to this request to the extent that it is overly broad,

unduly burdensome.  Defendant further objects to this request to the extent that it is irrelevant

and outside the scope of Rule 26.  See Finch v. Hercules, Inc., C.A. No. 92-251-MMS, 1993 U.S.

Dist. LEXIS 8023, *11, 13-14 (D. Del. June 2, 1993) (limiting discovery of other age

discrimination claims to those claims that occurred at the local, decision-making facility, within

two years prior to plaintiff's dismissal).  Subject to and without waiving the foregoing

objections, Defendant responds that there are no such documents because no age discrimination

claims were made against BE&K's Newark, Delaware facility from November 3, 2001 to

present.

    6.    Produce any and all documents which refer to or reflect actions taken by
Defendant in response to any complaint, allegation or grievance regarding employment
discrimination, including but not limited to complaints of age discrimination, made by any
employee or former employee of Defendant, from January 1, 2001 to the present.

    RESPONSE:  Defendant objects to this request to the extent that it is overly broad and

unduly burdensome.  Defendant further objects to this request on the ground that it is irrelevant

and outside the scope of Rule 26.  See Finch v. Hercules, Inc., C.A. No. 92-251-MMS, 1993 U.S.

Dist. LEXIS 8023, *11, 13-14 (D. Del. June 2, 1993) (limiting discovery of other age

discrimination claims to those claims that occurred at the local, decision-making facility, within

4

two years prior to plaintiff's dismissal). Subject to and without waiving the foregoing

objections, Defendant responds that no relevant documents exist because there were no age

discrimination claims made against the Delaware facility from November 3, 2001 to present.

7.    Produce any and all anti-discrimination policies, including but not limited to those regarding age discrimination.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly

broad, unduly burdensome and does not identify with particularity the documents sought to be

produced. Subject to and without waiving the foregoing objection(s), Defendant has produced

responsive documents in its possession.

8.    Produce any and all documents referring to, regarding or relating to any and all training on the Age Discrimination in Employment Act.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly

broad, unduly burdensome and does not identify with particularity the documents sought to be

produced. Subject to and without waiving the foregoing objections, Defendant has produced

copies of training rosters for training conducted at its Newark, Delaware facility for the years

2001, 2002, and 2003.

9.    Produce any and all written statements obtained from any witness containing information relevant to the subject matter of this lawsuit, whether under oath or otherwise.

RESPONSE: Defendant objects to this request to the extent that it is irrelevant and

outside the scope of Rule 26. Defendant further objects to this request to the extent it seeks

production of attorney-client privileged or attorney work product information. Subject to and

DB02:5157963 1    064649 1001