without waiving the foregoing objections, Defendant has produced responsive documents in its possession.

10. Produce any and all documents and/or policies that reference the company policy in relation to Mr. Perez's termination.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objection(s), Defendant has produced responsive documents in its possession.

11. Produce any and all documents that reference the Defendant's policies on schedules and assignments of duties including but not limited to policies which identify individuals responsible for determining schedules and assignments of duties.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objections, no such documents exist.

12. Provide all appropriate documents that identify and describe every component of the compensation package that Mr. Perez received until the date of his termination including, but not limited to, salary, benefits, pension, medical insurance, life insurance, vacation, sick leave, and/or any other monetary or non-monetary benefit of employment Mr. Perez received while employed by BE&K.

RESPONSE: Defendant responds that all responsive non-privileged documents have been produced.

13.  Produce a copy off all documents which relate to, reflect or regard Defendant's revenues and liabilities for each year from 2001 to the present.

RESPONSE:  Defendant objects to this request to the extent that it is irrelevant and outside the scope of Rule 26.

14.  Produce a copy, to the extent that such documents were not produced in response to one of the foregoing requests for production, of all of Defendant's tax returns for every year from 2001 to the present.

RESPONSE:  Defendant objects to this request to the extent that it is irrelevant and outside the scope of Rule 26.

15.  Produce a copy of all documents which relate to, reflect or regard the projected earnings for Defendant for 2005-2006.

RESPONSE:  Defendant objects to this request to the extent that it is irrelevant and outside the scope of Rule 26.

16.  All calendars, diaries, date books, and appointment books maintained by Peter Howe from January 1, 2001 until the present.

RESPONSE:  Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objection(s), Defendant responds that it has no such documents

17.  All documents used in, referred to, or consulted in preparing the documents produced by Defendant in its Initial Disclosures.

RESPONSE:  Defendant objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving

the foregoing objection(s), Defendant has produced all responsive non-privileged documents in its possession.

18. All documents identified by Defendant in its Initial Disclosures.

RESPONSE: Defendant responds that all responsive non-privileged documents have been produced.

19. To the extent not produced in response to one of the foregoing requests, all files, including personnel files, employee files, and other relevant documents, in the custody, control or possession of Defendant which relate, refer to or pertain in any way to Juan Obed Perez.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Defendant further objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving the foregoing objections, Defendant responds that all responsive non-privileged documents have been produced.

20. To the extent not produced in response to one of the foregoing requests, all files, including personnel files, employee files, and other relevant documents, in the custody, control or possession of Defendant which relate, refer to or pertain in any way to Peter Howe.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Defendant further objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving the

foregoing objection(s), Defendant responds that all responsive non-privileged documents have been produced.

21.  To the extent not produced in response to one of the foregoing requests, all files, including personnel files, employee files, and other relevant documents, in the custody, control or possession of Defendant which relate, refer to or pertain in any way to Christopher Guttridge.

RESPONSE: Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Defendant further objects to this request to the extent it seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving the foregoing objection(s), Defendant responds that all responsive non-privileged documents have been produced.

22.  All drafts or preliminary versions of any reports Defendant has obtained from any expert witness whom it will or may call to testify at trial.

RESPONSE: No witness has yet been identified.

23.  All documents and reports including all drafts thereof, prepared by or for any witness who will or may provide expert testimony, opinions or evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

RESPONSE: No witness has yet been identified.

24.  All documents that you sent or caused to be sent to, that you showed or caused to be showed to, or that were considered, reviewed, viewed, or relied upon in any way by any witness who will or may provide testimony, opinions, or evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

RESPONSE: No witness has yet been identified.

25. All documents that detail Defendant's association and relationship with Inroads, as well as any other organizations that assist Defendant with recruitment efforts.

**RESPONSE:** Defendant objects to this request on the ground that it is vague, overly broad, unduly burdensome and does not identify with particularity the documents sought to be produced. Subject to and without waiving the foregoing objection(s), Defendant has produced responsive documents in its possession relating to the INROADS program.

26. Any and all documents which show that Defendant was experiencing a reduction in force at the time that Mr. Perez was terminated in 2003.

**RESPONSE:** Defendant responds that all responsive non-privileged documents have been produced.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ M. DiBianca_
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendant

Dated: February 20, 2006