IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 05-697-MPT |
| BE&K ENGINEERING COMPANY (subsidiary of BE&K, Inc.), | : : : : | |
| Defendant. | : : | |

## MEMORANDUM ORDER

### I. Introduction

This is an employment discrimination case brought by the Equal Employment Opportunity Commission ("EEOC") on behalf of Juan Obed Perez ("Perez") against BE&K Engineering Company ("BE&K"). BE&K, subsequently, moved for summary judgment[1] and this court granted summary judgment in favor of BE&K.[2] BE&K now moves for attorneys' fees and expenses pursuant to Fed. R. Civ. P. 54(d)[3].

### II. Background

**A. Procedural Background**

On March 6, 2008 this court granted BE&K's motion for summary judgment by finding that the EEOC failed to make a *prima facie* case for age discrimination. The

---

[1] D.I. 43.

[2] D.I. 70.

[3] D.I. 71; Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the parties consented to the jurisdiction of United States Magistrate Judge Mary Pat Thynge.

court further denied BE&K's motion to strike portions of the EEOC's response to the summary judgment motion[4] as moot. BE&K now seeks attorney fees and expenses pursuant to Fed. R. Civ. P. 54(d).[5]

**B. Factual Background**

On November 21, 2003, BE&K laid-off Perez as part of a reduction-in-force ("RIF"").[6] Perez, on April 2, 2004, filed a charge of discrimination with the EEOC based on age against BE&K. The EEOC's investigation indicated that four other process engineers in the protected age group were terminated in 2004. Furthermore, the EEOC pointed to Christopher Guttridge, a 23 year old BE&K process engineer hired in 2003, who reported that then Peter Howe ("Howe"), the processing department manager, advised that BE&K was looking to hire younger engineers. A sworn statement by Narayan Swamy, a former BE&K Senior Process Engineer, further alleged possible ageist comments by Howe.

Prior to the start of discovery, the EEOC offered to settle the case via a consent decree and $74,000.[7] BE&K refused this offer and countered orally with a settlement offer of $25,000 with no consent decree.

---

[4] D.I. 54.

[5] "Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for recovery of such fees as an element of damages to be proved at trial" Fed. R. Civ. P. 54(d).

[6] D.I. 74.

[7] EEOC's settlement offer of $74,000 represents Perez's back pay.

Formal discovery began on January 6, 2006 and lasted until June 30, 2006.[8] The EEOC served 17 interrogatories and 43 document requests.[9] BE&K served 21 interrogatories and 15 document requests. BE&K took 2 depositions. The EEOC took 6 depositions. At the request of defense's counsel, all depositions were conducted at its law firm in Wilmington, Delaware.[10]

### C. BE&K's contentions

BE&K argues that the Third Circuit has held that a prevailing defendant in an ADEA claim may recover attorneys' fees if the defendant establishes that the plaintiff litigated in bad faith.[11] BE&K contends that although the present case is not brought under Title VII, the factors of the *Christiansburg*[12] test, which is normally applied to Title VII claims, should be applied here to determine if attorneys' fees should awarded.[13] BE&K points to five factors of the *Christiansburg* test that it asserts the court should weigh in determining if the EEOC litigated in bad faith. The five factors include: (1)

---

[8] D.I. 71.

[9] EEOC contends that it served 42, not 43, document requests.

[10] D.I. 74.

[11] *Wastak v. Lehigh Valley Health Network*, 333 F.3d 120, 133 (3rd Cir. 2003) (*citing Cesaro v. Thompson Publ'g Group*, 20 F. Supp. 2d. 725, 726 (D.N.J. 1998).

[12] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978); *see also EEOC v. L.B. Foster*, 123 F.3d 746, 751 (3rd Cir. 1997); *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3rd. Cir. 2001); *Taylor v. Hewlett-Packard Co.*, No. 06-00471, 2008 U.S. Dist. LEXIS 887, at *5-6 (D. Col. Jan. 24, 2008).

[13] *Rompola v. Lehigh Valley Hosp.*, No. 03-2993, 2004 U.S. Dist. LEXIS 12617, at *6 (E.D. Pa. July 6, 2004); *EEOC v. O & G Spring & Wire Forms Specialty Co.*, 38 F.3d 872, 881 (7th Cir. 1994). In those cases, the factors applied to decide a request for attorneys' fees are the same whether made in a Title VII or an ADEA case.

whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or a trial was held on the merits; (4) whether the issue was one of first impression; and (5) whether there was a real threat of injury to the plaintiff.

BE&K posits that an analysis of the *Christiansburg* factors demonstrates the justification for the award of attorneys' fees in its favor. Regarding the first factor, BE&K points to the court's finding that the EEOC failed to establish a prima facie case of age discrimination. BE&K, in its analysis of the second factor, contends that it did not offer to settle at any point during the EEOC investigation or during the litigation process.

For the third factor, BE&K notes that the litigation was dismissed at the summary judgment stage and that no trial was held on the merits. In relation to the fourth factor, BE&K maintains that the claim asserted by the EEOC was not "novel or complex", but rather a "simple claim of age discrimination". For the fifth factor, BE&K argues that the potential threat of injury to Perez was nominal under the perspective of a cost-benefit analysis.

BE&K contends that it deserves attorneys' fees because the EEOC pursued the litigation during discovery, despite a lack of evidence to support its claim, and because an abundance of evidence supported BE&K's defense.[14] BE&K also maintains that Perez's initial claim of an ageist comment made by Howe, was not supported by the

---

[14] According to BE&K, discovery revealed that approximately 77 percent of the relevant comparators were in the protected group.

evidence adduced during discovery.[15] BE&K argues that once the EEOC was unable to prove that Howe made the statements which fueled the age discrimination claim, it had a duty to withdraw the complaint and voluntarily dismiss the action. BE&K further posits that continuing to pursue the litigation, at that point, constitutes bad faith sufficient to warrant an award of attorneys' fees.

BE&K further points to the lack of evidence from discovery that demonstrates any ageist policies.[16] BE&K, alternatively, argues that it sought to hire an entry-level engineer for a specific project to satisfy a customer's request to cut costs. Furthermore, BE&K notes that the manager accused of making the ageist statements, as well as, two secondary decision makers were in the protected age class, and, in fact, both were older than Perez. Lastly, BE&K argues that the EEOC's claim was predicated on the hiring of a twenty-one year-old engineer. BE&K relies on the court's summary judgment decision which indicated that the twenty-one year-old engineer was not a proper comparator.

BE&K agrees with the EEOC that the correct standard for the award of attorneys' fees is bad faith, but maintains that such an award is justified if a plaintiff continues to litigate after it became "frivolous, unreasonable, or groundless" to do so.[17] Ultimately,

---

[15] BE&K points out that during his deposition, Perez paraphrased the manager's words since he "couldn't recall exactly the words" which were stated.

[16] Noting that no witness heard the word "rejuvenate" in relation to succession planning and that no witness admitted to hearing the word "younger" in the context of hiring.

[17] *Hoover v. Armco, Inc.*, 915 F.2d 355, 357 (8th Cir. 1990), *cert. denied*, 499 U.S. 961 (1991).

BE&K alleges that it is entitled to attorneys' fees under an analysis of the *Christiansburg* factors because the EEOC continued to pursue the age discrimination claim despite a lack of evidence throughout the litigation process.

### D. EEOC's Response

The EEOC first contends that this court should follow the "American Rule" in regard to attorneys' fees, where a prevailing defendant is only entitled to such fees if it is shown that the plaintiff acted in bad faith.[18] The EEOC argues that decisions within the Third Circuit require that BE&K bears the burden of establishing bad faith and that a court awards attorney's fees sparingly.[19] The EEOC utilizes Third Circuit cases to show that such an award should only be made in extraordinary circumstances and requires more than a showing of a weak or legally inadequate case.[20]

The EEOC emphasizes that the present matter is not brought under Title VII and, therefore, the *Christiansburg* standard is inapplicable. It notes that the Third Circuit has never held that a prevailing ADEA defendant is entitled to fees. The EEOC continues that BE&K has not met its burden of establishing bad faith.[21] It maintains that

---

[18] D.I. 74, citing *Cesaro v. Thompson Publishing Group*, 20 F. Supp. 725, 726 (D.N.J. 1998).

[19] *Singer v. Uni-Marts, Inc.*, 1985 U.S. Dist. LEXIS 20290 (W.D. Pa. 1985), at *12, citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980);

[20] *Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft*, 476 F.Supp. 1355 (W.D. Pa. 1979).

[21] The Third Circuit requires that, for "bad faith" to exist, there must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g. harassment or delay." *Ford. v. Temple Hospital*, 790 F.2d 342 (3rd. Cir. 1986), citing, *Baker Industries, Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 223 (3rd Cir. 1985).

BE&K has failed to show that the EEOC knowingly advanced a baseless contention for an ulterior motive; therefore, BE&K is unable to show bad faith as defined under Third Circuit law.

The EEOC further reasons that its failure to establish a prima facie case at the summary judgment stage of the litigation process does not equate to bad faith warranting an award of attorneys' fees. It emphasizes the careful review of the record by the court prior to granting summary judgment in favor of BE&K. The EEOC also notes that it established three out of the four prongs of the *prima facie* case for age discrimination. The EEOC argues that it believed that it met all four prongs of the *prima facie* case as defined by the Third Circuit at the time of summary judgment. The EEOC maintains that even if its position of the fourth prong was "weak or legally inadequate", its actions do not constitute bad faith.

The EEOC responds to the cases set forth by BE&K that allowed attorney's fees in ADEA cases by pointing out that those cases involved plaintiffs who pursued litigation while knowing that timeliness and jurisdictional issues existed. The EEOC notes that no timeliness or jurisdictional issues existed in the present litigation.[22]

Further, the EEOC contends that, despite contrary opinions by BE&K, its discovery conduct was legitimate. The EEOC maintains that its requests for production and depositions were not excessive, but justified by the nature of the claim. Finally, the EEOC responds to BE&K's allegation that it did not engaged in any settlement

---

[22] Distinguishing the facts of the present case from *Fassbender v. Treasure Chest Casino*, 2008 U.S. Dist LEXIS 3442, at *23 (E.D. La. Jan. 16, 2008) and *Hoover v. Armco, Inc.*, 915 F.2d 355 (8th Cir. 1990).

discussion by noting that BE&K orally countered the EEOC's demand with a $25,000 offer with no consent decree.

The EEOC ultimately asserts that, under the proper bad faith standard for awarding attorneys' fees, BE&K simply cannot establish bad faith.

### III. Legal Standard

"A district court may award attorney's fees to a prevailing ADEA defendant only upon a finding that a plaintiff litigated in bad faith."[23] The party moving for attorneys' fees "bears a heavy burden in establishing bad faith and the court must exercise this power [to award attorneys' fees] sparingly."[24] "An award should be made only in extraordinary circumstances and requires more than a showing of a weak or legally inadequate case."[25]

The Third Circuit has further stated that "the power to assess costs on an attorney in a given case is a power which 'courts should exercise only in instances of a serious and studied disregard for the orderly process of justice.'"[26] "There must be a

---

[23] *Cesaro v. Thompson Publishing Group*, 20 F. Supp. 2d 725, 726 (D.N.J. 1998); *see Wastak v. Lehigh Valley Health Network, Inc.*, 333 F.3d 120, 133 (3rd Cir. 2005) (where the Third Circuit was inclined to find a showing of bad faith to justify an award of attorneys' fees in an ADEA case)).

[24] *Singer v. Uni-Marts, Inc.*, 1985 U.S. Dist. LEXIS 20290 (W.D. Pa. 1985, at *12, citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft*, 476 F. Supp. 1355, 1361 (W.D. Pa. 1979).

[25] *Randolph Engineering*, 476 F. Supp. at 1361.

[26] *Ford v. Temple Hospital*, 790 F.2d 342, 347 (3rd Cir. 1986), citing *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983), quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968), *cert. denied*, 395 U.S. 908 (1969).

finding of willful bad faith on the part of the offending attorney."[27] The Third Circuit further clarified its definition of bad faith by adding; "what would be indicative of bad faith . . . would be some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay."[28]

## V. Discussion

BE&K asks the court to apply the *Christiansburg* factors to the instant matter in determining if the EEOC litigated in bad faith. Given the lack of Third Circuit precedence indicating the similarity between Title VII and ADEA claims, the court will not evaluate bad faith, in an age discrimination claim, based on a test established for Title VII. Instead, the Third Circuit's definition of bad faith will be utilized to determine its application.

Therefore, the standard is whether the EEOC intentionally advanced a "baseless contention that is made for an ulterior purpose, e.g. harassment or delay."[29] BE&K suggests bad faith because the case was decided at summary judgment, and the court found that EEOC did not establish a *prima facie* case for age discrimination. That argument is unpersuasive as the decision involved a detailed and careful consideration of the facts. Although summary judgment was ultimately granted, the court acknowledged that three of the four prongs of the *prima facie* case for age discrimination were met. The fourth prong, which dealt with Perez's replacement,

---

[27] *Id.*, citing *Baker Industries, Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 209 (3rd Cir. 1985).

[28] *Id.*

[29] *Id.*

required an in-depth analysis of the Third Circuit's explanation of the definition of a "replacement." The complexity involved in the analysis of the fourth prong demonstrates the potential validity of the EEOC's position.

BE&K posits that bad faith exists since it never offered to settle or accepted a settlement offer, which shows that the EEOC's claim lacked merit. According to the EEOC, however, BE&K made an oral offer to settle the case. BE&K also contends that an attorneys' fees award is warranted because the EEOC pursued a claim that was neither novel nor complex and the potential threat of injury to Perez was nominal. While age discrimination claims are not uncommon in this circuit and the amount in controversy may not be significant, the court refuses to discourage plaintiffs from filing potentially valid claims because of the fear of potential fee and cost shifting

BE&K argues that the EEOC had a duty to withdraw the complaint and voluntarily dismiss the action once it realized that a *prima facie* case could not be proven. Again, the court references the summary judgment decision to illustrate the consideration required in the present matter. Therefore, the EEOC did not pursue this matter in bad faith, despite the fact that the case did not advance past summary judgment. Furthermore, both parties, not just the EEOC, actively engaged in discovery.

### V. Conclusion

The court does not find that the EEOC litigated the age discrimination claim in bad faith. The record is simply void of any facts that indicate that the EEOC pursued the matter with ulterior purposes which motivated the litigation. Since there is no finding of bad faith, an award of attorneys' fees is not justified. Therefore, it is unnecessary to

address the validity of the fees requested by BE&K.

IT IS HEREBY ORDERED and ADJUDGED that:

Defendant's motion for attorneys' fees and costs under Fed. R. Civ. P. 54(d) (D.I. 71) is **DENIED**.

Date: June 27, 2008

_____
United States Magistrate Judge